1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT COLMAN, et al.,

          Plaintiffs,

     v.

THERANOS, INC., et al.,

          Defendants.

Case No.16-cv-06822-NC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; ORDER TO SHOW CAUSE RE: JOINDER OF LUCAS VENTURE GROUP, CELADON TECHNOLOGY FUND, AND SHAREPOST**

Re: Dkt. No. 29

      Defendant Theranos, Inc. is a private life sciences company founded in 2003 by defendant Elizabeth Holmes.  Theranos purported to have developed proprietary technology that would allow commercial pharmacies to run a multitude of highly accurate blood tests from a few drops of a patient's blood.  Beginning in 2013, Theranos began an extensive advertising campaign and concluded a contract with Walgreens to promote its technology.  From 2013 to 2015, Holmes and Theranos gave dozens of interviews and press releases to emphasize the groundbreaking possibility of their technology.  Defendant Ramesh Balwani was the President, Chief Operating Officer, and board member of Theranos during that time.  Plaintiffs allege that the advertising campaign was for the purpose of raising capital.  Theranos is financed by private individual investors and investment funds and has raised over $700 million.

Case No. 16-cv-06822-NC

1   On October 15, 2015, the Wall Street Journal published an exposé questioning the
2   existence and future viability of Theranos' technology.  The exposé prompted
3   investigations by regulators, and in July 2016, the Center for Medicare and Medicaid
4   Services imposed significant sanctions on Theranos.  In November 2016, Walgreens sued
5   Theranos for breach of contract.
6   Plaintiffs Robert Colman and Hilary Taubman-Dye purchased Theranos securities
7   through third-party investment funds.  Colman purchased the securities in September 2013
8   through a member interest in Lucas Venture Group XI.  He alleges that the sole purpose of
9   the venture group was to purchase Series G Theranos Shares.  Taubman-Dye purchased the
10   securities in August 2015 from Celadon Technology Fund (through SharePost Financial
11   Corporation).  She alleges that the sole purpose of the Celadon Technology Fund was to
12   acquire Series C preferred shares of Theranos.
13   Needless to say, plaintiffs are now displeased that their investments have allegedly
14   become worthless.  Plaintiffs bring their class action complaint under California state law
15   theories of securities fraud under the California Corporations Code and fraud under
16   common law.  They sue on behalf of all persons or entities who directly or indirectly
17   purchased an interest in Theranos securities from July 29, 2013 through October 5, 2016.
18   Defendants Theranos, Holmes, and Balwani move to dismiss.  The question
19   presented to the Court is whether plaintiffs, as indirect share purchasers, can hold Theranos
20   and its officers liable for securities fraud.  The Court finds that plaintiffs can proceed under
21   California Corporations Code § 25400(d) because that code section seeks to protect the
22   market generally from a security seller's misrepresentations.  However, the Court finds
23   that California Corporations Code § 25401 is limited to a suit by the buyer against the
24   seller, and plaintiffs cannot pursue their claim against these defendants.  Finally, plaintiffs
25   sufficiently allege a cause of action for common law fraud, which is sufficient to sustain
26   their remaining claims.  In addition, the Court finds that the intermediaries, Lucas Venture
27   Group, Celadon Technology Fund, and SharePost are necessary parties under Federal Rule
28   of Civil Procedure 19.

United States District Court
Northern District of California

# I.    LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

# II.    DISCUSSION

Defendants' motion to dismiss surrounds the uncontroverted fact that plaintiffs did not purchase their securities directly from defendants Theranos, Holmes, or Balwani.  The parties do not dispute that an intermediary was used to purchase the shares, that the shares were not available on the open market for sale, and that the intermediaries are not named defendants in this lawsuit.  Thus, the Court first considers whether the causes of action related to securities fraud under the California Corporations Code can be asserted by these plaintiffs against these defendants.  Second, the Court considers whether common law fraud can be asserted by these plaintiffs against these defendants.

At the outset, the Court notes that the 58-page complaint is factually detailed, specific, and sufficiently places defendants on notice of the accused conduct.  To plead fraud under Rule 9(b), "a party must state with particularity the circumstances constituting

fraud." "Plaintiffs' complaint must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). Here, the complaint lists a number of articles and the specific claims made touting Theranos' technology. The Court finds that the complaint states with sufficient particularity the circumstances constituting fraud to fulfill the Rule 9(b) standard. The Court separately analyzes the sufficiency of these facts in establishing a fraud claim below.

### A.   California Corporations Code §§ 25400(d), 25500

Defendants first argue that plaintiffs' first cause of action is barred as a matter of law because plaintiffs did not purchase their securities from Theranos. California Corporations Code § 25400(d) provides that it is unlawful for a person selling or offering for sale securities "to make, for the purpose of inducing the purchase or sale of such security by others, any statement which was, at the time and in the light of the circumstances under which it was made, false or misleading with respect to any material fact, or which omitted to state any material fact."

The California Corporate Securities Law can be enforced by (1) criminal prosecution, (2) civil action, or (3) administrative action brought by the Commissioner. *People ex rel. DuFauchard v. O'Neal*, 179 Cal. App. 4th 1494, 1501 (2009), *as modified* (Dec. 29, 2009). The civil enforcement mechanism for Section 25400(d) is Section 25500. Section 25500 provides a right for individuals to sue for damages in the amount of "the difference between the price at which such other person purchased or sold securities and the market value which such securities would have had at the time of his purchase or sale in the absence of such act or transaction, plus interest at the legal rate." Cal. Corp. Code § 25500. Section 25500 "extends liability to all persons affected by market manipulation without requiring reliance or privity. But, section 25500 is limited to intentional misrepresentations." *California Amplifier, Inc. v. RLI Ins. Co.*, 94 Cal. App. 4th 102, 109 (2001).

1   Defendants argue that the Section 25400 reference to "such security" requires the

2   plaintiffs to have purchased the same security as was offered for sale, i.e., Theranos must

3   have sold directly to plaintiffs.  Dkt. No. 29 at 15.   Defendants also note that even if

4   liability attaches, it should only attach to Theranos, as the complaint does not allege that

5   Holmes and Balwani themselves sold or offered to sell any security.

6   In *California Amplifier*, the California Supreme Court considered a similar

7   provision in 25500 and concluded that: "section 25500 provides that the price of the

8   security must be 'affected by *such* act or transaction' in order for there to be liability.

9   Since only the false or misleading statement can affect the price of the security, 'such act

10  or transaction' must be interpreted as referring to the false or misleading statement itself."

11  94 Cal. App. 4th 102, 111-12 (2001).

12  The California Supreme Court also interpreted these sections together in assessing

13  whether out-of-state plaintiffs could sue under Section 25500.  In *Diamond Multimedia*

14  *Sys., Inc. v. Superior Court*, 19 Cal. 4th 1036, 1048 (1999), the Court noted that Section

15  25400 "regulates market manipulation, not third party transactions affected by market

16  manipulation." *Id.* at 1048.  The Court concluded that "Section 25500 does not limit a

17  violator's liability to persons who purchase or sell stock in California. 'Any' person

18  affected by acts of market manipulation which take place in California may recover

19  damages from the violator." *Id.*

20  These cases caution against a narrow interpretation of the statute.  The purpose of

21  Section 25400(d) is prevent the manipulation of the market by fraud, and it focuses on the

22  actions of the seller of the securities, not the relationship between seller and buyer.

23  Notably, neither section requires plaintiffs to prove their reliance on the

24  misrepresentations. *California Amplifier, Inc.*, 94 Cal. App. 4th at 109.

25  However, Sections 25400 and 25500 are not unlimited in their reach.  Plaintiffs

26  must still prove defendants' intent to induce the purchase of securities through misleading

27  statements, which necessarily limits the relationship between a seller and foreseeable

28  buyers.

United States District Court
Northern District of California

As to defendants' arguments that Holmes and Balwani, the statute allows for liability for any person who makes false or misleading statements. *California Amplifier*, 94 Cal. App. 4th at 114. The complaint alleges that Holmes and Balwani made misleading statements on behalf of Theranos for the purpose of inducing purchases of Theranos stock. The Court has not found any persuasive authority limiting these sections to only the corporate entity that sells the stock.

In conclusion, the motion to dismiss as to plaintiffs' first cause of action is DENIED.

## B.    California Corporations Code §§ 25401, 25501

Plaintiffs' second cause of action under California Corporations Code §§ 25401, 25501 similarly targets a security seller's misrepresentations. "Sections 25501 and 25502 extend liability to some negligent conduct, but retain the privity requirement from common law fraud." *California Amplifier*, 94 Cal. App. 4th at 109. Thus, while Sections 25400 and 25500, discussed above, focus on the defendants' actions and not the relationship between the parties, Sections 25401 and 25501 focus on the relationship between the parties. As above, Section 25401 provides the description of the wrongful conduct, while 25501 provides the civil enforcement mechanism.[1]  In relevant part, Section 25501 provides that "Any person who violates Section 25401 shall be liable to the person who purchases a security from him or sells a security to him, who may sue either for rescission or for damages."

In *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 253 (2007), the California Appellate Court analyzed whether Section 25501 permits liability when an intermediary purchased and resold the security. The Court reasoned:

---

[1] Cal. Corp. Code § 25401 provides: "It is unlawful for any person to offer or sell a security in this state, or to buy or offer to buy a security in this state, by means of any written or oral communication that includes an untrue statement of a material fact or omits to state a material fact necessary to make the statements made, in the light of the circumstances under which the statements were made, not misleading."

United States District Court
Northern District of California

"Section 25501 on its face requires privity between the plaintiff and the defendant. The investors purchased their securities from eNucleus, not from Roth, which acted as eNucleus's placement agent.  Consequently, Roth cannot be civilly liable for a violation of section 25401." *Id.*  A separate court similarly noted that "the statute, by its terms, limits recovery to plaintiffs who purchased the security from the defendant."  *People ex rel. O'Neal*, 179 Cal. App. 4th at 1503.

Thus, the Court finds defendants' arguments persuasive as to these sections. Plaintiffs have not alleged privity, and it appears from the facts alleged and represented that no privity exists.  The motion to dismiss this claim is GRANTED.  Plaintiffs have not made any proffer that this cause of action could be cured by amendment, so the claim against the present defendants is dismissed without leave to amend.

## C.    Elements of Fraud

The core of plaintiffs' pleadings is an allegation of fraud, the elements of which are incorporated in the code sections discussed above and in the common law causes of action. In the interest of efficiency, the Court will only analyze the elements of fraud, as these apply to most of the substantive claims in the case.

"The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).

Defendants challenge plaintiffs' allegations of reliance.  The Court agrees with plaintiffs that the complaint here is distinguishable from the complaint in *People for the Ethical Treatment of Animals v. Whole Foods Mkt. California, Inc.*, No. 15-cv-04301 NC, 2016 WL 362229, at *4 (N.D. Cal. Jan. 29, 2016).  Here, plaintiffs list the specific newspaper articles that were part of the advertising campaign touting Theranos' technology.  The complaint alleges that Colman's purchase occurred after receiving the September 8th *Wall Street Journal* article and the September 9th Theranos press release from Lucas.  As to Taubman-Dye, the complaint alleges her reliance on Theranos and

United States District Court
Northern District of California

Holmes' statements from 2013 to 2015.  Finally, on a motion to dismiss, the Court must draw all inferences in favor of plaintiffs, and the Court can reasonably infer that such advertisements would induce an individual to invest in the company.  The Court finds these allegations to be reasonably specific and plausibly state a claim for fraud.

Thus, the Court DENIES the motion to dismiss as to all other claims in the case.

## III.  CONCLUSION

The Court finds that plaintiffs may not proceed against Theranos for claims under California Corporations Code §§ 25401, 25501 because there is no privity between the parties.  The motion to dismiss as to this claim is GRANTED.  As to all other claims, the motion to dismiss is DENIED.  Defendants must answer the complaint within 14 days.

However, the Court finds defendants' concerns about the intermediary relationship to be valid.  The Court also notes that plaintiffs suggest that the intermediary sellers exist as an agent of Theranos.  Federal Rule of Civil Procedure 19 requires the joinder of a party that "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  The Court finds that Lucas Venture Group, Celadon Technology Fund, and SharePost are entities required to be joined in this case; however, Rule 19 provides an exception for joinder of parties when venue would be disturbed.  Thus, by April 26, 2017, the plaintiffs must SHOW CAUSE why Lucas Venture Group, Celadon Technology Fund, and SharePost should not be joined as defendants in this case.  Defendants may respond by May 3, 2017.

**IT IS SO ORDERED.**

Dated:  April 18, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California