HAGENS BERMAN SOBOL SHAPIRO LLP
REED R. KATHREIN (139304)
PETER E. BORKON (212596)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: 510/725-3000
510/725-3001 (fax)
reed@hbsslaw.com
peterb@hbsslaw.com
 – and –
STEVE W. BERMAN (*Pro Hac Vice* applied for)
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: 206/623-7292
206/623-0594 (fax)
steve@hbsslaw.com

Attorneys for Plaintiffs and Proposed Lead
Counsel for the Class

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT COLMAN and HILARY TAUBMAN-DYE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> THERANOS, INC., et al., <br><br> Defendants. | No. 5:16-cv-06822-NC <br><br> <u>CLASS ACTION</u> <br><br> PLAINTIFFS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE |

1259248_1

## I. INTRODUCTION

The Court has directed plaintiffs Robert Colman and Hilary Taubman-Dye ("Plaintiffs") to show cause why Lucas Venture Group ("LVG"), SharesPost, Inc. ("SharesPost"), and Celadon Technology Fund VII LLC ("Celadon") (collectively, the "Funds") should not be joined as defendants in this case. Dkt. No. 63 at 8 (the "OSC"). The OSC relates to the double-recovery concerns that defendants raised for the first time in their reply brief in support of their motion to dismiss (which the Court granted in part and denied in part). Dkt. No. 36 at 4. Defendants did not, however, assert that the Funds should be joined or are required to be joined in this case.

After the Court entered its OSC, the parties conferred and defendants still did not contend that the Funds should be joined. Not having raised the double-recovery argument in the first place and not being privy to defendants' position or the agreements between the Funds and defendants (or sellers of defendants' restricted shares), Plaintiffs are at a decided disadvantage.

This disadvantage is particularly acute regarding potential venue problems that the Court's OSC acknowledges as an exception for joinder of parties. Dkt. No. 63 at 8. Counsel for the Funds have confirmed that they are subject to choice-of-venue provisions that require suits to be brought in Delaware. Without access to the corresponding documents, Plaintiffs have nothing more to add on this front.

There are many ways to avoid any risk of duplicative recovery. Since this risk remains the lone concern defendants have raised vis-à-vis the Funds, these other means are more appropriate alternatives to joinder. More substantively, the Funds do not appear to be required parties under Fed. R. Civ. P. 19(a) because: (1) their absence is not an obstacle to the Court according complete relief to the existing parties; and (2) they have not claimed an interest relating to this litigation. In fact, they have disclaimed any interest.

Accordingly, Plaintiffs respectfully request that the Court not order the joinder of the Funds.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 19(a) provides, in pertinent part, the following:

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

    (A) in that person's absence, the court cannot accord complete relief among existing parties; or

    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

        (i) as a practical matter impair or impede the person's ability to protect the interest; or

        (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

Consistent with the language of this rule, "[j]oinder is 'contingent . . . upon an initial requirement that the absent party ***claim*** a legally protected interest relating to the subject matter of the action'. . . . Where a party is aware of an action and chooses not to claim an interest, the district court does not err by holding that joinder was 'unnecessary.'" *Altmann v. Republic of Austria*, 317 F.3d 954, 971 (9th Cir. 2002), *opinion amended on denial of reh'g*, 327 F.3d 1246 (9th Cir. 2003) (citation omitted) (emphasis added in *Altmann*).

The lone case defendants cited regarding their double-recovery argument was an anti-trust decision that did ***not*** involve a mandatory-joinder question. Dkt. No. 36 at 4 (citing *Ill. Brick Co. v. Ill.*, 431 U.S. 720 (1977)). Yet, the anti-trust area is one of several in which the Ninth Circuit has approved of offset provisions in class-action settlements. *See, e.g.*, *SEC v. Capital Consultants, LLC*, 397 F.3d 733, 740 (9th Cir. 2005) (identifying examples of approved offset provisions in *In re Cement & Concrete Antitrust Litig.*, 817 F.2d 1435 (9th Cir. 1987) (anti-trust), *rev'd on other grounds*, 490 U.S. 93 (1989), and *In re Equity Funding Corp. of Am. Sec. Litig.*, 603 F.2d 1353 (9th Cir. 1979) (securities fraud)).

Likewise, even without a settlement provision, "[t]here is no danger of double recovery here for, as plaintiff correctly argues, any verdict assigning defendants liability for plaintiff's compensatory damages will be offset so as to prevent plaintiff's unjust enrichment." *Yates v. Nimeh*, 486 F. Supp. 2d 1084, 1087 (N.D. Cal. 2007) ("California courts emphasize that the single satisfaction rule "'is equitable in its nature, and . . . its purpose is to prevent unjust enrichment.'"") (quoting *Milicevich v. Sac. Med. Ctr.*, 155 Cal. App. 3d 997, 1003 (1984)). In *Yates*, another court in this District also cited *McCall v. Four Star Music Co.*, 51 Cal. App. 4th 1394, 1399 (1996), which it described as "noting that the [single satisfaction] rule is designed to prevent double recovery." *Yates*, 486 F. Supp. 2d at 1087.

## III. BACKGROUND

Soon after the Court issued its OSC, counsel for both sides conferred about the joinder issue. Because defendants had raised the double-recovery concerns that led to the Court's OSC regarding joinder, plaintiffs' counsel asked for defendants' position on the issue.[1] Defendants stated that they did not have a position and would wait to see Plaintiffs' papers before formulating their own position. Kathrein Decl., ¶2.

In addition, Plaintiffs' counsel spoke with counsel for LVG, who informed Plaintiffs that LVG does not seek to join this action, that it does not believe it needs to be joined as an involuntary plaintiff to protect its interests, that the Court has adequate tools to assure there is no double-recovery, and that LVG is subject to a Delaware choice-of-venue provision vis-à-vis claims concerning the Theranos, Inc. ("Theranos") shares underlying this case.[2]

---

[1] *See* Declaration of Reed R. Kathrein in Support of Plaintiffs Response to the Court's Order to Show Cause ("Kathrein Decl."), ¶2, filed concurrently herewith.

[2] *See* Kathrein Decl., ¶3. Separately, Plaintiffs are concerned that joining the Funds could complicate this action with side issues, including ones related to the agreements Plaintiffs have yet to receive, and cause the Funds to incur unnecessary expenses. Class-member agreements with the Funds may allow the deduction of attorneys' fees from the Funds (and thus Plaintiffs), unless the Funds were joined as culpable defendants to claims under Cal. Corp. Code §§25401, 25501, which

Likewise, plaintiffs' counsel spoke with counsel for SharesPost/Celadon, who also indicated that they did not want to be joined in this action and that they are subject to a Delaware choice-of-venue provision vis-à-vis claims concerning the Theranos shares underlying this case.[3]

## IV.   ARGUMENT

Rule 19 provides two circumstances under which joinder of a party is required.  The first is when a party's absence prevents the court from according full relief to the existing parties.  Fed. R. Civ. P. 19(a)(1)(A); *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992).  There is no reason to believe that the Court is unable to accord full relief to the existing parties without the inclusion of the Funds.  Neither Plaintiffs nor defendants have asserted that the Funds are necessary for the Court to accord them full relief.  This opportunity to accord the parties full relief without the Funds' inclusion is even clearer in light of the fact that all of the Funds' investors are members of the putative class here.

The second circumstance under which joinder of a party is required is when a person claims an interest relating to the action and resolving the action in the person's absence may either impede the person's ability to protect the interest or leave an existing party at substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.  Fed. R. Civ. P. 19(a)(1)(B).  Through counsel, the Funds have confirmed their awareness of this action and that they do not wish to join as parties to this action.  *See* Kathrein Decl., ¶3(a); Forge Decl., ¶2(c). Based on the language of the rule of itself, which the Ninth Circuit applied in *Altmann*, this renders unnecessary joinder of the Funds.  317 F.3d at 971.

---

the Court dismissed for lack of privity vis-à-vis the current defendants and which Plaintiffs are not proposing to renew.  Dkt. No. 63 at 6-7.

[3]   Declaration of Jason A. Forge in Support of Plaintiffs' Response to the Court's Order to Show Cause ("Forge Decl.), ¶2, filed concurrently herewith.

Moreover, in light of the availability of an offset provision in any potential settlement agreement(s) related to this action, as well as California's single-satisfaction rule, there is no practical risk of defendants incurring duplicative obligations due to the Funds' absence from this case. *See, e.g.*, *Capital Consultants*, 397 F.3d at 740; *Yates*, 486 F. Supp. 2d at 1087. This likely explains why neither before nor after the Court issued the OSC did defendants contend that the Funds should be joined, let alone that they are required to be joined. Defendants' concerns about duplicative recoveries/obligations can be fully addressed without forcing the Funds' joinder.

A final barrier to joinder is the fact that the Funds are subject to choice-of-venue provisions that would require their claims to be brought in Delaware. *See* Kathrein Decl., ¶3(e); Forge Decl., ¶2(b). As the OSC noted, "Rule 19 provides an exception for joinder of parties when venue would be disturbed." Dkt. No. 63 at 8.

## V. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court not join the Funds as defendants in this case.

DATED: April 26, 2017

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
JASON A. FORGE

s/ Jason A. Forge
JASON A. FORGE

655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

1259248_1

PLAINTIFFS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE
- 5:16-cv-06822-NC - 5 -

| | |
|---|---|
| 1 | |
| 2 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP |
| 3 | DENNIS J. HERMAN<br>Post Montgomery Center |
| 4 | One Montgomery Street, Suite 1800<br>San Francisco, CA  94104 |
| 5 | Telephone:  415/288-4545<br>415/288-4534 (fax) |
| 6 | dennish@rgrdlaw.com |
| 7 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP |
| 8 | PAUL J. GELLER (*Pro Hac Vice*)<br>120 East Palmetto Park Road, Suite 500 |
| 9 | Boca Raton, FL  33432<br>Telephone:  561/750-3000 |
| 10 | 561/750-3364 (fax)<br>pgeller@rgrdlaw.com |
| 11 | Additional Counsel for Plaintiffs |
| 12 | HAGENS BERMAN SOBOL SHAPIRO LLP<br>REED R. KATHREIN |
| 13 | PETER E. BORKON<br>715 Hearst Avenue, Suite 202 |
| 14 | Berkeley, CA  94710<br>Telephone:  510/725-3000 |
| 15 | 510/725-3001 (fax) |
| 16 | HAGENS BERMAN SOBOL SHAPIRO LLP<br>STEVE W. BERMAN |
| 17 | (*Pro Hac Vice* applied for)<br>1918 8th Avenue, Suite 3300 |
| 18 | Seattle, WA  98101<br>Telephone:  206/623-7292 |
| 19 | 206/623-0594 (fax) |
| 20 | Attorneys for Plaintiffs and Proposed Lead<br>Counsel for the Class |

# CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 26, 2017.

                                      s/ Jason A. Forge
                                      JASON A. FORGE

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: jforge@rgrdlaw.com

# Mailing Information for a Case 5:16-cv-06822-NC Colman et al v. Theranos, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Megan Barriger**
  Megan.Barriger@wilmerhale.com

- **Steve W. Berman**
  steve@hbsslaw.com,heatherw@hbsslaw.com,nicolleg@hbsslaw.com

- **Peter E. Borkon**
  peterb@hbsslaw.com

- **Allison S Davidson**
  adavidson@cooley.com,jmccluskey@cooley.com

- **Christopher Davies**
  Christopher.Davies@wilmerhale.com

- **Allison Ann Davis**
  allisondavis@dwt.com,ValerieFoo@dwt.com

- **John C. Dwyer**
  dwyerjc@cooley.com,giovannonib@cooley.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Paul J. Geller**
  pgeller@rgrdlaw.com,E_File_FL@rgrdlaw.com,swinkles@rgrdlaw.com,Ceconomides@rgrdlaw.com

- **Patrick Edward Gibbs**
  pgibbs@cooley.com,bgiovannoni@cooley.com

- **Kathleen Howard Goodhart**
  kgoodhart@cooley.com,rfabrao@cooley.com

- **Kelly Michelle Gorton**
  kellygorton@dwt.com,andreadupree@dwt.com

- **Dennis J. Herman**
  dennish@rgrdlaw.com,smorris@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,peterb@hbsslaw.com,brianm@hbsslaw.com,sf_filings@hbsslaw.com

- **Jacqueline Burke Kort**
  jkort@cooley.com,lsantamaria@cooley.com

- **Michael A Mugmon**
  michael.mugmon@wilmerhale.com,patricia.shore@wilmerhale.com,whmao@wilmerhale.com

- **Stephen Cassidy Neal**
  nealsc@cooley.com,wilsonla@cooley.com

- **Timothy J. Perla**
  timothy.perla@wilmerhale.com

- **Stephen Michael Rummage**
  steverummage@dwt.com,seadocket@dwt.com,jeannecadley@dwt.com

- **Robert Kingsley Smith**
  Robert.Smith@wilmerhale.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)