KEKER, VAN NEST & PETERS LLP
JEFFREY R. CHANIN - # 103649
jchanin@keker.com
JULIA L. ALLEN - # 286097
jallen@keker.com
BAILEY W. HEAPS - # 295870
bheaps@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Non-Party Lucas Venture Group XI, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT COLMAN and HILARY TAUBMAN-DYE, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

THERANOS, INC., ELIZABETH HOLMES, and RAMESH BALWANI,

Defendants.

Case No. 5:16-CV-06822-NC

**NON-PARTY LUCAS VENTURE GROUP XI, LLC'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

Date Filed: November 28, 2016

Trial Date: None set

Non-Party Lucas Venture Group XI, LLC ("LVG") appears through its counsel Keker, Van Nest & Peters, LLP for the limited purpose of addressing why it need not and should not be joined in this class action as a "required" party, let alone as a defendant, in response to the Court's Order Granting in Part and Denying in Part and to Show Cause 8, ECF No. 63. For the following reasons, it is neither necessary nor proper involuntarily to join LVG pursuant to Federal Rule of Civil Procedure 19(a), or otherwise:

***First***, joinder of LVG is not required under Rule 19(a)(1)(A) to accord complete relief to the class. Plaintiffs do not wish to join LVG (or any other intermediary investment fund) as a defendant. Nor is joinder made necessary by Plaintiffs' passing assertion in their opposition to Defendants' Motion to Dismiss—not pleaded in their complaint—that they can establish privity with Theranos because it used intermediary funds like LVG as its "agents" to raise capital. The Court has rejected this theory, but even if had not, Plaintiffs would still be able to establish Theranos's liability for securities and common law fraud without joining LVG or any intermediary fund as a party.

***Second***, LVG has not claimed any interest relating to the subject of this class action, as is required to effect joinder under Rule 19(a)(1)(B). On the contrary, LVG has exercised its discretion as the shareholder of record to release, on behalf of itself and its members, the claims against Theranos that are the subject of this class action, thereby relinquishing any interest in damages that the putative class might obtain in this case.

***Third***, even had LVG claimed an interested in this action, Rule 19(a)(1)(B)(i) does not apply here because LVG has no potential liability interest that would be impaired or impeded were it not joined as a party defendant. The Complaint does not accuse LVG of any fraud or other wrongdoing, nor does Plaintiff Colman assert that he relied upon any misrepresentation or omission by LVG when he purchased his membership interest in LVG.

***Fourth***, LVG need not be joined as a plaintiff pursuant to Rule 19(a)(1)(B)(ii) to protect Theranos from a risk of double recovery or from incurring inconsistent obligations. Colman is not a shareholder of Theranos by virtue of his member's interest in LVG and LVG has released any claims it may have against Theranos for itself or its Members. ***Moreover***, were LVG (or any

of the many other institutional investors who directly purchased Theranos's stock) to be joined as plaintiffs here by virtue of their ownership of Theranos shares, venue in California would be disturbed, as all Theranos shareholders were parties to a stock purchase agreement providing for exclusive venue in Delaware.

## I. BACKGROUND

In 2013, Defendant Theranos offered Lucas Venture Group, a private venture capital firm, an opportunity to participate in its Series C-1 financing round that had opened in 2010. Lucas Venture Group formed LVG XI, LLC, a California Limited Liability Corporation, to purchase 471,334 shares of Theranos Series C-1 for its own account. *See* Declaration of Donald A. Lucas ¶ 3. LVG's shares represent a tiny fraction—less than 1/10th of 1 percent—of the outstanding shares of Theranos stock, the value of which is at issue in this class action case. *See id.* ¶ 4.

In consideration for its purchase of Theranos' C-1 securities, LVG XI, LLC, entered into an amended and restated Series C-1 Preferred Stock Purchase Agreement, whereby it irrevocably submitted any suit arising out of or relating to its purchase of Theranos shares to the exclusive jurisdiction of the Delaware Court of Chancery. The exclusive venue provision provides:

> 7.14 Jurisdiction; Venue. Each of the parties to this Agreement irrevocably submits to the exclusive jurisdiction of the Delaware Court of Chancery (and if the Delaware Court of Chancery is unavailable, any state or federal court sitting in Wilmington, Delaware), as well as to the jurisdiction of all courts to which an appeal may be taken therefrom, in any suit, action, or proceeding arising out of or relating to this Agreement. Each of the parties to this Agreement waives any defense of lack of personal jurisdiction or inconvenient forum to any suit, action, or proceeding brought in accordance with this paragraph.

*Id.* ¶ 5.

The Series C-1 shares purchased by LVG are solely owned by the company, they are titled in LVG's name, and they cannot be assigned to others under the terms of Theranos' Investor Rights Agreement. *See id.* ¶ 6 and Exhibit A (LVG XI, LLC Stock Certificate). LVG's fifty-two members, including Plaintiff Robert Colman, have only a membership interest in the LLC; they do not own or hold any Theranos shares through LVG, and they expressly disclaimed any interest in any property owned by the LVG when they invested in the company. *Id.* ¶ 7.

Earlier this year, LVG was offered an opportunity to exchange its Theranos Series C-1 Preferred shares for a new Series of C1-B Preferred shares that can be converted into a greater number of shares of Class A common stock than can LVG's Series C-1 shares. LVG determined to accept the offer, as did apparently 99% of the other Theranos shareholders to whom the offer was made. *Id.* ¶ 9 and Exhibit B. As part of the offer and acceptance, on March 22, 2017, LVG executed an irrevocable and complete release of Theranos on behalf of itself and its members, which by its terms releases the Defendants from all the claims asserted in the Plaintiffs' Complaint. *Id.* ¶ 10. Though the exchange transaction was temporarily enjoined on April 11, 2017, by the Delaware Court of Chancery in another action, *Partner Investments, LP et al* v. *Theranos, Inc, et al*. C.A. No. 2017-0262-JTL, Court of Chancery, Del., that case has settled on May 1, 2017. The exchange and release transaction, which became irrevocable when LVG signed it on March 22, 2017, is now set to close on or about May 15, 2017. *Id.*, Exhibit B.

All of the allegations of fraud in this lawsuit are based upon representations or omissions by Defendant Theranos itself, made in advertising, interviews, promotional materials, and presentations. None are directed at LVG. Plaintiffs allege only that LVG passed on articles and information provided by Theranos about its business. *See* Compl. ¶¶ 26, 27. Plaintiffs do not allege that any putative class member, including Colman, relied upon any representation or omission of LVG when purchasing their membership interest in LVG XI. Indeed, LVG XI's fifty-two members agreed when they invested in LVG XI that they were not relying upon any representations outside of the LLC Operating Agreement, and it contained none at all about Theranos. Lucas Decl. ¶ 8.

In the event that LVG were to be joined as a party to this action, its legal fees would be allocated among its member investors under the LLC Operating Agreement. *Id.* ¶ 11.

## II. ARGUMENT

Federal Rule of Civil Procedure 19(a) provides that a party must be joined if his presence is necessary for the Court to "accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Likewise, joinder is required where the absence of a person "claim[ing] an interest relating to the subject of the action" would "impair or impede [that] person's ability to protect

[that] interest," or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *Id.* 19(a)(1)(B)(i)–(ii).[1] In this case, however, neither provision of Rule 19(a) supports joining LVG XI, LLC, as a party and causing its members to bear unnecessary legal expenses.

**A. LVG Need Not Be Joined to Accord Complete Relief Among Existing Parties.**

LVG need not be a joined as a party to this action pursuant to Fed. R. Civ. P. 19(a)(1)(A) in order for Plaintiffs to be accorded complete relief, nor have Plaintiffs so argued. Although the Court noted in its Order that "plaintiffs suggest that the intermediary sellers"—such as LVG—"exist as an agent of Theranos," Order 8, this "suggestion" by Plaintiffs in their motion papers was improper, unsupported, and unsupportable, and the Court properly rejected the "privity" argument, for which this suggestion of agency was made, when it dismissed Plaintiff's claims under California Corporations Code §§ 25401 and 25501.

As an initial matter, the only suggestion of an agency relationship between Theranos and the intermediary companies in which Plaintiffs invested came by way of a conclusory statement in Plaintiffs' brief in opposition to Defendants' motion to dismiss, wherein they argued that "Defendants' use of intermediaries as agents to raise funds for their shares creates sufficient privity to impose liability under Cal. Corp. Code §§ 25401 and 25501," *see* Plts.' Opp. to Defs.' Mot. to Dismiss Pls.' Class Action Compl. 19, ECF No. 31. Plaintiffs, however, have pleaded no such thing. On the contrary, they allege instead that **LVG** invested in Theranos "at the invitation of Theranos and Holmes," because of Theranos's preexisting relationship with Mr. Lucas's father. Compl. ¶ 11; *see also id.* ¶ 26. Moreover, the Complaint does not allege, nor did

[1] As the Court indicated in its Order to Show Cause, an exception to Rule 19 obtains where "joinder of parties when venue would be disturbed." Order 8. Specifically, Rule 19(a)(3) states that, "[i]f a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party." Here, LVG irrevocably agreed with Theranos that venue for any disputes "arising out of or relating to" its purchase of Theranos stock would be adjudicated exclusively in the Delaware Chancery Court. If LVG were joined as a necessary party in this class action based on LVG's direct purchase of Theranos shares, the Delaware venue agreement would apply, as the action alleges fraud by Theranos in connection with the marketing and sale of its securities. Thus, in addition to the other reasons set forth herein why LVG should not be joined, it would make no sense to join the company now, only to dismiss it upon objection for improper venue.

Plaintiffs argue, that LVG was an intermediate seller of Theranos stock. The funds that invested in Theranos could not sell or assign any interest in Theranos shares to third party investors in their funds, and LVG did not sell any shares of Theranos to its members. Lucas Decl. ¶ 8. This does not come close to pleading that LVG, as an agent of Theranos, was a seller of Theranos stock. Because agency has not been pleaded, Plaintiffs' "suggestion" of agency should not serve as the basis for joining LVG as a defendant. *Cf. Rodriguez v. Kwok*, No. C 13-04976 SI, 2014 WL 889570, at *6 (N.D. Cal. Mar. 3, 2014) ("Statements made in an opposition brief cannot amend the complaint."); *accord Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044, 1050 (E.D. Cal. 2008).

Moreover, Plaintiffs argued "Defendants' use of intermediaries as agents" only in an effort to establish "privity to impose liability under Cal. Corp. Code §§ 25401 and 25501." Pltfs.' Opp. 19. The Court has squarely rejected that contention, *see* Order 7 ("Plaintiffs have not alleged privity, and it appears form the facts alleged and represented that no privity exists."), and it has dismissed the very claims for which Plaintiffs' suggestion of agency was made for lack of privity, *id.* at 8 ("The Court finds that plaintiffs may not proceed against Theranos for claims under California Corporations Code §§ 2540, 25501 because there is not privity between the parties."). As the claims for which Plaintiffs needed privity have been dismissed, whether an agency relationship existed to establish privity with Theranos is now irrelevant, and neither LVG nor the other intermediaries need be joined as parties to resolve the issue.

Even were this issue not resolved, however, no party has argued that any agency relationship between intermediate purchasers of Theranos stock (let alone only LVG, Celadon and SharePost among the many intermediary funds that did so) necessitates joining intermediaries **as parties** in order to hold Theranos liable for its alleged misrepresentations and omissions. This is especially true where no fraud is alleged to have been committed by any intermediary as an agent for Theranos. *See* Pls.' Response to the Court's Order to Show Cause, ECF No. 64. In fact, joinder of an agent as a party is not necessary simply because the principal has been sued. *See Heredia v. Intuitive Surgical, Inc.*, No. 5:15-CV-02662-EJD, 2016 WL 6947590, at *10 (N.D. Cal. Nov. 28, 2016) (ruling that joinder was not required "because agents and joint tortfeasors are

not generally deemed indispensable parties, because full liability can be imposed on the principal or joint tortfeasor even if they are not joined" (citation and alterations omitted)). Where, as here, there is no allegation of any misrepresentation or omission having been made by LVG, as the agent of Theranos or otherwise, there is no basis to join LVG as a defendant to ensure that Plaintiffs can be accorded complete relief, as contemplated by Rule 19(a)(1)(A).

**B. LVG Cannot Be Joined Under Rule 19(a)(1)(B).**

Joinder pursuant to Rule 19(a)(1)(B) fails at the outset because such "[j]oinder is 'contingent . . . upon an initial requirement that the absent party *claim* a legally protected interest relating to the subject matter of the action.'" *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) (quoting *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)); *accord Ass'n to Protect Hammersley, Eld, & Totten Inlets v. Taylor Res., Inc.*, 299 F.3d 1007, 1015 (9th Cir. 2002); *In re Cty. of Orange*, 262 F.3d 1014, 1023 (9th Cir. 2001); *In re Wells Fargo Residential Mortg. Lending Discrimination Litig.*, No. 08-CV-1930 MMC, 2009 WL 2473684, at *2 (N.D. Cal. Aug. 11, 2009). Where a non-party "[i]s aware of this action and ch[ooses] not to claim an interest," as is the case with LVG, that party need not be joined. *Id.*; *see also, e.g.*, *Bird v. Keefe Kaplan Mar., Inc.*, No. 14-CV-03277-MEJ, 2015 WL 1009015, at *3 (N.D. Cal. Mar. 5, 2015) (concluding joinder was unnecessary where non-party was made aware of lawsuit by letter and, separately, submitted a declaration regarding the litigation, but did not assert a "formal interest" in the action). Under such circumstances, "the Court need not analyze [Rule 19(a)(1)(B)] further." *First Nat. Ins. Co. of Am. v. Peralta Cmty. Coll. Dist.*, No. 12-CV-5943 JSC, 2013 WL 622944, at *4 (N.D. Cal. Feb. 15, 2013).

Even if the Court were to disregard the requirement that a claim of interest must be made and proceed to undertake the further analysis, however, joinder would still not be warranted. LVG has no interest to defend or to pursue in this action because there is no allegation that it engaged in any wrongdoing, because it did not sell or assign any Theranos stock to its members, and because it has opted to release its claims against Theranos in exchange for additional shares. This undermines any suggestion that joinder of LVG is necessary under Fed. R. Civ. P. 19(a)(1)(B)(i) for LVG to protect its own interests.

Finally, there is no need to join LVG XI as a Plaintiff pursuant to Rule 19(a)(1)(B)(ii) to protect Theranos from a risk of double recovery or from incurring inconsistent obligations. For one thing, none of LVG's members (or presumably other investors in intermediary funds that purchased Theranos stock) is a shareholder of Theranos by virtue of their members interest in LVG. Lucas Decl. ¶ 7. Fund members would therefore be entitled to recovery, if at all, only on the basis of their indirect investments, not additionally as shareholders of Theranos. If for some reason the releases entered into by intermediary funds were deemed invalid, such that damages were owed for the shares purchased by such intermediaries, the judgment or settlement could be structured so that Theranos would only have to pay once. Other mechanisms also exist to insure those who invested in LVG do not collect damages twice. Indeed, Plaintiffs have made just that argument and made clear that they do not and will not seek to recover twice. *See* Pls.' Response to Order to Show Cause 3.

## III. CONCLUSION

For the foregoing reasons, LVG is not a necessary party and it should not be joined, as a Defendant or otherwise, in this action.[2]

Dated: May 3, 2017

KEKER, VAN NEST & PETERS LLP

By: /s/ *Jeffrey R. Chanin*
JEFFREY R. CHANIN
JULIA L. ALLEN
BAILEY W. HEAPS

Attorneys for **Non-Party Lucas Venture Group XI, LLC**

[2] In the event the Court disagrees and determines that intermediaries ought to be joined, it should join only LVG XI, LLC—the entity which invested in Theranos—not, as the Court suggested in its Order, "Lucas Venture Group" more generally. Order 8.