Michael A. Mugmon (251958)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: +1 650 858 6000
Facsimile: +1 650 858 6100
michael.mugmon@wilmerhale.com

Christopher Davies (admitted *pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: +1 202 663 6000
Facsimile: +1 202 663 6363
christopher.davies@wilmerhale.com

Timothy Perla (admitted *pro hac vice*)
Robert K. Smith (admitted *pro hac vice*)
Megan E. Barriger (admitted *pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: +1 617 526 6000
Facsimile: +1 617 526 5000
timothy.perla@wilmerhale.com
robert.smith@wilmerhale.com
megan.barriger@wilmerhale.com

*Attorneys for Defendant Theranos, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ROBERT COLMAN and HILARY TAUBMAN-DYE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THERANOS, INC., ELIZABETH HOLMES, and RAMESH BALWANI,<br><br>Defendants. | Case No. 5:16-cv-06822-NC<br><br>**DECLARATION OF ALEXANDER RYAN WHITE IN SUPPORT OF DEFENDANTS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE RE: JOINDER OF LUCAS VENTURE GROUP, CELADON TECHNOLOGY FUND, AND SHARESPOST**<br><br>Judge: Hon. Nathanael Cousins |

I, Alexander Ryan White, hereby declare as follows:

1. I am Corporate Counsel at Theranos, Inc. (the "Company" or "Theranos"). I am over the age of eighteen and have personal knowledge of and/or have confirmed or otherwise investigated and am competent to testify about the factual matters asserted herein.

2. I submit this Declaration in support of Defendants' Response to the Court's Order to Show Cause re: Joinder of Lucas Venture Group, Celadon Technology Fund, and SharesPost.

3. Any investor who purchases Theranos securities must sign a suite of agreements, including a Joinder, under which the investor agrees to be bound by the terms of the Company's Investors' Rights Agreement ("IRA").

4. Section 2.7(a) of the IRA concerns restrictions on transfers of Theranos securities:

> The holder of each certificate representing Registrable Securities by acceptance thereof agrees to comply in all respects with the provisions of this **Section 2.7**. Each Holder agrees not to make any sale, assignment, transfer, pledge or other disposition of all or any portion of the Restricted [Theranos] Securities, or any beneficial interest therein, unless and until the transferee has agreed in writing for the benefit of the Company to take and hold such Restricted [Theranos] Securities subject to, and to be bound by, the terms and conditions set forth in this Agreement . . . .

5. Section 4.1 of the IRA concerns the Company's right of first refusal ("ROFR"):

> (a) General. Without limiting and in addition to the restrictions in **Section 2.7**, before any party hereto (a "**Seller**") may Transfer any shares of capital stock of the Company, . . . ("**Seller Shares**"), such Seller must comply with the provisions of this **Section 4.1** and each Proposed Transferee (as defined below) must enter into the Joinder.
>
> (b) Notice of Proposed Transfer. Prior to a Seller Transferring any of its Seller Shares, such Seller shall deliver to the Company and to the founder of the Company, Elizabeth Holmes (the "**Founder**") . . . a binding written notice (the "**Transfer Notice**") . . . .
>
> . . .
>
> (i) Transfer Void. Any Transfer of Seller Shares not made in compliance with the requirements of this **Section 4** shall be null and void ab initio, shall not be recorded on the books of the

-1-

Company or its transfer agent and shall not be recognized by the Company.

6. Section 5.4 of the IRA concerns successors and assigns:

> This Agreement, and any and all rights, duties and obligations hereunder, shall not be assigned, transferred, delegated or sublicensed by any Investor without the prior written consent of the Company.  Any attempt by an Investor without such permission to assign, transfer, delegate or sublicense any rights, duties or obligations that arise under this Agreement shall be void.

7. The IRA provisions set forth in Paragraphs 4 through 6 above have remained substantially unchanged between January 14, 2014 and the date of this Declaration.

8. Lucas Venture Group XI, LLC ("LVG XI") purchased shares directly from Theranos and, pursuant to a Master Signature Page, executed a Joinder Agreement, a true and accurate copy of which is attached hereto as Exhibit A.  The IRA associated with LVG XI's purchase of Theranos securities is dated January 14, 2014.

9. Celadon Technology Fund VII, LLC ("Celadon") purchased shares from a prior investor.  The prior investor offered the shares to the Company in accordance with the ROFR, and Celadon signed the Joinder Agreement to the IRA, a true and accurate copy of which is attached hereto as Exhibit B.  The IRA associated with Celadon's purchase of Theranos securities is dated September 19, 2015.

10. Theranos is not aware of LVG XI or Celadon ever initiating any procedure to convey an interest in Theranos securities to Robert Colman or Hilary Taubman-Dye.

Executed this 3rd day of May, 2017, in Palo Alto, California.

/s/ Alexander Ryan White
Alexander Ryan White

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Opposition. In compliance with Local Rule 5-1(i)(3), I hereby attest that the other signatories have concurred in this filing.

Dated: May 3, 2017

WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ Michael A. Mugmon
Michael A. Mugmon