# EXHIBIT B

# JOINDER AGREEMENT

By executing and delivering this counterpart signature page, the undersigned hereby agrees to be bound by and subject to all terms and conditions that apply to (i) a Holder under Sections 2.7 and 2.9, an Investor under Section 3.1, a Seller under Section 4, and a party under Sections 5.11 and 5.16 of the Company's Amended and Restated Investors' Rights Agreement, dated September 19, 2015, as it may be amended in accordance with its terms from time to time, by and among the Company and the persons and entities listed on Exhibits A and B thereto (the "**IRA**"), (ii) a Voting Party under Sections 1, 2, 3, and 7(i) and a party under Sections 7(d) and 7(e) under the Company's Amended and Restated Voting Agreement, dated September 19, 2015, as it may be amended in accordance with its terms from time to time, by and among the Company and the persons and entities listed on Exhibits A, B and C thereto (the "**Voting Agreement**") and (iii) Article IX of the Company's amended and restated bylaws, as they may be amended in accordance with its terms from time to time (the "**Bylaws**").  The undersigned hereby agrees to be bound by and subject to Section 4 of the IRA and Article IX of the Bylaws, with respect to all shares of capital stock of the Company owned or acquired in the future by the undersigned (the "**Shares**").

For all purposes under the IRA and the Voting Agreement, the execution and delivery of this Joinder Agreement by the undersigned shall constitute the execution and delivery of a counterpart signature page to the IRA and Voting Agreement, and the undersigned shall have the rights and be subject to the obligations to extent provided hereunder, effective as of the date hereof.

Notwithstanding anything to the contrary in the IRA, Bylaws or Voting Agreement, regardless of when a Holder of the Company's stock acquired the Holder's stock, the Holder may not Transfer any shares of capital stock of the Company, or any legal or beneficial right or interest therein, to any person without the prior written consent of the Board or a duly authorized committee thereof, prior to such Transfer, which consent may be granted or withheld in the sole and absolute discretion of the Board or applicable committee, for any reason or for no reason.  Any purported Transfer of any such shares, or any legal or beneficial right or interest therein, in violation of this Joinder Agreement shall be null and void, shall have no force or effect, the Company shall not register any such purported Transfer, and the Company shall have the right to cancel the Shares.

Notwithstanding any applicable law or provision of the Company's Amended and Restated Certificate of Incorporation (as it may hereafter be amended), the undersigned hereby agrees to waive its rights to inspect the books and records of the Company pursuant to the Delaware General Corporation Law and other applicable law. In addition, the Company shall not be required to disclose or make available information it is contractually bound to protect under third party agreements or to disclose or make available information in situations involving a conflict of interest.

THERANOS, INC. CONFIDENTIAL

DocuSign Envelope ID: 0075D261-8192-420C-ADA7-663177F60E7D

IN WITNESS WHEREOF, the Joinder Agreement to the IRA, Voting Agreement and Bylaws has been executed by the undersigned as of the date set forth below.

JOINING PARTY:

Celadon Technology Fund VII, LLC
By its Manager: Celadon Capital Management LLC

*Ryan Stroub*
DocuSigned by: 2BE956EDE7EE446...

Signature

Ryan Stroub

Print Name    Managing Director

12/15/2015

Date

-2-

THERANOS, INC. CONFIDENTIAL