

Reed R. Kathrein
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 HEARST AVENUE, SUITE 202
BERKELEY, CA  94710
www.hbsslaw.com
**Direct (510) 725-3030**
reed@hbsslaw.com

May 9, 2017

**<u>Via ECF</u>**
Hon. Nathanael M. Cousins
United States Magistrate Judge
U.S. District Court for the Northern District of California,
San Jose Division
San Jose Courthouse, Courtroom 7 - 4th Floor
280 S. 1st Street
San Jose, CA 95113

    Re: <u>*Colman et. al. v. Theranos, Inc. et. al.*, Case No. 5:16-cv-06822-NC</u>
    <u>Joint Statement regarding Discovery Dispute</u>

Hon. Magistrate Judge Cousins:

    Pursuant to this court's Civil Standing Order, the parties present this joint statement regarding unresolved issues concerning the discovery on which the Court ordered the parties to meet and confer following the April 7 hearing on Plaintiff's Motion to Prevent Settlement with Absent Class Members Pending Discovery and Court Review.  This joint statement also addresses Plaintiffs' additional request for expedited discovery of all filings and discovery in the Delaware *Partner Investment* cases[1] including the suit for injunction in which the Delaware Court entered a now-dissolved temporary restraining order of the Tender Offer pending a hearing the week of May 8.  Finally, this joint statement addresses Plaintiffs' position that full discovery is now open, and that discovery may issue.

---

[1] *Partner Investments et al. v Theranos et al.* C.A. No. 2017-0262-JTL and *Partner Investments et al. v Theranos et al.* C.A. No. 2016-12816-VCL (Complaint, Attachment G) (collectively referred to as the "Partner Lawsuits").

May 9, 2017
Page 2

# I.     PLAINTIFFS' POSITION

On April 7th, the Court heard Plaintiffs' motion to stay a tender offer by Theranos in exchange for a release of claims from direct investors.  While the Court did not grant the stay, it did find good cause for discovery and expressly authorized Plaintiffs to serve on Defendants certain of the discovery requests at issue here (Attachment A).

Unbeknownst to the Court and Plaintiffs, Theranos direct investor (Partner Investments) filed a lawsuit in Delaware seeking to enjoin the tender offer (Attachments B and C) the day before the April 7th hearing.  Vice Chancellor J. Travis Laster issued a temporary restraining order on April 12th, and set the matter for hearing during the week of May 8th. (Attachment D).  The parties to that proceeding then submitted substantial confidential evidence, including testimony from some 22 depositions of present and former Theranos employees (See *Wall Street Journal* Letter to the Court; Attachment E).  This case was set for trial in June.  However, on May 1st Theranos announced the settlement of the Partner Lawsuits (Attachment F).  The tender offer is now set to close on May 15th.

Plaintiffs and Defendants met and conferred by teleconference on April 13th and 20th and have tried to narrow issues further through email correspondence.  The parties have not been able to resolve the issues set forth below.

## A.     Expedited Requests for Production of Filings and Discovery in the Partner Lawsuits (Attachment H)

In light of all the developments in the Partner Lawsuits and their clear relatedness to the coerciveness of the tender offer and the merits of Plaintiffs' claims, Plaintiffs expanded their requests for production to include all documents filed in these lawsuits, as well as all discovery produced and taken in them.  This will not impose any burden on Defendants, yet will be a very efficient way to save time and resources in this litigation by, *inter alia*, avoiding duplicative discovery.  Defendants refuse to produce any of these materials, claiming they are not related to this lawsuit and/or that these items are covered by protective orders.  The protective orders in those cases, however, allow production if ordered by any court.  Accordingly, Plaintiffs request that the Court order defendants to produce the filings and discovery in the Partner Lawsuits.

## B.     Original Requests For Production of Documents for Expedited Discovery (Attachment A).

**Timing and Delay**.  To date, Defendants have slowly rolled out little in the way of communications relating to the settlements despite agreement on limited parties.  Most are additional copies of the Tender Offer and a few drafts.  The scant communications produced begin in late January, not August 2016.  With the tender now scheduled to close until May 15th, Defendants strategy is clearly delay.

**Communications with Settling Investors Murdoch and Partner Investments, terms of settlement and consideration paid (Requests 1, 2, 3 and 5)**.  Plaintiffs narrowed the expedited discovery of communications to the negotiating entities (two funds) and the Plaintiff funds (Lucas and

May 9, 2017
Page 3

SharesPost). Plaintiffs also asked for the communications with another apparent settler, Murdoch (as reported in the press). Defendants refuse because he is not a party to the tender offer. Now that Partner Investments has also settled, Plaintiffs seek communications with them. Defendants refuse.

Communications with Murdoch and Partner Investments, and any other settling claimants that are not part of the Tender Offer, are necessary to evaluate the impact of these settlements on funds remaining and available to the Class, the coercive nature of the settlements, and side deals entered to buy votes.

## C.     Discovery in General

Despite this Court's Order denying Defendants motion to dismiss the fraud claims, Defendants dispute that Plaintiffs may now proceed with full discovery. There is no support for Defendants' position and Plaintiffs are simply asking the Court to confirm that discovery may proceed according to the federal and local rules.

## II.     DEFENDANTS' POSITION

At the motion to dismiss hearing, the Court ordered that discovery would begin following a scheduling conference, which has not yet occurred. In conjunction with the Court's rejection of Plaintiffs motion to enjoin Theranos' tender offer, on April 7, 2017, the Court permitted Plaintiffs "limited discovery" of samples and/or exemplars of communications with tender offer recipients. Defendants have complied fully with the Court's order regarding limited discovery. They negotiated a production of tender offer communications with four investors of Plaintiffs choosing, and are producing those documents.

Plaintiffs' current requests go far beyond what the Court ordered, demanding the production of irrelevant materials, and seeking to impose additional burdensome and expedited production obligations. The Court should reject the attempt. Discovery is not yet "open" and Plaintiffs' demands for production should be addressed in accordance with Rule 34 following the Court's entry of a scheduling order.

## A.     Discovery Should Commence In Accordance With A Scheduling Order

At the motion to dismiss hearing, the Court expressly deferred discovery until after a scheduling hearing, which has not occurred. Despite the Court's ruling, Plaintiffs have made numerous document demands via email or teleconference, and demanded expedited responses (without regard for the lack of a scheduling order, or the thirty days to respond that Rule 34 provides).

Plaintiffs' demands are not consistent with this Court's orders or the federal rules. Once the Court resolves pending questions of joinder, Defendants anticipate that the Court will set a scheduling conference, entertain the parties' respective positions regarding scope and timing of discovery prior to the Court's consideration of class certification, and enter a scheduling order. The parties should engage in discovery consistent with the federal rules (including the thirty-day response time allowed by Rule 34) pursuant to the schedule set by the Court. Until that occurs, the Court should reject Plaintiffs'

May 9, 2017
Page 4

attempts to engage in haphazard expedited discovery in a transparent effort to circumvent the orderly discovery process provided by the federal rules.

**B.      Defendants' Have Complied With The Court's Order Of Limited Discovery**

Defendants have complied fully with the Court's April 7, 2017 Order for limited discovery regarding communications made with investors regarding Theranos' tender offer.  Specifically, Defendants conferred with Plaintiffs and proposed (per the Court's suggestion) that Plaintiffs select sample investors, and that the Defendants would search for and produce communications with those investors about the tender offer.  Plaintiffs selected four investors, including Lucas Venture Group XI, LLC and Celadon Technology Fund VII, LLC, the funds whose securities Plaintiffs actually acquired. Defendants ran an ESI search, and have already made two productions.  Plaintiffs have no basis to complain about the timing of production, which required use of a vendor to search for and extract emails and documents that had to be reviewed prior to production.

The Court should reject Plaintiffs' attempt to go beyond the Court's April 7, 2017 Order. Specifically, Plaintiffs are not entitled to communications with Murdoch or the Partner Fund Management entities ("PFM") as part of the limited discovery allowed by the Court's April 7, 2017 Order.  Plaintiffs' baseless allegation that Theranos could be using settlements to "buy votes" on the tender offer makes no sense: Murdoch released all Theranos-related claims before the tender offer opened, and PFM is not participating in the tender offer.  Further, to the extent Plaintiffs wish to know the amounts of the settlements (which is irrelevant), the amount of the settlement with PFM appears in documents produced by Defendants in response to the Court's April 7, 2017 Order.

**C.      Expedited Production From The PFM Lawsuits Is Unwarranted And Inappropriate**

Plaintiffs' request for expedited production of all documents produced in the PFM Lawsuits is unwarranted and inappropriate.  Contrary to Plaintiffs' suggestion, Defendants did not produce any documents pertaining to the tender offer in the PFM Lawsuits: the PFM Lawsuit challenging the tender offer settled before document production, and document production in the initial PFM Lawsuit was complete before the tender offer was announced.  Moreover, PFM's challenge to the tender offer asserted that the tender offer was unfair to PFM specifically, not to all Theranos shareholders collectively.  In short, no documents were produced in the PFM Lawsuits that fall within the scope of the Court's April 7, 2017 Order.

In addition, the initial PFM Lawsuit is largely irrelevant to Plaintiffs' claims.  PFM sued Theranos and others for alleged misstatements made in direct communications between PFM and defendants in face-to-face meetings, one-on-one telephone calls, and individual email communications. Plaintiffs were privy to none of those communications.  By contrast, Plaintiffs here challenge *public* statements by Theranos, since Plaintiffs had no direct communications with Theranos or its officers. Thus, documents from the initial PFM Lawsuit are not relevant to Plaintiffs' claims.  At a minimum, producing *all* such documents would be overbroad, and would include reams of irrelevant material.

May 9, 2017
Page 5

Further, most of the documents produced in the initial PFM Lawsuit are subject to a confidentiality order.  Theranos is also subject to the Health Insurance Portability and Accountability Act ("HIPAA"), which restricts the Company's ability to produce documents.  Before Theranos could produce documents from the initial PFM Lawsuit, the parties would need to navigate confidentiality and HIPAA protections (which is what occurred in the initial PFM Lawsuit prior to production).[2]  Thus, even if production of documents from the PFM Lawsuits were appropriate, expedition is impractical.  Instead, Plaintiffs should serve document requests under Rule 34 pursuant to the Court's scheduling order, and the parties may thereafter sort out issues of relevance, overbreadth, privacy, and confidentiality—just as they would in any case.[3]

Sincerely,

HAGENS BERMAN SOBOL
SHAPIRO LLP

By: */s/ Reed R.Kathrein*
Reed R. Kathrein (139304)
Peter E. Borkon (212596)
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve W. Berman (admitted *Pro Hac Vice*)
HAGENS BERMAN SOBOL
SHAPIRO LLP
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for Plaintiffs and Proposed Lead
Counsel for the Class*

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: */s/ Michael A. Mugmon*
Michael A. Mugmon (251958)
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile:  (650) 858-6100
michael.mugmon@wilmerhale.com

Christopher Davies (admitted *Pro Hac Vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile:  (202) 663-6363
christopher.davies@wilmerhale.com

Timothy Perla (admitted *Pro Hac Vice*)
Robert K.Smith (admitted *Pro Hac* Vice)
Megan E. Barriger (admitted *Pro Hac Vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP

---

[2]    Navigating HIPAA concerns would likely include measures such as ensuring that irrelevant documents are not produced (so as not unnecessarily to produce protected information), redactions, and a stipulation to govern handing of information.

[3]    In any event, the Court should not simply order compliance with Plaintiffs' request for production because those requests include additional materials that are not the subject of this submission, including documents related to *Walgreen Co. v. Theranos*, 1:16-cv-01040-SLR (D. Del.), a contract action unrelated to the securities fraud claims at issue here.

May 9, 2017
Page 6

60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile:  (617) 526-5000
timothy.perla@wilmerhale.com
robert.smith@wilmerhale.com
megan.barriger@wilmerhale.com

*Attorneys for Defendant Theranos, Inc.*

COOLEY LLP

By: */s/ Kathleen Goodhart*
Kathleen Goodhart (165659)
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone: (415) 693-2012
Facsimile:  (415) 693-2222
kgoodhart@cooley.com

Stephen C. Neal (170085)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile:  (650) 849-7400
nealsc@cooley.com

*Attorneys for Defendant Elizabeth Holmes*

DAVIS WRIGHT TREMAINE LLP

By: */s/ Allison A. Davis*
Allison A. Davis (139203)
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile:  (415) 276-6599
allisondavis@dwt.com

Stephen M. Rummage (admitted *Pro Hac Vice*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101

May 9, 2017
Page 7

Telephone: (206) 757-8136
Facsimile:  (206) 757-7136
steverummage@dwt.com

*Attorneys for Defendants Ramesh Balwani*

RRK:ll