**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Jason A. Forge
JForge@rgrdlaw.com

July 14, 2017

Hon. Nathanael M. Cousins                                                                                       VIA ECF
United States Magistrate Judge
U.S. District Court for the Northern District of California,
San Jose Division
San Jose Courthouse, Courtroom 7, 4th Floor
280 South 1st Street
San Jose, CA 95113

      Re:    *Colman, et al. v. Theranos, Inc., et al.*, Case No. 5:16-cv-06822-NC
             Joint Statement Regarding Discovery Dispute

Dear Magistrate Judge Cousins:

      Pursuant to this Court's Civil Standing Order, the parties present this joint statement regarding deposition exhibits that defendants withheld from the production upon which the parties agreed at the June 20, 2017 hearing on plaintiffs' Request for Production ("RFP") No. 8. Specifically, defendants agreed to produce, and have produced, all deposition transcripts of present or former Theranos employees and board members taken in *Partner Investments et al. v Theranos et al.*, No. 2016-12816-VCL (the "*PFM*" lawsuit). Defendants also agreed to produce, and did produce, all the corresponding deposition exhibits that they had produced in *PFM*. But defendants took the position that, under the *PFM* Protective Order (Attachment A), they did not have authority to produce the remaining exhibits from these depositions absent a court order. Plaintiffs do not believe a court order is necessary, but even if one is, the Court should order defendants to produce immediately the withheld exhibits (Attachment B). The parties have met and conferred by email, in addition to their conference on June 20, 2017, and have been unable to reach an agreement. The parties' positions are set forth below.

### I.    PLAINTIFFS' POSITION

      This is not an issue that defendants should have forced plaintiffs to bring to the Court. Once plaintiffs reviewed the deposition transcripts that defendants provided, it became clear that defendants withheld dozens of exhibits based on what was at best a literally true, but highly misleading premise. As it turns out, the vast majority of the withheld exhibits are defendants' own documents, mostly internal Theranos emails. *See* Attachment B (filed under seal). The only reason these exhibits were "produced" by someone other than defendants themselves is because defendants failed to produce them in the *PFM* case, forcing the *PFM* plaintiffs to subpoena the exhibits from third parties. The fact that another party produced a copy of defendants' own documents does not change the fundamental nature of these exhibits: they remain defendants' documents, which defendants are perfectly free to produce here. They simply want to delay doing so because the documents are so damning.

**ROBBINS GELLER**
**Rudman & Dowd** LLP

Hon. Nathanael M. Cousins
July 14, 2017
Page 2

      Given the quotes from and descriptions of these exhibits in the deposition transcripts, it is apparent that they comprised some of the most compelling evidence in *PFM* – and thus in this case as well.  For example, there are dozens of internal emails between defendants and Theranos's so-called directors about *The Wall Street Journal's* ("*WSJ*") exposure of Theranos's fraud.  *See* Attachment B (*see* entries for deponents Frist (Ex. 871) and Roughead (Exs. 556-579)).  Likewise, there is an internal email exchange between a Theranos whistleblower and defendants Balwani and Holmes.  *Id.* (*see* entry for deponent Tyler Shultz (Ex. 120)).  The withheld exhibits even include a complaint letter and related correspondence between a former Theranos employee and the Health and Human Service's Centers for Medicare & Medicaid Services, the regulatory agency that effectively shut down defendants' fraud after the *WSJ* had exposed it.  *Id.* (*see* entries for deponent Cheung (Exs. 135-136)).

      Defendants concede that most of the exhibits they withheld are, in fact, their own documents.  *See* n.2 *infra*.  Yet, they cling to a hyper-literal reading of one portion of the *PFM* Protective Order, while ignoring (or having defied) another portion of the very paragraph that they cite.  There is no question that plaintiffs' RFP No. 8 qualified as "a subpoena or other compulsory process . . . seeking the production or other disclosure of Confidential Discovery Material or Highly Confidential Discovery Material produced or designated as 'Confidential' or 'Highly Confidential' by a Producing Party other than the Receiver (collectively, a 'Demand')."  Attachment A, ¶27.  Plaintiff served defendants with RFP No. 8 on May 3, 2017.  Under the express terms of the *PFM* Protective Order, defendants were obligated to

> give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within five (5) business days of receipt of such Demand (or if a response to the Demand is due in less than five (5) business days, at least 24 hours before the deadline for a response to the Demand), identifying the Confidential Discovery Material or Highly Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material or Highly Confidential Discovery Material on the grounds of the existence of this Stipulation.  The burden of opposing the enforcement of the Demand will fall on the Producing Party.

*Id.*

      This means that defendants were obligated to inform the Producing Parties of plaintiffs' demand no later than May 10, 2017.  Subsequently, plaintiffs brought two motions to compel regarding RFP No. 8.  Did defendants violate the *PFM* Protective Order by failing to notify the Producing Parties prior to this week?  In any event, defendants have now certainly notified the Producing Parties, and they did so more than 24 hours prior to this filing, which is the minimum notice period under the *PFM* Protective Order.  So whether it has been over two months or over 24 hours, no Producing Party has informed plaintiffs of any objections.  This is understandable in light of the fact that most of the withheld exhibits are Theranos's own documents and ***all*** of them will be

1287850_1

**Robbins Geller**
**Rudman & Dowd LLP**

Hon. Nathanael M. Cousins
July 14, 2017
Page 3

afforded the protection provided by the strict protective order in this case. Tellingly, defendants' block quote of paragraph 27 uses ellipses to excise the sentence that provides, "The burden of opposing the enforcement of the Demand will fall on the Producing Party" (*see infra*), yet this sentence means that Producing Parties' lack of objection is dispositive.

Given the probative value of these exhibits, defendants motive for withholding them both in *PFM* and here is clear, but it is no excuse. Defendants should not have withheld these exhibits in the first place, and they should have been more forthcoming with plaintiffs and the Court on June 20, 2017. The bottom line is that these exhibits are plainly relevant, can be produced at no cost, and will be protected by the strict protective order in this case. Accordingly, plaintiffs respectfully request that the Court order defendants to produce immediately all the withheld exhibits listed in Attachment B.

## II.   DEFENDANTS' POSITION

Plaintiffs have brought a premature motion that seeks to manufacture a dispute, apparently in the hope of conditioning the Court to the false premise that Theranos has wronged Plaintiffs and that certain third party documents will show it. Theranos has not refused to produce the documents but rather has asked for the necessary time to give notice to third parties under the *PFM* Protective Order, as is its obligation. Theranos needs a reasonable amount of time to fulfill its legal obligation under the *PFM* Protective Order to notify producing third parties of Plaintiffs' demand, so that the third parties may protect their rights or choose not to object. Yet, Plaintiffs have unreasonably refused to cooperate with Theranos's obligations and insist on bypassing them. The Court should deny this motion without prejudice. If third-parties do not object to production, then Plaintiffs will receive the documents; if third parties object, then this Court can determine at that time whether to order production.

With this Court's assistance, plaintiffs and Theranos fully resolved their dispute regarding the production of "all discovery and filings from [the *PFM* lawsuit]" (ECF No. 87-3 at 3) called for by plaintiffs' RFP No. 8 on June 20, 2017 via an on the record stipulation. Attachment C contains the hearing transcript pertaining to the treatment of deposition exhibits called for by RFP No. 8:

> Next, the Company will produce all of the exhibits from the PFM matter that are documents that were in the first instance produced by the Company. . . . This Agreement does not pertain to any party's production other than the Company's production . . . . Plaintiffs retain whatever rights they had, ***as do the other producing parties***.

Attachment C at 11:8-10, 11:15-18. Thus, not only were documents produced by third parties excluded from the stipulation, but also the parties expressly agreed that producing third parties retained the very rights under the *PFM* Protective Order that plaintiffs now seek to thwart.

1287850_1

Robbins Geller
Rudman & Dowd LLP

Hon. Nathanael M. Cousins
July 14, 2017
Page 4

In reaching agreement on the above stipulation, the Company insisted on these provisions because the *PFM* Protective Order (Attachment A) required these provisions. That Order provides: (i) a party receiving produced documents from another party may share them only with a narrow, specified list of persons (¶¶ 5-6), and (ii) produced documents may be used only in litigation involving PFM and Theranos (¶ 10). Importantly, the *PFM* Protective Order also establishes a mandatory notice procedure if an outside party demands documents designated "Confidential" or "Highly Confidential":

> 27. If any person in possession of Confidential Discovery Material or Highly Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process … seeking the production or other disclosure of Confidential Discovery Material or Highly Confidential Discovery Material produced or designated as "Confidential" or "Highly Confidential" by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within five (5) business days of receipt of such Demand (or if a response to the Demand is due in less than five (5) business days, at least 24 hours before the deadline for a response to the Demand), identifying the Confidential Discovery Material or Highly Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material or Highly Confidential Discovery Material on the grounds of the existence of this Stipulation . . . .

¶ 27. The *PFM* Protective Order was executed and entered by the Delaware Court—meaning it is a Court order and Theranos's compliance is not optional, or in Theranos's discretion.[1]

The problem with plaintiffs' motion is that they: (i) seek documents produced by third parties (which Theranos has no legal right to produce without first providing notification), but (ii) are refusing to allow Theranos a reasonable time to comply with the notice procedure of the *PFM*

---

[1] Plaintiffs' assertion that the producing third parties have received twenty-four hours' notice somehow removes any obstacle to production is false. Twenty-four hours is the minimum notice required for documents designated "Confidential" or "Highly Confidential" prior to the production deadline for a live document request. It does not authorize Theranos to produce third-party documents in response to a deadline-less, informal request (beyond the scope of the parties' stipulation resolving Theranos's responsive obligations to RFP No. 8) twenty-four hours after providing notice. Moreover, ¶10 of the *PFM* Protective Order precludes Theranos's use of documents produced by third parties— no matter their designation—for any purpose other than litigation between PFM and Theranos. Theranos cannot provide plaintiffs with documents produced in *PFM* by third parties in response to plaintiffs' informal request beyond the scope of the parties' stipulation resolving Theranos's responsive obligations to RFP No. 8 without those parties agreeing to waive the limitation of ¶10.

1287850_1

**ROBBINS GELLER**
**Rudman & Dowd LLP**

Hon. Nathanael M. Cousins
July 14, 2017
Page 5

Protective Order.[2]  Attachment D hereto is the parties' relevant email exchange that shows the unreasonableness of plaintiffs' conduct.  On July 10, 2017 at 10:44 p.m. (eastern) plaintiffs' counsel emailed to request that Theranos seek consent of third parties to produce withheld exhibits.  Theranos's counsel responded early the next morning at 6:29 a.m. (eastern), agreeing to do so.  At 10:10 a.m. (eastern), plaintiffs sent an email indicating they would bring this motion, which they served later that day.  In other words, plaintiffs waited *only twelve hours over a night*—before bringing this motion, ignoring Theranos's counsel's statement that it would contact the third parties.

The Court should not reward this sort of unreasonable conduct, which appears calculated not to raise a genuine dispute (because there is none), but rather to thwart fair notice to impacted third parties, and paint a false picture that Theranos is shielding third party documents.  In reality, the documents in question will not aid plaintiffs' case, but Theranos simply has no legal ability to produce them without complying with the *PFM* Protective Order.  Indeed, third party notification is not only required under the *PFM* Protective Order for documents designated "Confidential" or "Highly Confidential," but also it is a practical necessity because the third parties must have the opportunity to present any concerns to this Court.

Thus, the proper resolution is simple.  Theranos has already sent out all required third party notices.  Those third parties should have a reasonable opportunity (not twelve hours) to consider whether to allow production or to object.  The Court should deny plaintiffs' motion without prejudice to re-filing in the event that any third-party objects to production, or does not respond to Theranos's notification within a reasonable time (one week).

                                                Sincerely,

| ROBBINS GELLER RUDMAN & DOWD LLP | WILMER CUTLER PICKERING HALE AND DORR LLP |
|---|---|
| By: */s/ Jason A. Forge* <br> JASON A. FORGE <br> 655 West Broadway, Suite 1900 <br> San Diego, CA  92101-8498 <br> Telephone:  619/231-1058 <br> 619/231-7423 (fax) <br> jforge@rgrdlaw.com | By: */s/ Michael A. Mugmon* <br> MICHAEL A. MUGMON (251958) <br> 950 Page Mill Road <br> Palo Alto, CA  94304 <br> Telephone: 650/858-6000 <br> 650/858-6100 (fax) <br> michael.mugmon@wilmerhale.com |

---

[2]  Plaintiffs make much of the fact that some of the third party produced documents are Theranos emails (that also contain emails from third parties).  But that is irrelevant under the *PFM* Protective Order, which affords rights to whatever party *produces* a copy of a document.  Theranos did not withhold from plaintiffs copies of the documents it produced.

1287850_1

ROBBINS GELLER
Rudman & Dowd LLP

Hon. Nathanael M. Cousins
July 14, 2017
Page 6

| | |
|---|---|
| ROBBINS GELLER RUDMAN<br>    & DOWD LLP<br>DENNIS J. HERMAN<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA  94104<br>Telephone:  415/288-4545<br>415/288-4534 (fax)<br>dennish@rgrdlaw.com | Christopher Davies (admitted *Pro Hac Vice*)<br>WILMER CUTLER PICKERING<br>    HALE AND DORR LLP<br>1875 Pennsylvania Avenue, NW<br>Washington, DC  20006<br>Telephone: 202/663-6000<br>202/663-6363 (fax)<br>christopher.davies@wilmerhale.com |
| ROBBINS GELLER RUDMAN<br>    & DOWD LLP<br>PAUL J. GELLER (*Pro Hac Vice*)<br>120 East Palmetto Park Road, Suite 500<br>Boca Raton, FL  33432<br>Telephone:  561/750-3000<br>561/750-3364 (fax)<br>pgeller@rgrdlaw.com | WILMER CUTLER PICKERING<br>    HALE AND DOOR LLP<br>TIMOTHY PERLA (admitted *Pro Hac Vice*)<br>ROBERT K. SMITH (admitted *Pro Hac Vice*)<br>MEGAN E. BARRIGER (admitted *Pro Hac Vice*)<br>60 State Street<br>Boston, MA 02109<br>Telephone: 617/526-6000<br>617/526-5000 (fax)<br>timothy.perla@wilmerhale.com<br>robert.smith@wilmerhale.com<br>megan.barriger@wilmerhale.com |
| Additional Counsel for Plaintiffs | *Attorneys for Defendant Theranos, Inc.* |
| HAGENS BERMAN SOBOL<br>    SHAPIRO LLP<br><br>By: */s/ Reed R. Kathrein*<br>Reed R. Kathrein (139304)<br>Peter E. Borkon (212596)<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA  94710<br>Telephone: 510/725-3000<br>510/725-3001 (fax)<br>reed@hbsslaw.com<br>peterb@hbsslaw.com | COOLEY LLP<br><br>By: */s/ Kathleen Goodhart*<br>KATHLEEN GOODHART (165659)<br>101 California Street, 5th Floor<br>San Francisco, CA  94111<br>Telephone: 415/693-2012<br>415/693-2222 (fax)<br>kgoodhart@cooley.com |

1287850_1

Robbins Geller
Rudman & Dowd LLP

Hon. Nathanael M. Cousins
July 14, 2017
Page 7

| | |
|---|---|
| HAGENS BERMAN SOBOL<br>  SHAPIRO LLP<br>STEVE W. BERMAN (admitted *Pro Hac Vice*)<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: 206/623-7292<br>206/623-0594 (fax)<br>steve@hbsslaw.com | COOLEY LLP<br>STEPHEN C. NEAL (170085)<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>Telephone: 650/843-5000<br>650/849-7400 (fax)<br>nealsc@cooley.com |
| *Counsel for Plaintiffs and Proposed Lead Counsel for the Class* | *Attorneys for Defendant Elizabeth Holmes* |
| | DAVIS WRIGHT TREMAINE LLP |
| | By: */s/ Allison A. Davis*<br>ALLISON A. DAVIS (139203)<br>505 Montgomery Street, Suite 800<br>San Francisco, CA 94111<br>Telephone: 415/276-6500<br>415/276-6599<br>allisondavis@dwt.com |
| | DAVIS WRIGHT TREMAINE LLP<br>STEPHEN M. RUMMAGE (admitted *Pro Hac Vice*)<br>1201 Third Avenue, Suite 2200<br>Seattle, WA 98101<br>Telephone: 206/757-8136<br>206/757-7136<br>steverummage@dwt.com |
| | *Attorneys for Defendants Ramesh Balwani* |

JAF:llf

cc: All Counsel (via ECF)

1287850_1