# ATTACHMENT C

```
                                         PAGES 1 - 13

               UNITED STATES DISTRICT COURT

              NORTHERN DISTRICT OF CALIFORNIA

           BEFORE THE HONORABLE NATHANAEL COUSINS

ROBERT COLMAN AND HILARY           )
TAUBMAN-DYE, INDIVIDUALLY AND ON   )
BEHALF OF ALL OTHERS SIMILARLY     )
SITUATED,                          )
                                   )
              PLAINTIFFS,          )
                                   )
  VS.                              ) NO. 16-CV-06822 NC
                                   )
THERANOS, INC., ET AL.,            )
                                   )  SAN JOSE, CALIFORNIA
              DEFENDANTS.          )  TUESDAY
                                   )  JUNE 20, 2017
_____)
```

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

**RECORDING  10:05 A.M. – 10:12 A.M AND 12:09 P.M. TO 12:14 P.M.**

**APPEARANCES:**

**FOR PLAINTIFFS**          ROBBINS GELLER RUDMAN AND DOWD LLP
                            655 W. BROADWAY
                            SUITE 1900
                            SAN DIEGO, CALIFORNIA 92101
                      **BY:  JASON A. FORGE, ESQUIRE**


                            HAGENS BERMAN SOBOL SHAPIRO LLP
                            715 HEARST AVENUE, SUITE 202
                            BERKELEY, CALIFORNIA 94710
                      **BY:  REED R. KATHREIN, ESQUIRE**

(FURTHER APPEARANCES ON FOLLOWING PAGE)

*TRANSCRIBED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
                  *RETIRED OFFICIAL COURT REPORTER, USDC*

**APPEARANCES (CONTINUED):**

| | |
|---|---|
| **FOR DEFENDANT** | WILMER CUTLER PICKERING HALE AND DORR |
| **THERANOS, INC.** | 60 STATE STREET |
| | BOSTON, MASSACHUSETTS 02109 |
| **BY:** | **TIMOTHY J. PERLA, ESQUIRE** |
| | **ROBERT KINGSLEY SMITH, ESQUIRE** |

| | |
|---|---|
| **FOR DEFENDANT** | COOLEY LLP |
| **ELIZABETH HOLMES** | 3175 HANOVER STREET |
| | PALO ALTO, CALIFORNIA 94304-1130 |
| **BY:** | **JACQUELINE KORT, ESQUIRE** |

```
 1   TUESDAY, JUNE 20, 2017                              10:05 A.M.
 2   (TRANSCRIBER'S NOTE: DUE AT TIMES TO COUNSELS' FAILURE TO
 3   IDENTIFY THEMSELVES WHEN SPEAKING, CERTAIN SPEAKER
 4   ATTRIBUTIONS ARE BASED ON EDUCATED GUESS.)
 5                              ---O0O---
 6                            PROCEEDINGS
 7         THE CLERK:  CALLING CIVIL 16-6822, ROBERT COLMAN,
 8   ET AL. VERSUS THERANOS, INCORPORATED, ET AL.
 9         COUNSEL, PLEASE STATE YOUR APPEARANCES FOR THE
10   RECORD.
11         MR. SMITH:  GOOD MORNING, YOUR HONOR.  ROB SMITH FOR
12   DEFENDANT THERANOS AND WITH ME IS MY COLLEAGUE, TIM PERLA.
13         MR. PERLA:  GOOD MORNING.
14         THE COURT:  GOOD MORNING ALL.
15         ONE MORE ON YOUR SIDE?
16         MS. KORT:  YES, JACQUELINE KORT FOR ELIZABETH HOLMES.
17         THE COURT:  WELCOME.  GOOD MORNING.
18         MR. FORGE:  GOOD MORNING, YOUR HONOR, JASON FORGE FOR
19   THE PLAINTIFFS.
20         THE COURT:  GOOD MORNING.
21         MR. KATHREIN:  REED KATHREIN WITH HAGENS BERMAN.
22   JOINING US TODAY IS DANIELLE CHARLES, WHO IS SEEKING TO BE
23   ADMITTED TO THE COURT.  HER APPLICATION IS IN PROCESS.
24         THE COURT:  VERY GOOD.  THANK YOU ALL.  WELCOME.
25         SO WE'RE HERE ON DISCOVERY CONTINUING OUR
```

1  CONVERSATION FROM RECENTLY AGO, AND BEFORE WE JUMP INTO THE
2  MERITS OF IT, MR. FORGE, LET ME TURN TO YOU FIRST --
3           **MR. FORGE:**  YES.
4           **THE COURT:**  -- FOR AN UPDATE ON THE PROCEDURAL
5  POSTURE TO SEE IF YOU'VE RESOLVED ANY OF THE ISSUES AND IF
6  THERE'S ANYTHING MORE THAT'S OCCURRED SINCE THE JOINT BRIEF WAS
7  SUBMITTED TO ME THAT WOULD BEAR ON THE RESOLUTION OF THE
8  MOTION.
9           **MR. FORGE:**  WE HAVE NOT RESOLVED THE ISSUES, YOUR
10 HONOR.  WE HAVE TALKED.  BOTH SIDES HAVE EXCHANGED INFORMATION,
11 BUT NONE OF THOSE DISCUSSIONS OR EXCHANGES HAVE BROKEN THE
12 IMPASSE.
13          **THE COURT:**  ALL RIGHT.  AND DOES THE DEFENSE AGREE
14 WITH THAT PROCEDURAL STATEMENT?
15          **MR. SMITH:**  I WOULD IN PART, YOUR HONOR.  I MEAN, I
16 THINK -- I'LL JUST GIVE YOU SOME OF THE BACKGROUND.
17          YOU KNOW THAT WE SUBMITTED OUR FAIRLY DETAILED
18 PROPOSAL ON JUNE 2ND SETTING FORTH HOW WE WOULD NARROW THE
19 PARTIES' PRODUCTION.  AFTER YOUR COURT'S ORDER ON FRIDAY, WE
20 CONTACTED PLAINTIFFS.  WE ASKED THEM WHETHER THEY COULD PLEASE
21 JUSTIFY THE RELEVANT PROPORTIONALITY OF THE SIX CATEGORIES OF
22 DOCUMENTS THEY REQUESTED.  WE ALSO ASKED WHETHER THEY HAD ANY
23 PROPOSALS TO ADD TO OUR DETAILED PROPOSAL.
24          PLAINTIFFS RESPONDED WITHOUT ADDRESSING THOSE
25 QUESTIONS.  THEY PROVIDED FOUR QUESTIONS OF THEIR OWN, AMONG

```
 1   THOSE FOR US TO PROVIDE THE PMF SEARCH -- THE PARTNERS' SEARCH
 2   TERMS.  I MIGHT CONFUSE PMF AND PARTNERS.  I MEAN THE SAME
 3   CASE, YOUR HONOR -- PROVIDE THE PMF SEARCH TERMS, ARTICULATE
 4   WHICH ONES WE THOUGHT WERE RELEVANT TO THE CASE, AND ALSO LOOK
 5   AT THEIR SIX CATEGORIES AND IDENTIFY WHAT WAS IRRELEVANT.
 6           OVER THE WEEKEND WE PUT TOGETHER A THREE-PAGE
 7   DETAILED E-MAIL TO THEM.  I HAVE COPIES OF IT IF THE COURT
 8   WOULD LIKE TO SEE IT.  WE DID OUR BEST TO ADDRESS THOSE
 9   QUESTIONS.
10           ON MONDAY MORNING, PRIOR TO A SCHEDULED MEET AND
11   CONFER, WE REACHED OUT TO PLAINTIFFS AGAIN TO SEE WHETHER THEY
12   WOULD RESPOND TO THE QUESTIONS THAT WE HAD POSED ON FRIDAY.
13   THEY DECLINED INITIALLY.  THEY SAID WE SHOULD JUST GO AHEAD
14   WITH THE CALL, AND THEN HALF AN HOUR BEFORE THE CALL WE GOT AN
15   E-MAIL FROM MR. FORGE THAT BASICALLY SAID OUR REQUESTS ARE
16   CATEGORICALLY RELEVANT; THE FACT THAT YOU HAVEN'T IDENTIFIED
17   ANY IRRELEVANT BASIS OR ARTICULATED WHY ANY REQUESTS ARE
18   IRRELEVANT DEMONSTRATES THAT THEY'RE RELEVANT, SO LET'S GO
19   AHEAD WITH THE CALL.
20           WE HAD THE CALL.  WE COULDN'T RESOLVE ANY ISSUES.  IT
21   WAS PRETTY CLEAR FROM OUR CONVERSATION THAT IT'S PLAINTIFFS'
22   POSITION THAT EVERYTHING IS AUTOMATICALLY RELEVANT, AND IT'S
23   OUR BURDEN IN THE FIRST INSTANCE TO JUSTIFY WHY IT'S
24   IRRELEVANT.  WE THINK THAT COMPLETELY TURNS THE RULE 26
25   STANDARD ON ITS HEAD.  WE DON'T THINK THAT'S REQUIRED BY THE
```

1  COURT'S ORDER.
2       OUR POSITION IS THAT IT'S THEIR BURDEN TO FIRST
3  IDENTIFY WHAT IN THE PARTNERS' PRODUCTION IS RELEVANTLY
4  PROPORTIONAL TO THE NEEDS OF THIS CASE, AND THEY'VE REFUSED TO
5  CONSISTENTLY TO DO THIS THROUGHOUT THIS WHOLE PROCESS SINCE THE
6  LAST TIME WE WERE HERE.
7       **THE COURT**: ALL RIGHT.  LET ME JUST PAUSE
8  PROCEDURALLY, BECAUSE I HAVE SOME OTHER CASE MANAGEMENT
9  CONFERENCES TO ATTEND TO, WHICH IS THE NOTION THAT IF YOU WORK
10 TOGETHER, YOU'LL REACH A BETTER SOLUTION THAN IF YOU ASK ME TO
11 RESOLVE THE DISPUTE.  I CAN RESOLVE IT.
12      MY CONCERN WITH RESOLVING THIS DISPUTE ON THE PRESENT
13 PROCEDURAL POSTURE IS THAT IT WILL BE A VERY BLUNT INSTRUMENT
14 THAT MAY INCLUDE INFORMATION THAT THE PLAINTIFFS DON'T EVEN
15 WANT.  IT MIGHT INCLUDE INFORMATION THE DEFENSE VERY MUCH DOES
16 NOT WANT TO PRODUCE.  I COULD BE MISSING OUT ON SOME OF THE
17 DETAILS EACH POSSESS AND KNOW BOTH WHAT'S IN THE MATERIALS
18 THAT'S BEING ASKED FOR AND, FROM THE PLAINTIFFS' PERSPECTIVE,
19 WHAT YOU REALLY NEED IN THE CASE.
20      I HAVE A LESS-INFORMED PERSPECTIVE THAN EITHER OF
21 YOU.  OF THE PEOPLE IN THE ROOM, I'M THE LEAST INFORMED TO MAKE
22 GOOD DECISIONS ABOUT HOW TO MOVE FORWARD ON THE DISCOVERY.  I
23 WILL IF YOU CAN'T ACCOMPLISH THE OBJECTIVE OF MOVING FORWARD
24 WITH SOME AGREED APPROACH, BUT THE CONCERN OF MY RESOLVING THAT
25 IS THAT WE'LL BE BACK HERE AGAIN NEXT WEEK, BECAUSE IF IT'S

1    JUST ME DECIDING EVERYTHING, THEN IT'S ESSENTIALLY ME DOING THE
2    DISCOVERY FOR THE PARTIES RATHER THAN YOU DOING THE DISCOVERY
3    FOR YOURSELVES.
4            SO GIVEN THE MAGNITUDE ALSO OF THE DISPUTE, I WANT
5    YOU TO SPEND SOME MORE TIME TOGETHER SEEING IF YOU CAN WORK
6    THROUGH, AT LEAST NARROW AND, FROM PLAINTIFFS' END, PRIORITIZE
7    THE MOST IMPORTANT THINGS FOR ME TO RESOLVE, AND FROM THE
8    DEFENSE PERSPECTIVE THE SAME THING, WHICH IS IF THERE ARE
9    CATEGORIES THAT YOU HAVE THE HIGHEST CONCERN ABOUT, I WANT TO
10   HEAR ABOUT IT ONCE YOU'VE HAD A CHANCE TO CONFER, BUT I WOULD
11   EXPECT THAT THERE ARE SOME AREAS OF OVERLAP WHERE YOU CAN COME
12   TO SOME AGREEMENT ON THINGS THAT YOU'RE WILLING TO PUT ASIDE
13   JUST TO MOVE THE CASE FORWARD.
14           SO WE'VE GOT A CONFERENCE ROOM OPEN AT THE END OF THE
15   HALLWAY.  IT'S GOT SUNSHINE, HOPEFULLY NOT TOO HOT.  LET'S
16   CHECK BACK AT TEN MINUTES TO 11:00, THAT'S 40 MINUTES FROM NOW,
17   TO SEE HOW YOU'RE PROGRESSING.
18           AND, AGAIN, THE SPIRIT OF THE RULES IS TO HAVE
19   COOPERATION BETWEEN PARTIES.  THAT DOES NOT MEAN YOU HAVE TO
20   AGREE TO EVERYTHING BUT JUST TO WORK TOGETHER IN A GOOD-FAITH
21   WAY TO SEE IF YOU CAN RESOLVE THINGS AND TO DISCUSS YOUR
22   POSITIONS OPENLY.
23           BASED ON THE DEFENSE COMMENTS ON THE BURDEN INVOLVED,
24   WELL, IT'S MORE THAN JUST THE BURDEN INVOLVED, BECAUSE THE
25   RULES DO REQUIRE COOPERATION.  SO THAT REQUIRES RESPONDING TO

1  REQUESTS, AND TO EXPLAINING YOUR POSITION, AND TO -- THIS GOES
2  TO PLAINTIFFS AS WELL -- ARTICULATING YOUR REASONS FOR ASKING
3  FOR THINGS, NOT JUST SAYING WE'RE ASKING FOR IT, SO WE GET IT.
4  BOTH PARTIES HAVE AN OBLIGATION TO EXPLAIN YOUR POSITIONS TO
5  EACH OTHER AND TO SEE IF YOU CAN REACH A REASONABLE COMPROMISE
6  BETWEEN YOUR POSITIONS SO THAT YOU CAN MOVE ON TO THE MERITS OF
7  THE CASE.
8          WITH THAT SPIRIT, I INVITE YOU TO KEEP WORKING AT IT.
9  IF AT TEN TO 11:00 YOU TELL MY DEPUTY YOU'RE MAKING PROGRESS
10 AND YOU DON'T WANT TO TALK TO ME YET, YOU CAN COMMUNICATE THAT.
11 SO CHECK WITH HER FIRST AT THAT TIME TO SEE IF YOU'RE READY TO
12 PRODUCE.
13         **MR. FORGE:**  YOUR HONOR, IF I COULD JUST ADD?  I
14 INTENTIONALLY PROVIDED TO COURT WITH A NON-PROVOCATIVE
15 DESCRIPTION, BECAUSE I'VE NEVER COME ACROSS A JUDGE WHO WANTS
16 TO HEAR ATTORNEYS BICKER, BUT MR. SMITH DID OMIT THE FACT THAT
17 WE DID PROVIDE HIM WITH AN ANNOTATED LIST OF TOPICS ANNOTATED
18 TO THE COMPLAINT.
19         **THE COURT:**  I'LL GIVE YOU A CHANCE TO BICKER LATER IF
20 YOU WISH TO, BUT FOR NOW LET'S FOCUS ON SEEING IF WE CAN FIND
21 SOME COMMON SOLUTIONS.  SEE YOU IN 38 MINUTES OR SO.
22         **MR. SMITH:**  THANK YOU, YOUR HONOR.
23         (PARTIES ADJOURNED FOR OFF-THE-RECORD DISCUSSION AT
24          10:12 A.M.  PROCEEDINGS RESUMED IN OPEN COURT AT
25          12:09 P.M.)

1    **THE CLERK:** RECALLING CIVIL 16-6822, COLMAN VERSUS
2  THERANOS.
3    **MR. FORGE:** GOOD AFTERNOON, YOUR HONOR.  JASON FORGE.
4    **THE COURT:** WELCOME BACK.
5    **MR. FORGE:** THANK YOU.
6    ON BEHALF OF THE PLAINTIFFS, I HAVE --
7    **THE COURT:** EVERYONE ELSE IS STILL HERE, YES.
8    **UNIDENTIFIED SPEAKER:** YES, YOUR HONOR.
9    **THE COURT:** ALTHOUGH WE HAVE DIFFERENT COUNSEL FOR
10  THE DEFENSE AT THE...
11    **MR. PERLA:** YOUR HONOR, THE PARTIES REACHED
12  AGREEMENT, AND THE REASON I'VE COME TO THE PODIUM IS I'M GOING
13  TO RESTATE THE AGREEMENT, AND I'LL INVITE PLAINTIFFS' COUNSEL
14  TO MAKE ANY CORRECTION IF I GET IT WRONG.
15    **THE COURT:** ALL RIGHT.  AND BASED ON PAST EXPERIENCE,
16  I'LL ASK YOU TO GO SLOWLY SO WE CAN MAKE A GOOD RECORD FROM
17  WHAT YOU SAY.  WE ARE GOING TO MAKE A RECORDING OF WHAT'S BEING
18  STATED SO IF YOU (UNINTELLIGIBLE) FROM WHAT WAS SAID, WE CAN
19  REFER TO THAT.  BUT GO AHEAD.  AND THANK YOU TO ALL THE PARTIES
20  WHO ARE WORKING THROUGH THE ISSUES IN A GOOD-FAITH WAY, AND I
21  VERY MUCH APPRECIATE THAT.
22    GO AHEAD.
23    **MR. PERLA:** THANK YOU.  THE FOLLOWING SIX CONDITIONS
24  ARE IN FULL RESOLUTION OF THE PENDING MOTION:
25    FIRST, THE COMPANY WILL PROMPTLY AND AS QUICKLY AS

1  TECHNOLOGICALLY FEASIBLE PRODUCE TO THE PLAINTIFFS THE PORTION
2  OF THE COMPANY'S PFM PRODUCTION THAT HITS ON THE SEARCH TERMS
3  THAT WERE PROPOSED BY THE COMPANY TO THE PLAINTIFFS IN
4  CONNECTION WITH THE MEET AND CONFER, SPECIFICALLY THE SEARCH
5  TERMS PROPOSED ON JUNE THE 2ND.  THERE WILL BE NO FURTHER
6  REVIEW OF ANY KIND.  THEY'LL BE PRODUCED FORTHWITH SUBJECT TO A
7  HIPAA ORDER THAT THE PARTIES HAVE ALREADY AGREED TO AND NEED TO
8  SUBMIT TO THE COURT AND WITH THE EXISTING CONFIDENTIALITY
9  DESIGNATIONS CARRYING OVER.
10         **THE COURT:**  THANK YOU.  WHEN WILL THE HIPAA
11  PROTECTIVE ORDER BE SUBMITTED TO THE COURT?
12         **MR. PERLA:**  I THINK WE CAN SUBMIT IT BY THE END OF
13  THE WEEK.
14         **UNIDENTIFIED SPEAKER:**  YES, YOUR HONOR.  IT'S AGREED.
15         **THE COURT:**  THANK YOU.
16         **MR. PERLA:**  SECOND, PLAINTIFFS WAIVE ALL RIGHTS TO
17  DEMAND THE WHOLESALE PRODUCTION OF THE REMAINDER OF THE
18  COMPANY'S PFM PRODUCTION.  ANY ADDITIONAL PRODUCTION WILL BE
19  CONDUCTED PURSUANT TO SEARCH TERMS AND REVIEW CRITERIA.
20         SO THERE'S NO RESTRICTION ON PLAINTIFFS' ABILITY TO
21  SEEK FURTHER DOCUMENTS, AND WE FULLY EXPECT THEY WILL.  WHAT
22  THEY CAN'T DO IS ARGUE FOR WHOLESALE PRODUCTION OF THE
23  REMAINDER OF THE COMPANY'S PFM PRODUCTION.
24         THIRD, PLAINTIFFS WILL NOT SERVE A SUBPOENA ON PFM OR
25  ANYONE ELSE THAT IN EFFECT SEEKS TO END RUN THE AGREEMENT.  FOR

```
1   EXAMPLE, BY ASKING PFM FOR THE COMPANY'S ENTIRE PFM PRODUCTION.
2           FOURTH, THE COMPANY WILL PRODUCE ALL DEPOSITION
3   TRANSCRIPTS AND EXHIBITS OF CURRENT AND FORMER THERANOS
4   PERSONNEL.  THAT INCLUDES OFFICERS, DIRECTORS, EMPLOYEES.  THIS
5   AGREEMENT DOES NOT IN ANY WAY CHANGE WHATEVER RIGHTS PLAINTIFFS
6   MAY HAVE TO SEEK TRANSCRIPTS OF OTHER -- PERSONS OTHER THAN
7   THOSE DESCRIBED.
8           NEXT, THE COMPANY WILL PRODUCE ALL OF THE EXHIBITS
9   FROM THE PFM MATTER THAT ARE DOCUMENTS THAT WERE IN THE FIRST
10  INSTANCE PRODUCED BY THE COMPANY.
11          AND, FINALLY, THIS AGREEMENT DOES NOT PERTAIN TO
12  DOCUMENT PRODUCTIONS AND PFM BY ANY PARTY OTHER THAN THE
13  COMPANY.
14          **THE COURT:**  SAY THAT AGAIN.  IT DOES NOT PERTAIN?
15          **MR. PERLA:**  THIS AGREEMENT DOES NOT PERTAIN TO ANY
16  PARTY'S PRODUCTION OTHER THAN THE COMPANY'S PRODUCTION AND PFM.
17  IN OTHER WORDS, PLAINTIFFS RETAIN WHATEVER RIGHTS THEY HAD, AS
18  DO THE OTHER PRODUCING PARTIES.
19          **THE COURT:**  ALL RIGHT.
20          MR. FORGE, DOES THAT REFLECT THE PLAINTIFFS
21  AGREEMENT?
22          **MR. FORGE:**  IT DOES, YOUR HONOR.  THANK YOU.
23          **THE COURT:**  AND, MR. PERLA, YOU SEEM TO BE READING
24  FROM A DOCUMENT.  DO YOU WANT TO FILE A SHORT DOCUMENT
25  SUMMARIZING THOSE POINTS, OR WOULD THAT BE COMPLICATING
```

1  THINGS --
2        **MR. PERLA:**  I THINK IT WOULD COMPLICATE THINGS.  I
3  WAS PARAPHRASING, AND IT'S ILLEGIBLE TO BE FRANK.
4        **MR. FORGE:**  YOUR HONOR, I'M SURE MR. PERLA WON'T TAKE
5  ANY ISSUE WITH THIS, BUT JUST TO MAKE THE RECORD CLEAR AND
6  COMPLETE, THE AGREEMENT DOES NOT RESTRICT IN ANY WAY THE
7  PLAINTIFFS' ABILITY TO REQUEST OTHER DOCUMENTS FROM THE
8  COMPANY.
9        **MR. PERLA:**  CORRECT.
10       **THE COURT:**  YEAH.  AND THE STARTING POINT FOR THIS
11 DISCUSSION WAS THE JOINT DISCOVERY LETTER BRIEF TO THE COURT.
12 THAT'S THE -- THIS RESOLUTION IS OF ISSUES RAISED THERE.  IT'S
13 NOT OF OTHER ISSUES THAT MIGHT BE RAISED NEXT YEAR ON SOME
14 OTHER CASE OR SOME OTHER MATTER.  IT'S USING THAT AS A STARTING
15 POINT.
16       **MR. FORGE:**  YES, YOUR HONOR.
17       **MR. PERLA:**  YES, YOUR HONOR.  THANK YOU.
18       **THE COURT:**  ALL RIGHT.  MR. FORGE, DO YOU THINK A
19 WRITING NEEDS TO BE PRESENTED TO THE COURT, OR ARE YOU
20 SATISFIED WITH THE PRESENTATION HERE FROM MR. PERLA?
21       **MR. FORGE:**  I'M SATISFIED WITH MR. PERLA.  WE'VE BEEN
22 ORDERING THE TRANSCRIPTS REGULARLY, AND I'M SURE WE'LL DO SO
23 AGAIN HERE.  SO I THINK THAT MR. PERLA'S READING WAS EXCELLENT,
24 AND I EXPECT THE TRANSCRIPT WILL REFLECT THE TERMS ACCURATELY.
25       **THE COURT:**  VERY GOOD.  AND I AGREE.  AND THANK YOU

```
 1   AGAIN FOR WORKING THROUGH THAT.  THE COURT ACCEPTS THAT AND
 2   WILL REFLECT THE MATTER HAS BEEN RESOLVED BY THE STIPULATION
 3   PRESENTED IN COURT.
 4           MR. PERLA:  THANK YOU VERY MUCH.
 5           THE COURT:  THANK YOU.
 6           MR. FORGE:  THANK YOU, YOUR HONOR.
 7           THE COURT:  HAVE A GOOD DAY.  WE'RE IN RECESS.
 8           (PROCEEDINGS ADJOURNED AT 12:14 P.M.)
```

**CERTIFICATE OF TRANSCRIBER**

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

*/s/ jmcolumbini*

JOAN MARIE COLUMBINI

JUNE 29, 2017