1  Michael A. Mugmon (251958)
   WILMER CUTLER PICKERING
2      HALE AND DORR LLP
   950 Page Mill Road
3  Palo Alto, CA 94304
   Telephone: +1 650 858 6000
4  Facsimile: +1 650 858 6100
   michael.mugmon@wilmerhale.com
5
   Christopher Davies (admitted *pro hac vice*)
6  WILMER CUTLER PICKERING
       HALE AND DORR LLP
7  1875 Pennsylvania Avenue, NW
   Washington, DC 20006
8  Telephone: +1 202 663 6000
   Facsimile: +1 202 663 6363
9  christopher.davies@wilmerhale.com

10 Timothy Perla (admitted *pro hac vice*)
   Robert K. Smith (admitted *pro hac vice*)
11 Megan E. Barriger (admitted *pro hac vice*)
   WILMER CUTLER PICKERING
12     HALE AND DORR LLP
   60 State Street
13 Boston, MA 02109
   Telephone: +1 617 526 6000
14 Facsimile: +1 617 526 5000
   timothy.perla@wilmerhale.com
15 robert.smith@wilmerhale.com
   megan.barriger@wilmerhale.com
16
   *Attorneys for Defendant Theranos, Inc.*
17
   [Additional counsel listed on following page.]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ROBERT COLMAN and HILARY TAUBMAN-DYE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> THERANOS, INC., ELIZABETH HOLMES, and RAMESH BALWANI, <br><br> Defendants. | Case No. 5:16-cv-06822-NC <br><br> **DEFENDANTS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL L.R. 7-11 AND CIVIL L.R. 79-5** <br><br> Judge: Hon. Nathanael M. Cousins |

1  COUNSEL CONTINUED:

2  Kathleen Goodhart (165659)
   COOLEY LLP
3  101 California Street, 5th Floor
   San Francisco, CA 94111
4  Telephone: +1 415 693 2012
   Facsimile: +1 415 693 2222
5  kgoodhart@cooley.com

6  Stephen C. Neal (170085)
   COOLEY LLP
7  3175 Hanover Street
   Palo Alto, CA 94304
8  Telephone: +1 650 843 5000
   Facsimile: +1 650 849 7400
9  nealsc@cooley.com

10 *Attorneys for Defendant Elizabeth Holmes*

11 Allison A. Davis (139203)
   DAVIS WRIGHT TREMAINE LLP
12 505 Montgomery Street, Suite 800
   San Francisco, CA 94111
13 Telephone: +1 415 276 6500
   Facsimile: +1 415 276 6599
14 allisondavis@dwt.com

15 Stephen M. Rummage (admitted *pro hac vice*)
   DAVIS WRIGHT TREMAINE LLP
16 1201 Third Avenue, Suite 2200
   Seattle, WA 98101-3045
17 Telephone: +1 206 757 8136
   Facsimile: +1 206 757 7136
18 steverummage@dwt.com

19 *Attorneys for Defendant Ramesh Balwani*

20

21

22

23

24

25

26

27

28

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 26(c), Civil L.R. 7-11 and 79-5, and the parties' Stipulated Protective Order (ECF No. 62) ("Protective Order"), Defendants Theranos, Inc. ("Theranos"), Elizabeth Holmes, and Ramesh Balwani ("Defendants") move for an order sealing Defendants' Opposition ("Opposition") to Plaintiffs' Motion for Injunctive Relief and to Provisionally Certify a Mandatory Limited Fund Class ("Motion") and Appendix A attached thereto ("Appendix A"), the July 24, 2017 Declaration of Alexander Ryan White ("White Declaration") and exhibits attached thereto ("W. Ex."), and portions of the July 24, 2017 Declaration of Timothy Perla ("Perla Declaration") and exhibits attached thereto ("P. Ex.") (collectively, the "Confidential Information"). This Motion is supported by the July 24, 2017 Declaration of Robert K. Smith ("Smith Decl."). As set forth below, good cause exists to seal Defendants' narrowly tailored requests to file the Confidential Information under seal.[1]

## II. ARGUMENT

Confidential information submitted with a "non-dispositive" motion—*i.e.*, a motion only tangentially related to the underlying cause of action—may be filed under seal if there is good cause keep it confidential. *Ctr. for Auto Safety v. Chrysler Grp.*, *LLC*, 809 F.3d 1092, 1097-99 (9th Cir. 2016). That is because a strong presumption of public access does not apply to the Confidential Information. *See Delfino Green & Green v. Workers Comp. Sols.*, *LLC*, No. 15-CV-02302-HSG, 2015 WL 4235356, at *1 (N.D. Cal. July 13, 2015); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Defendants' Opposition responds to a non-dispositive motion, and ample good cause exists to file the Confidential Information under seal.

### A. Plaintiffs' Motion Is Non-Dispositive

Plaintiffs' Motion is non-dispositive because it seeks to certify a class and obtain a preliminary injunction. "[M]otions for class certification are considered nondispositive."

---

[1] Defendants also bring this administrative motion pursuant to Civil L.R. 7-11 and 79-5 to file under seal P. Ex. 10 because it contains information designated by Plaintiffs as "Confidential" under the Protective Order. Pursuant to the Protective Order and Civil L.R. 79-5(e), Plaintiffs must now demonstrate that the designated information is sealable or must withdraw the designation of confidentiality.

- 1 -
DEFENDANTS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL L.R. 7-11 AND CIVIL L.R. 79-5
Case No. 5:16-cv-06822-NC

1  *Jacobson v. Persolve, LLC*, No. 14-CV-00735-LHK, 2015 WL 10890824, at *1 (N.D. Cal. June

2  8, 2015).  Motions for a preliminary injunction are also not dispositive because they "neither

3  resolve[] a case on the merits nor serve[] as a substitute for trial."  *In re Nat'l Sec. Agency*

4  *Telecomms. Records Litig.*, No. MDL 06-1791 VRW, 2007 WL 549854, at *4 (N.D. Cal. Feb. 20,

5  2007); *see also Reilly v. MediaNews Grp. Inc.*, 2007 WL 196682, at *1-2, *4 (N.D. Cal. Jan. 24,

6  2007) (applying the "good cause" standard in connection with documents attached to a

7  temporary restraining order).  Thus, the Confidential Information submitted with the Opposition

8  is submitted in support of a non-dispositive motion, and is sealable if good cause exists.

9  **B.     Good Cause Exists To File Under Seal The Confidential Information**

10  Because Plaintiffs' Motion is a non-dispositive motion, the Confidential Information

11  should remain sealed if "good cause" exists to keep it confidential.  *See Kamakana v. City of*

12  *Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("A 'good cause' showing under Rule 26(c) will

13  suffice to keep sealed records attached to non-dispositive motions.").  The Confidential

14  Information contains information regarding Theranos's financial information, intellectual

15  property, investor identities, and litigation settlements.  Good cause exists to keep this

16  information under seal.

17  **1.     Theranos's Financial Position Is Sealable**

18  Good cause exists to maintain under seal Confidential Information relating to Theranos's

19  insurance coverage, current financial position, and fundraising initiatives in the Opposition,

20  Appendix A, the White Declaration, and Exhibits D through H thereto because it contains

21  commercially sensitive, non-public, proprietary information.  *See Facebook, Inc. v. ConnectU,*

22  *Inc.*, No. C 07-01389 JW, 2008 WL 8820476, at *1 n.1 (N.D. Cal. June 25, 2008) (finding good

23  cause to keep under seal transcript revealing financial information of private companies)*; Selling*

24  *Source, LLC v. Red River Ventures, LLC*, No. 2:09-CV-01491-JCM, 2011 WL 1630338, at *6-7

25  (D. Nev. Apr. 29, 2011) (compelling reasons warrant filing under seal information regarding the

26  company's financial condition).

27

28

The Confidential Information referencing Theranos's insurance coverage contains commercially sensitive proprietary information, the disclosure of which may result in substantial competitive harm.  *See Partner Invs. L.P. v. Theranos, Inc.,* No. 2017-0262-JTL, 2017 WL 2303954, at *2 (Del. Ch. May 25, 2017); *see also Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-CV-05501-SI, 2015 WL 1885626, at *1 (N.D. Cal. Apr. 24, 2015) (finding good cause to maintain under seal information that "may result in substantial competitive harm by providing competitors insight into internal finances").  Public disclosure of this information will harm Theranos's current and future negotiations with investors and business partners, hinder its ability to litigate other cases in which it is involved, and provide competitors insight into its internal finances, exposing Theranos to substantial competitive harm.  *See* Smith Decl. ¶¶ 3, 7, 9.

The Confidential Information referencing Theranos's current financial position, including its asset valuation, contains sensitive proprietary information, the public disclosure of which will provide competitors insight into Theranos's internal finances.  *See Verinata*, 2015 WL 1885626, at *1.  Further, Theranos would be harmed by disclosure of its financial statements because it is a private company and has never released its financial statements publicly.  *See Apple Inc. v. Samsung Elecs. Co.,* No. 11-CV-01846 LHK PSG, 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (finding good cause to seal the financial statements of a party's subsidiary, which were not publicly available, because it would be detrimental if released).  Disclosure would expose Theranos to substantial competitive harm.  *See* Smith Decl. ¶¶ 3, 7, 9, 15-19.

The Confidential Information regarding fundraising initiatives contains commercially sensitive proprietary information, the public disclosure of which would give competitors an advantage in competing with Theranos for limited private financing.  *See Verinata*, 2015 WL 1885626, at *1; *Stout v. Hartford Life & Accident Ins. Co.*, No. CV 11-6186 CW, 2012 WL 6025770, at *2 (N.D. Cal. Dec. 4, 2012) (finding compelling reasons to keep under seal information that competitors could use to inform their business strategy and undermine the defendant's ability to compete).  Disclosure could damage Theranos's relationships with

1  investors, partners, and customers and negatively impact Theranos's ability to attract and raise
2  additional capital, leaving Theranos at a competitive disadvantage.  *See* Smith Decl. ¶¶ 3, 7, 9.

### 2.  Theranos's Intellectual Property Is Sealable

4  Good cause exists to maintain under seal Confidential Information in the Opposition, the
5  White Declaration and Exhibits B and C thereto because they contain trade secrets and
6  commercially sensitive, proprietary business information regarding Thernao's intellectual
7  property which, if released, would expose Theranos to substantial competitive harm.  *See Nevro*
8  *Corp. v. Boston Sci. Corp.*, No. 16-CV-06830-VC (MEJ), 2017 WL 2780719, at *1 (N.D. Cal.
9  June 27, 2017) (granting motion to seal redacted portions of a document containing "trade
10 secrets and confidential information related to the development of the new . . . products and
11 services"); *see also In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992)
12 ("Protective orders and filings under seal are the primary means by which the courts ensure full
13 disclosure of relevant information, while still preserving the parties' (and third parties')
14 legitimate expectation that confidential business information, proprietary technology and trade
15 secrets will not be publicly disseminated.").  The Confidential Information describes Theranos's
16 proprietary technology, specific details of its use, and business strategy.  *See* Smith Decl. ¶¶ 4,
17 10, 13-14.  Theranos has gone to great lengths to protect disclosure of information about its
18 proprietary technology, including the Edison.  *Id.*  Theranos would be harmed if competitors had
19 access to this confidential, proprietary information.  *Id.*

### 3.  The Identity Of Theranos's Investors Is Sealable

21 Good cause exists to maintain under seal Confidential Information identifying
22 Theranos's investors in the Opposition and the White Declaration because the identity of
23 Theranos's investors is commercially sensitive, non-public business information which, if
24 released, would expose Theranos to substantial competitive harm.  *See Sage Electrochromics,*
25 *Inc. v. View, Inc.*, No. 3:12-cv-06441-JST (N.D. Cal. Jan. 29, 2013) (sealing identities of non-
26 party investors); *Link_A_Media Devices Corp. v. Marvell Semiconductor, Inc.*, No. 11-cv-00616

(JCS) (N.D. Cal. Feb. 14, 2011) (same).[2]  Theranos has taken great efforts to maintain the confidentiality of its investors, both to protect their privacy and to maintain its competitive advantage in raising capital.  *See* Smith Decl. ¶¶ 5, 11.  Public disclosure of Theranos's investors would negatively impact Theranos's relationship with those investors, discourage new investors from investing, and identify potential sources of funding for Theranos's competitors.  *Id.*

### 4.  Theranos's Litigation Settlements Are Sealable

Good cause exists to maintain under seal Confidential Information regarding Theranos's litigation settlements in the Opposition, Appendix A, the White Declaration, the Perla Declaration and Exhibit 1 thereto because it details the proposed and actual structure of settlement agreements, including settlement amounts, and names of parties with whom Theranos is engaged in settlement discussions.  *See Verinata Health*, 2015 WL 1885626, at *1 (finding good cause for maintaining settlement agreement under seal where it "contain[ed] the details of the structure of the Settlement Agreement" the public disclosure of which may negatively impact "relationships with current and potential partners"); *Nygren v. Hewlett-Packard Co.*, No. C07-05793 JW (HRL), 2010 WL 2107434, at *3 (N.D. Cal. May 25, 2010) (finding good cause to maintain confidential settlement agreement under seal).[3]  Public disclosure of such information may adversely impact Theranos's relationships with current and potential investors and business partners, including its ability to attract and raise additional capital and financing.  *See* Smith Decl. ¶¶ 6, 8, 12, 20-21.

## III.  CONCLUSION

For the foregoing reasons, the Confidential Information should be filed under seal.

---

[2] Further, good cause exists to maintain this information under seal because this Court has previously held that Theranos's investor list is confidential and should remain under seal.  *See* April 7, 2017 Hr'g Tr. 44:16-20 (ECF No. 59); *cf. Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *Allen v. City of Oakland*, No. 00-CV-04599 TEH (NC), 2012 WL 5949619, at *2 (N.D. Cal. Nov. 28, 2012) (Cousins, J.).

[3] Good cause also exists to file the Confidential Information under seal because the Court has previously ruled that settlement information similar to the Confidential Information warranted filing that settlement information under seal.  *See* ECF No. 77 (ordering sealed settlement information); *cf. Phillips*, 307 F.3d at 1213; *Allen*, 2012 WL 5949619, at *2.

5

DEFENDANTS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL L.R. 7-11 AND CIVIL L.R. 79-5
Case No.  5:16-cv-06822-NC

| | |
|---|---|
| Dated:  July 24, 2017 | By: /s/  Robert K. Smith |
| | Timothy Perla (admitted *pro hac vice*) |
| | Robert K. Smith (admitted *pro hac vice*) |
| | Megan E. Barriger (admitted *pro hac vice*) |
| | WILMER CUTLER PICKERING |
| |    HALE AND DORR LLP |
| | 60 State Street |
| | Boston, MA 02109 |
| | Telephone: +1 617 526 6000 |
| | Facsimile: +1 617 526 5000 |
| | timothy.perla@wilmerhale.com |
| | robert.smith@wilmerhale.com |
| | megan.barriger@wilmerhale.com |
| | |
| | Michael A. Mugmon (251958) |
| | WILMER CUTLER PICKERING |
| |    HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, CA 94304 |
| | Telephone: +1 650 858 6000 |
| | Facsimile: +1 650 858 6100 |
| | michael.mugmon@wilmehale.com |
| | |
| | Christopher Davies (admitted *pro hac vice*) |
| | WILMER CUTLER PICKERING |
| |    HALE AND DORR LLP |
| | 1875 Pennsylvania Ave., NW |
| | Washington, DC 20006 |
| | Telephone: +1 202 663 6000 |
| | Facsimile: +1 202 663 6363 |
| | christopher.davies@wilmehale.com |
| | |
| | *Attorneys for Defendant Theranos, Inc.* |

|  |  |
|---|---|
| 1 | /s/ Kathleen Goodhart |
| 2 | Kathleen Goodhart (165659) |

COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone: +1 415 693 2012
Facsimile: +1 415 693 2222
kgoodhart@cooley.com

Stephen C. Neal (170085)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: +1 650 843 5000
Facsimile: +1 650 849 7400
nealsc@cooley.com

*Attorneys for Defendant Elizabeth Holmes*

/s/ Allison A. Davis
Allison A. Davis (139203)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Telephone: +1 415 276 6500
Facsimile: +1 415 276 6599
allisondavis@dwt.com

Stephen M. Rummage (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: +1 206 757 8136
Facsimile: +1 206 757 7136
steverummage@dwt.com

*Attorneys for Defendant Ramesh Balwani*

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Motion. In compliance with Local Rule 5-1(i)(3), I hereby attest that the other signatories have concurred in this filing.

Dated: July 24, 2017                                WILMER CUTLER PICKERING HALE
                                                                              AND DORR LLP

                                                                      By: /s/ Michael A. Mugmon
                                                                            Michael A. Mugmon

8
DEFENDANTS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL
L.R. 7-11 AND CIVIL L.R. 79-5
Case No. 5:16-cv-06822-NC