Michael A. Mugmon (251958)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: +1 650 858 6000
Facsimile: +1 650 858 6100
michael.mugmon@wilmerhale.com

Christopher Davies (admitted *pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: +1 202 663 6000
Facsimile: +1 202 663 6363
christopher.davies@wilmerhale.com

Timothy Perla (admitted *pro hac vice*)
Robert K. Smith (admitted *pro hac vice*)
Megan E. Barriger (admitted *pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: +1 617 526 6000
Facsimile: +1 617 526 5000
timothy.perla@wilmerhale.com
robert.smith@wilmerhale.com
megan.barriger@wilmerhale.com

*Attorneys for Defendant Theranos, Inc.*

[Additional counsel listed on following page.]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ROBERT COLMAN and HILARY TAUBMAN-DYE, Individually and on Behalf of All Others Similarly Situated,<br><br>                   Plaintiffs,<br><br>    vs.<br><br>THERANOS, INC., ELIZABETH HOLMES, and RAMESH BALWANI,<br><br>                  Defendants. | Case No.  5:16-cv-06822-NC<br><br>**DECLARATION OF ROBERT K. SMITH IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL L.R. 7-11 AND 79-5**<br><br>Judge: Hon. Nathanael Cousins |

1  COUNSEL CONTINUED:

2  Kathleen Goodhart (165659)
   COOLEY LLP
3  101 California Street, 5th Floor
   San Francisco, CA 94111
4  Telephone: +1 415 693 2012
   Facsimile: +1 415 693 2222
5  kgoodhart@cooley.com

6  Stephen C. Neal (170085)
   COOLEY LLP
7  3175 Hanover Street
   Palo Alto, CA 94304
8  Telephone: +1 650 843 5000
   Facsimile: +1 650 849 7400
9  nealsc@cooley.com

10 *Attorneys for Defendant Elizabeth Holmes*

11 Allison A. Davis (139203)
   DAVIS WRIGHT TREMAINE LLP
12 505 Montgomery Street, Suite 800
   San Francisco, CA 94111
13 Telephone: +1 415 276 6500
   Facsimile: +1 415 276 6599
14 allisondavis@dwt.com

15 Stephen M. Rummage (admitted *pro hac vice*)
   DAVIS WRIGHT TREMAINE LLP
16 1201 Third Avenue, Suite 2200
   Seattle, WA 98101-3045
17 Telephone: +1 206 757 8136
   Facsimile: +1 206 757 7136
18 steverummage@dwt.com

19 *Attorneys for Defendant Ramesh Balwani*

20

21

22

23

24

25

26

27

28

---

DECLARATION OF ROBERT K. SMITH IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO
FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL L.R. 7-11 AND 79-5
Case No.  5:16-cv-06822-NC

I, Robert K. Smith, declare as follows:

1.     I am an attorney with the firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Theranos, Inc. ("Theranos") in the above-captioned matter.  I am an attorney licensed to practice in the Commonwealth of Massachusetts and have been admitted *pro hac vice* in this Action.  Following consultation with Theranos and diligent investigation, I have personal knowledge of the facts set forth in this declaration.  If called as a witness, I could and would competently testify thereto.

2.     This declaration is submitted in support of the Defendants' Administrative Motion to File Documents Under Seal Pursuant to Civil L.R. 79-5 and pursuant to the Court's April 14, 2017 Stipulated Protective Order (ECF No. 62) ("Protective Order") to establish that certain documents are sealable by the Court because the information contained therein is confidential, privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

**A.     Defendants' Opposition and Appendix A**

3.     Defendants' Opposition to Plaintiffs' Motion for Injunctive Relief and to Provisionally Certify a Mandatory Limited Fund Class ("Opposition") is replete with commercially sensitive, non-public, proprietary information relating to Theranos's insurance coverage, current financial position, and fundraising initiatives.  Theranos's insurance coverage is commercially sensitive proprietary information, and public disclosure will harm Theranos's current and future negotiations with investors and business partners, hinder its ability to litigate other cases in which it is involved, and provide competitors insight into its internal finances, exposing Theranos to substantial competitive harm.  Theranos is a private company and has never released its financial statements publicly.  Theranos's current financial position and asset valuations are sensitive proprietary information, the public disclosure of which will provide competitors insight into Theranos's internal finances, exposing Theranos to substantial competitive harm.  Likewise, the status of Theranos's fundraising initiatives is commercially sensitive, proprietary information.  Public disclosure would give competitors an advantage in competing with Theranos for limited private financing, and could damage Theranos's

- 1 -

1   relationships with investors, partners, and customers and negatively impact Theranos's ability to

2   attract and raise additional capital, leaving Theranos at a competitive disadvantage relative to its

3   competitors.

4          4.     The Opposition is also replete with trade secrets and commercially sensitive,

5   proprietary business information relating to Theranos's proprietary technology, specific details

6   of its use, and business strategy.  Theranos has gone to great lengths to protect disclosure of

7   information about its proprietary technology, including the Edison.  Theranos would be harmed

8   if competitors had access to this confidential, proprietary information, and it could give

9   Theranos's competitors an advantage in competing with Theranos for limited private financing.

10   Disclosure also could damage Theranos's relationships with investors, partners, and customers,

11   and negatively impact Theranos's ability to attract and raise additional capital, leaving Theranos

12   at a competitive disadvantage relative to its competitors.

13          5.     The Opposition also contains commercially sensitive, non-public business

14   information relating to the identity of Theranos's investors.  The identity of Theranos's investors

15   is commercially sensitive, non-public business information which, if released, would expose

16   Theranos to substantial competitive harm.  Theranos has taken great efforts to maintain the

17   confidentiality of its investors' identities, both to protect their privacy and to maintain its

18   competitive advantage in raising capital.  Public disclosure of Theranos's investors and other

19   investor information would negatively impact Theranos's relationship with those investors,

20   thereby hurting its ability to raise additional capital from those investors, and discourage new

21   investors from investing in Theranos.  Disclosure would also identify potential sources of

22   funding for Theranos's competitors, exposing Theranos to substantial competitive harm.

23          6.     The Opposition also contains commercially sensitive, non-public information

24   relating to the proposed and actual terms of Theranos's litigation settlements, including the

25   names of parties with whom Theranos is engaged in settlement discussions, as well as the

26   settlement amount and timing of settlement payments, both of which demonstrate Theranos's

27   financial position and, therefore, competitive strength.  Public disclosure of this information

28

DECLARATION OF ROBERT K. SMITH IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO
FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL L.R. 7-11 AND 79-5
Case No.  5:16-cv-06822-NC

1   would give competitors an advantage in competing with Theranos for limited private financing.

2   Disclosure also could damage Theranos's relationships with investors, partners, and customers

3   and negatively impact Theranos's ability to attract and raise additional capital, leaving Theranos

4   at a competitive disadvantage relative to its competitors.  Theranos disclosed these settlement

5   agreements and terms to Plaintiffs only because the Protective Order entered by this Court

6   allowed its disclosure on an extremely limited basis.  The entirety of the Opposition has been

7   filed under seal.

8           7.      Appendix A to the Opposition is replete with commercially sensitive, non-public,

9   proprietary information relating to Theranos's insurance coverage, current financial position, and

10  fundraising initiatives.  Theranos's insurance coverage is commercially sensitive proprietary

11  information, and public disclosure will harm Theranos's current and future negotiations with

12  investors and business partners, hinder its ability to litigate other cases in which it is involved,

13  and provide competitors insight into its internal finances, exposing Theranos to substantial

14  competitive harm.  Theranos is a private company and has never released its financial statements

15  publicly.  Theranos's current financial position and asset valuations are sensitive proprietary

16  information, the public disclosure of which will provide competitors insight into Theranos's

17  internal finances, exposing Theranos to substantial competitive harm.  Likewise, the status of

18  Theranos's fundraising initiatives is commercially sensitive, proprietary information.  Public

19  disclosure would give competitors an advantage in competing with Theranos for limited private

20  financing, and could damage Theranos's relationships with investors, partners, and customers

21  and negatively impact Theranos's ability to attract and raise additional capital, leaving Theranos

22  at a competitive disadvantage relative to its competitors.

23          8.      Appendix A to the Opposition also contains commercially sensitive, non-public

24  information relating to the proposed and actual terms of Theranos's litigation settlements,

25  including the names of parties with whom Theranos is engaged in settlement discussions, as well

26  as the settlement amount and timing of settlement payments, both of which demonstrate

27  Theranos's financial position and, therefore, competitive strength.  Public disclosure of this

28

- 3 -

1   information would give competitors an advantage in competing with Theranos for limited private

2   financing.  Disclosure also could damage Theranos's relationships with investors, partners, and

3   customers and negatively impact Theranos's ability to attract and raise additional capital, leaving

4   Theranos at a competitive disadvantage relative to its competitors.  Theranos disclosed these

5   settlement agreements and terms to Plaintiffs only because the Protective Order entered by this

6   Court allowed its disclosure on an extremely limited basis.  The entirety of Appendix A has been

7   filed under seal.

8   **B.      The White Declaration and Exhibits**

9          9.     The July 24, 2017 Declaration of Alexander Ryan White ("White Declaration") is

10  replete with commercially sensitive, non-public, proprietary information relating to Theranos's

11  insurance coverage, current financial position, and fundraising initiatives.  Theranos's insurance

12  coverage is commercially sensitive proprietary information, and public disclosure will harm

13  Theranos's current and future negotiations with investors and business partners, hinder its ability

14  to litigate other cases in which it is involved, and provide competitors insight into its internal

15  finances, exposing Theranos to substantial competitive harm.  Theranos is a private company and

16  has never released its financial statements publicly.  Theranos's current financial position and

17  asset valuations are sensitive proprietary information, the public disclosure of which will provide

18  competitors insight into Theranos's internal finances, exposing Theranos to substantial

19  competitive harm.  Likewise, the status of Theranos's fundraising initiatives is commercially

20  sensitive, proprietary information.  Public disclosure would give competitors an advantage in

21  competing with Theranos for limited private financing, and could damage Theranos's

22  relationships with investors, partners, and customers and negatively impact Theranos's ability to

23  attract and raise additional capital, leaving Theranos at a competitive disadvantage relative to its

24  competitors.

25         10.    The White Declaration is also replete with trade secrets and commercially

26  sensitive, proprietary business information relating to Theranos's proprietary technology,

27  specific details of its use, and business strategy.  Theranos has gone to great lengths to protect

28

- 4 -

1    disclosure of information about its proprietary technology, including the Edison.  Theranos

2    would be harmed if competitors had access to this confidential, proprietary information, and it

3    could give Theranos's competitors an advantage in competing with Theranos for limited private

4    financing.  Disclosure also could damage Theranos's relationships with investors, partners, and

5    customers, and negatively impact Theranos's ability to attract and raise additional capital,

6    leaving Theranos at a competitive disadvantage relative to its competitors.

7          11.     The White Declaration also contains commercially sensitive, non-public business

8    information relating to the identity of Theranos's investors.  The identity of Theranos's investors

9    is commercially sensitive, non-public business information which, if released, would expose

10    Theranos to substantial competitive harm.  Theranos has taken great efforts to maintain the

11    confidentiality of its investors' identities, both to protect their privacy and to maintain its

12    competitive advantage in raising capital.  Public disclosure of Theranos's investors and other

13    investor information would negatively impact Theranos's relationship with those investors,

14    thereby hurting its ability to raise additional capital from those investors, and discourage new

15    investors from investing in Theranos.  Disclosure would also identify potential sources of

16    funding for Theranos's competitors, exposing Theranos to substantial competitive harm.

17          12.     The White Declaration also contains commercially sensitive, non-public

18    information relating to the proposed and actual terms of Theranos's litigation settlements,

19    including the names of parties with whom Theranos is engaged in settlement discussions, as well

20    as the settlement amount and timing of settlement payments, both of which demonstrate

21    Theranos's financial position and, therefore, competitive strength.  Public disclosure of this

22    information would give competitors an advantage in competing with Theranos for limited private

23    financing.  Disclosure also could damage Theranos's relationships with investors, partners, and

24    customers and negatively impact Theranos's ability to attract and raise additional capital, leaving

25    Theranos at a competitive disadvantage relative to its competitors.  Theranos disclosed these

26    settlement agreements and terms to Plaintiffs only because the Protective Order entered by this

27

28

1    Court allowed its disclosure on an extremely limited basis.  The entirety of the White Declaration

2    has been filed under seal.

3          13.      White Declaration Exhibit ("W. Ex.") B contains trade secrets and commercially

4    sensitive, proprietary business information relating to Theranos's proprietary technology,

5    specific details of its use, and business strategy.  Theranos has gone to great lengths to protect

6    disclosure of information about its proprietary technology, including the Edison.  Theranos

7    would be harmed if competitors had access to this confidential, proprietary information, and it

8    could give Theranos's competitors an advantage in competing with Theranos for limited private

9    financing.  Disclosure also could damage Theranos's relationships with investors, partners, and

10   customers, and negatively impact Theranos's ability to attract and raise additional capital,

11   leaving Theranos at a competitive disadvantage relative to its competitors.  The entirety of W. Ex.

12   B has been filed under seal.

13         14.      W. Ex. C contains trade secrets and commercially sensitive, proprietary business

14   information relating to Theranos's proprietary technology, specific details of its use, and

15   business strategy.  Theranos has gone to great lengths to protect disclosure of information about

16   its proprietary technology, including the Edison.  Theranos would be harmed if competitors had

17   access to this confidential, proprietary information, and it could give Theranos's competitors an

18   advantage in competing with Theranos for limited private financing.  Disclosure also could

19   damage Theranos's relationships with investors, partners, and customers, and negatively impact

20   Theranos's ability to attract and raise additional capital, leaving Theranos at a competitive

21   disadvantage relative to its competitors.  The entirety of W. Ex. C has been filed under seal.

22         15.      W. Ex. D contains commercially sensitive, non-public, proprietary information

23   relating to Theranos's current financial position.  Theranos is a private company and has never

24   released its financial statements publicly.  Theranos's current financial position is sensitive

25   proprietary information, the public disclosure of which will provide competitors insight into

26   Theranos's internal finances, exposing Theranos to substantial competitive harm.  The entirety of

27   W. Ex. D has been filed under seal.

28

- 6 -

1    16.    W. Ex. E contains commercially sensitive, non-public, proprietary information

2    relating to Theranos's current financial position.  Theranos is a private company and has never

3    released its financial statements publicly.  Theranos's current financial position is sensitive

4    proprietary information, the public disclosure of which will provide competitors insight into

5    Theranos's internal finances, exposing Theranos to substantial competitive harm.  The entirety of

6    W. Ex. E has been filed under seal.

7    17.    W. Ex. F contains commercially sensitive, non-public, proprietary information

8    relating to Theranos's current financial position.  Theranos is a private company and has never

9    released its financial statements publicly.  Theranos's current financial position is sensitive

10   proprietary information, the public disclosure of which will provide competitors insight into

11   Theranos's internal finances, exposing Theranos to substantial competitive harm.  The entirety of

12   W. Ex. F has been filed under seal.

13   18.    W. Ex. G contains commercially sensitive, non-public, proprietary information

14   relating to Theranos's current financial position.  Theranos is a private company and has never

15   released its financial statements publicly.  Theranos's current financial position is sensitive

16   proprietary information, the public disclosure of which will provide competitors insight into

17   Theranos's internal finances, exposing Theranos to substantial competitive harm.  The entirety of

18   W. Ex. G has been filed under seal.

19   19.    W. Ex. H contains commercially sensitive, non-public, proprietary information

20   relating to Theranos's current financial position.  Theranos is a private company and has never

21   released its financial statements publicly.  Theranos's current financial position is sensitive

22   proprietary information, the public disclosure of which will provide competitors insight into

23   Theranos's internal finances, exposing Theranos to substantial competitive harm.  The entirety of

24   W. Ex. H has been filed under seal.

25   **C.     The Perla Declaration and Exhibits**

26   20.    The July 24, 2017 Declaration of Timothy Perla ("Perla Declaration") contains

27   commercially sensitive, non-public information relating to the proposed and actual terms of

28

- 7 -

DECLARATION OF ROBERT K. SMITH IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO
FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL L.R. 7-11 AND 79-5
Case No.  5:16-cv-06822-NC

Theranos's litigation settlements, including the names of parties with whom Theranos is engaged in settlement discussions, as well as the settlement amount and timing of settlement payments, both of which demonstrate Theranos's financial position and, therefore, competitive strength. Public disclosure of this information would give competitors an advantage in competing with Theranos for limited private financing.  Disclosure also could damage Theranos's relationships with investors, partners, and customers and negatively impact Theranos's ability to attract and raise additional capital, leaving Theranos at a competitive disadvantage relative to its competitors.  Theranos disclosed these settlement agreements and terms to Plaintiffs only because the Protective Order entered by this Court allowed its disclosure on an extremely limited basis.  Paragraphs 2 and 3 of the Perla Declaration contain information relating to the proposed and actual terms of Theranos's litigation settlements and have been redacted.

21.     Perla Declaration Exhibit ("P. Ex.") 1 contains commercially sensitive, non-public information relating to the proposed and actual terms of Theranos's litigation settlements, including the names of parties with whom Theranos is engaged in settlement discussions, as well as the settlement amount and timing of settlement payments, both of which demonstrate Theranos's financial position and, therefore, competitive strength.  Public disclosure of this information would give competitors an advantage in competing with Theranos for limited private financing.  Disclosure also could damage Theranos's relationships with investors, partners, and customers and negatively impact Theranos's ability to attract and raise additional capital, leaving Theranos at a competitive disadvantage relative to its competitors.  Theranos disclosed these settlement agreements and terms to Plaintiffs only because the Protective Order entered by this Court allowed its disclosure on an extremely limited basis.  Page 1 of P. Ex. 1 contains information relating to the proposed and actual terms of Theranos's litigation settlements and have been redacted.

22.     The document produced by Plaintiffs at TH-PLTF-000017 – 19, which is P. Ex. 10, contains information designated by Plaintiffs as "Confidential" under the Protective Order. Pursuant to the Protective Order and Civil L.R. 79-5(e), the designating parties must now

- 8 -

1 | demonstrate that the designated information is sealable or must withdraw the designation of
2 | confidentiality.  The entity of P. Ex 10 has been filed under seal.
3 |
4 |         I declare under penalty of perjury that the foregoing is true and correct.  Executed this
5 | 24th day of July, 2017, in Boston, Massachusetts.

   /s/ Robert K. Smith
   Robert K. Smith

DECLARATION OF ROBERT K. SMITH IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO
FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL L.R. 7-11 AND 79-5
Case No.  5:16-cv-06822-NC

## <u>SIGNATURE ATTESTATION</u>

I am the ECF User whose identification and password are being used to file the foregoing Declaration.  In compliance with Local Rule 5-1(i)(3), I hereby attest that the other signatories have concurred in this filing.


Dated: July 24, 2017                                  WILMER CUTLER PICKERING HALE
                                                                                AND DORR LLP

                                                                    By:  /s/  Michael A. Mugmon
                                                                         Michael A. Mugmon