UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COLMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THERANOS, INC., et al.,<br><br>Defendants. | Case No. 16-cv-06822-NC<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 101, 109, 110, 111, 116, 120 |

Several administrative motions to file under seal are pending in this action. This order addresses them, variously granting or denying as set out below.

Courts in the Ninth Circuit "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). To rebut this presumption, a party seeking to seal a document must make a "particularized showing," *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Furthermore, in this district, a sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to protection under the law. L.R. 79-5(d). The request must be narrowly tailored to seek sealing only of sealable material. *Id.*

1    The standard for granting a party's request to seal a document depends on "whether the motion at issue is more than tangentially related to the underlying cause of action."[1] *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). If the motion is more than tangentially related, the party seeking to seal the document must provide "compelling reasons" for doing so. *Id.* at 1096–97. Under this "stringent" standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096–97 (internal quotation marks and brackets omitted). The court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097 (quoting *Foltz*, 331 F.3d at 1135) (internal quotation marks omitted). Determining what constitutes a compelling reason is "best left to the sound discretion of the trial court." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978). "Examples include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." *Auto Safety*, 809 F.3d at 1097 (internal quotation marks and citations omitted).

If a motion is only tangentially related to the underlying cause of action, the party seeking to seal the documents "need only satisfy the less exacting 'good cause' standard." *Id.* (citing *Foltz*, 331 F.3d at 1135). This standard borrows from Federal Rule of Civil Procedure 26(c)(1), which authorizes a district court, "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Thus, for a motion "unrelated to the merits of [the] case," the Court applies a standard approximating that for issuing a protective order. *Auto Safety*, 809 F.3d at 1097.

---

[1] The distinction between dispositive and non-dispositive motions that courts commonly cite as standard-determinative is not literal. Instead, the motion's relevance to the underlying cause of action controls. *Auto Safety*, 809 F.3d at 1099.

Case No. 16-cv-06822-NC            2

1  The Court finds that the motions at Docket Numbers 101, 109, 110, 111, 116, and
2  120 are more than tangentially related to the underlying causes of action in this case.
3  Thus, the Court applies the "compelling reasons" standard.

4  The table below identifies documents that the parties have sought to seal, with the
5  Court's ruling.  Where the motion is granted, it is because the Court is persuaded that the
6  request is narrowly tailored to specific, confidential information, and that the designating
7  party's proffered reasons are compelling and outweigh the public's interest in access to
8  court records.

| Document | Portion To Be Sealed | Proffered Reason For Sealing | Court's Order |
|---|---|---|---|
| **Dkt. No. 101** | | | |
| Defendants' motion to limit the class definition, Dkt. No. 101-19 | Pages 6 and 15 | Contains identity of non-public Theranos investor, disclosure of which will expose Theranos to substantial competitive harm | DENIED. Murdoch's identity as an investor is in the public domain. |
| Appendix A, Dkt. No. 101-20 | Pages 1–2 | Contains the names and other information of Theranos's investors, such as the dollar value purchased by individual investors, which is commercially sensitive, non-public business information which, if released, would expose Theranos to substantial competitive harm. | GRANTED |

| Document | Portion To Be Sealed | Proffered Reason For Sealing | Court's Order |
|---|---|---|---|
| White Decl., Dkt. No. 101-21 | ¶¶ 12, 14 | Contains identities of non-public Theranos investors, disclosure of which will expose Theranos to substantial competitive harm. | GRANTED as to paragraphs 12, 15–17.<br><br>DENIED as to paragraph 14, because Murdoch's identity as a Theranos investor is in the public domain. |
|  | ¶¶ 15-17 | Contains commercially sensitive and proprietary business information regarding Theranos's current operations and business strategy, disclosure of which may expose Theranos to substantial competitive harm. |  |
| W. Ex. 1 (January 14, 2014 IRA), Dkt. No. 101-22 | Pages 4-15, 17-22, 28 | Contains commercially sensitive and confidential information regarding the structure and amounts of Theranos's financing rounds, proprietary business information regarding its negotiations and agreements with investors, and the identity of Theranos's investors, the public disclosure of which may expose Theranos to substantial competitive harm. | GRANTED |
| W. Ex. 2 (February 7, 2014 IRA), Dkt. No. 101-23 | Pages 4-15, 17-22, 27-30 | Contains commercially sensitive and confidential information regarding the structure and amounts of Theranos's financing rounds, proprietary business information regarding its negotiations and agreements with investors, and the identity of Theranos's investors, the public disclosure of which may expose Theranos to substantial competitive harm. | GRANTED |

| Document | Portion To Be Sealed | Proffered Reason For Sealing | Court's Order |
|---|---|---|---|
| W. Ex. 3 (September 19, 2015 IRA), Dkt. No. 101-24 | Pages 4-22 | Contains commercially sensitive and confidential information regarding the structure and amounts of Theranos's financing rounds, proprietary business information regarding its negotiations and agreements with investors, and the identity of Theranos's investors, the public disclosure of which may expose Theranos to substantial competitive harm. | GRANTED |
| W. Ex. 4 (December 18, 2015 IRA), Dkt. No. 101-25 | Pages 4-14, 16-22 | Contains commercially sensitive and confidential information regarding the structure and amounts of Theranos's financing rounds, proprietary business information regarding its negotiations and agreements with investors, and the identity of Theranos's investors, the public disclosure of which may expose Theranos to substantial competitive harm. | GRANTED |
| W. Ex. 5 (Joinders and Signature Pages), Dkt. No. 101-26 | Pages 1, 3-6, 9-14, 17-20, 22-36 | Contains identities and identifying information of non-public Theranos investors, disclosure of which will expose Theranos to substantial competitive harm.<br><br>Contains investors' personal addresses and amount of their investment, and disclosure of this information could lead to harassment and would violate investors' privacy interests. | GRANTED |

| Document | Portion To Be Sealed | Proffered Reason For Sealing | Court's Order |
|---|---|---|---|
| W. Ex. 6 (C-1 SPA (as of January 14, 2014)), Dkt. No. 101-27 | Pages 5-20, 25-37 | Contains commercially sensitive and confidential information regarding the structure and amounts of Theranos's financing rounds, proprietary business information regarding its negotiations and agreements with investors, and the identity of Theranos's investors, the public disclosure of which may expose Theranos to substantial competitive harm. | GRANTED |
| W. Ex. 7 (C-1 SPA Amend. No. 1 (as of Jan. 14, 2014)) Dkt. No. 101-28 | Pages 1-2, 4 | Contains commercially sensitive and confidential information regarding the structure and amounts of Theranos's financing rounds, proprietary business information regarding its negotiations and agreements with investors, and the identity of Theranos's investors, the public disclosure of which may expose Theranos to substantial competitive harm. | GRANTED |
| W. Ex. 8 (C-2 SPA (as of Feb. 7, 2014)), Dkt. No. 101-29 | Pages 1-15 | Contains commercially sensitive and confidential information regarding the structure and amounts of Theranos's financing rounds, proprietary business information regarding its negotiations and agreements with investors, and the identity of Theranos's investors, the public disclosure of which may expose Theranos to substantial competitive harm. | GRANTED |

| Document | Portion To Be Sealed | Proffered Reason For Sealing | Court's Order |
|---|---|---|---|
| W. Ex. 10 (August 11, 2016 Draft Term Sheet Proposed by Cravath), Dkt. No. 101-30 | Whole Exhibit | Contains Theranos's confidential business and negotiation strategies, disclosure of which will expose Theranos to substantial competitive harm. | GRANTED |
| W. Ex. 11 (Information Statement), Dkt. No. 101-31 | Pages 156-58 | Contains commercially sensitive information, including non-public valuations of Theranos stock and the scope of Theranos's insurance coverage, which are indicative of Theranos's financial position and, therefore, competitive strength, disclosure of which will expose Theranos to substantial competitive harm. | GRANTED |
| W. Ex. 14 (Fourth Supplemental Notice Concerning Certain Litigation), Dkt. No. 101-32 | Pages 2-3 | Contains commercially sensitive information, including non-public valuations of Theranos stock and the scope of Theranos's insurance coverage, which are indicative of Theranos's financial position and, therefore, competitive strength, disclosure of which will expose Theranos to substantial competitive harm. | GRANTED |

| Document | Portion To Be Sealed | Proffered Reason For Sealing | Court's Order |
|---|---|---|---|
| W. Ex. 15 (Exchange and Release Signature Pages), Dkt. No. 101-33 | Pages 1-16, 17-24 | Contains identities and identifying information of non-public Theranos investors, and disclosure of which will expose Theranos to substantial competitive harm.<br><br>Contain investors' personal addresses, disclosure of this information could lead to harassment and would violate investors' privacy interests. | GRANTED |
| W. Ex. 16 (PFM Settlement Agreement), Dkt. No. 101-34 | Whole Exhibit | Contains commercially sensitive information, including the settlement amount and Theranos's capital structure, disclosure of which would give competitors an advantage in competing with Theranos. | GRANTED |
| W. Ex. 17 (December 2016 Settlement Agreement), Dkt. No. 101-35 | Whole Exhibit | Contains commercially sensitive information, including the settlement amount and Theranos's capital structure, disclosure of which would give competitors an advantage in competing with Theranos. | GRANTED |
| P. Ex. A (LVG XI Subscription Agreement), Dkt. No. 101-36 | Whole Exhibit | Contains information designated by Plaintiffs as "Confidential" under the Protective Order, and pursuant to the Protective Order and Civil L.R. 79-5(e), the designating parties must now demonstrate that the designated information is sealable or must withdraw the designation of confidentiality. | DENIED. Plaintiffs did not file a declaration laying out basis for sealing, as required by L.R. 79-5(e)(1). |

Case No. 16-cv-06822-NC          8

| Document | Portion To Be Sealed | Proffered Reason For Sealing | Court's Order |
|---|---|---|---|
| P. Ex. B (Celadon Subscription Agreement), Dkt. No. 101-37 | Whole Exhibit | Contains information designated by Plaintiffs as "Confidential" under the Protective Order, and pursuant to the Protective Order and Civil L.R. 79-5(e), the designating parties must now demonstrate that the designated information is sealable or must withdraw the designation of confidentiality. | DENIED. Plaintiffs did not file a declaration laying out basis for sealing, as required by L.R. 79-5(e)(1). |
| P. Ex. C (Notices of Subpoenas to Third Parties), Dkt. No. 101-38 | Pages 2, 8 | Contains the names of Theranos's investors, which is commercially sensitive, non-public business information which, if released, would expose Theranos to substantial competitive harm. | GRANTED |
| P. Ex. D (Third-Party Shareholder's Responses and Objections), Dkt. No. 101-39 | Pages 1-17, 20-32 | Contains the names of Theranos's investors, which is commercially sensitive, non-public business information which, if released, would expose Theranos to substantial competitive harm. | GRANTED |

| Document | Portion To Be Sealed | Proffered Reason For Sealing | Court's Order |
|---|---|---|---|
| **Dkt. No. 109** | | | |
| Motion for injunctive relief and to provisionally certify a mandatory limited fund class, Dkt. No. 109-3 | Page 1:4; 1:20-21; 1:25; 2:1-2; 3:13-16; 3:19-20; 4:1-4; 9:17-18; 12:18-22; 13:5-6; 13 (FN61, FN62); 24:7-10 | Contains confidential information relating to Theranos's litigation settlements | GRANTED |
| | Page 1:16-17; 1:21-23; 1:26-2:2; 4:4-6; 4 (FN12); 9:15-10:10; 10:13; 10:15-16; 13:7: 13:9-10; 14:1; 16:6-8; 24:8-10 | Contains confidential information relating to Theranos's finances | |
| | Page 1:4; 1:23; 2:2; 3:13-15; 3 (FN7); 10:9; 13 (FN60, FN61, FN62); 14:1; 14:3-4; 14:6 | Contains confidential information relating to Theranos's investor identity | |
| Exhibit C to Kathrein Decl., Dkt. No. 109-6 | Page 26 (Tr. 39:13; 39:17-22); 27 (Tr. 40:4-9; 40:13-15); 31 (Tr. 44:13-22); 33 (Tr. 46:2-17); 34 (Tr. 47:1-4; 47: 6-12); 36 (Tr. 49:16; 49:19-21); 41 (Tr. 54:2-11); 42 (Tr. 55:10-11; 55:15-18); 48 (Tr. 80:3-18) | Contains confidential information relating to Theranos's litigation settlements | GRANTED |

Case No. 16-cv-06822-NC            10

| Document | Portion To Be Sealed | Proffered Reason For Sealing | Court's Order |
|---|---|---|---|
| Exhibit C to Kathrein Decl., Dkt. No. 109-6 (*continued*) | Page 10 (Tr. 9:7-9; 9:14-16); 22 (Tr. 35:1-21; 35:25); 23 (Tr. 36:1-2; 36:8; 36:11-12; 36:17); 24 (Tr. 37:2-6; 37:13; 37:19); 25 (Tr. 38:4-6; 38: 9-14; 38:18; 38:21); 26 (Tr. 39: 3-5; 39: 7-11); 27 (Tr. 40:4-9); 33 (Tr. 46:18-19); 35 (Tr. 48:11-13; 48:17-25); 36 (Tr. 49:1-6; 49:14; 49:19-25); 37 (Tr. 50:1-16; 50:20-25); 38 (Tr. 51:1-6); 39 (Tr. 52:20; 52:25); 40 (Tr. 53:4; 53:14: 53:18; 53:23); 41 (Tr. 54:2-14; 54:17-25); 42 (Tr. 55:1-8; 55:12-21); 43-44 (Tr. 61:4-62:25); 49-50 (Tr. 83:10-17; 83:19-84:2) | Contains confidential information relating to Theranos's finances | GRANTED |
| | Page 26 (Tr. 39:25), 27 (40:14-15; 40:18; 40:22); 28 (Tr. 41:8; 41:11; 41:22-24), 29 (Tr. 42:18); 30 (Tr. 43:9-13; 43:17), 31 (Tr. 44:5; 44:9; 44:14; 44:18); 45 (Tr. 70:15; 70:20; 70:23; 70:25); 46 (Tr. 71:5; 71:7; 71:10; 71:19; 71:22); 47 (Tr. 72:10-12); 49 (Tr. 83:1-2); 50 (Tr. 84:14-15) | Contains confidential information relating to Theranos's investors | |

| Document | Portion To Be Sealed | Proffered Reason For Sealing | Court's Order |
|---|---|---|---|
| Exhibit D to Kathrein Decl., Dkt. No. 109-6 | Entire document | Contains confidential information relating to Theranos's litigation settlements | GRANTED |
| Exhibit E to Kathrein Decl., Dkt. No. 109-6 | Entire document | Contains confidential information relating to Theranos's litigation settlements and finances | GRANTED |
| Exhibit F to Kathrein Decl., Dkt. No. 109-6 | Entire document | Contains confidential information relating to Theranos's investors | GRANTED |
| Exhibit J to Kathrein Decl., Dkt. No. 109-8 | Entire document | Contains confidential information relating to Theranos's finances | GRANTED |
| Exhibit K to Kathrein Decl., Dkt. No. 109-8 | Entire document | Contains confidential information relating to Theranos's finances | GRANTED |
| Exhibit L to Kathrein Decl., Dkt. No. 109-8 | Entire document | Contains confidential information relating to Theranos's litigation settlements | GRANTED |
| Exhibit R to Kathrein Decl., Dkt. No. 109-10 | Pages 12 (Tr. 70:5-20); 13 (Tr. 71:2-5) | Contains confidential information relating to Theranos's technology | DENIED. The transcript reveals nothing meaningful about the Edison machine, which is already in the public record. |
| Exhibit X to Kathrein Decl., Dkt. No. 109-12 | Page 14 (Tr. 42:19) | Contains confidential information relating to Theranos's finances | GRANTED |

| Document | Portion To Be Sealed | Proffered Reason For Sealing | Court's Order |
|---|---|---|---|
| Plaintiffs' motion to shorten time, Dkt. No. 109-16 | Page 3:11-12; 3:23-4:1; 4:5-11; 4 (FN14); 5:9-11 | Contains confidential information relating to Theranos's litigation settlements | GRANTED |
| | Page 3:6-12; 3:18-4:2; 4 (FN9); 5:3-4; 5:9-11 | Contains confidential information relating to Theranos's finances | |
| | Page 4:8-9; 4 (FN14) | Contains confidential information relating to Theranos's investors | |
| **Dkt. No. 110** | | | |
| Attachment B to joint statement, Dkt. No. 110-5 | Page 38 (Tr. 18:17); 102 (Tr. 42:20) | Contains confidential information about a bonus paid to a former employee and a former employee's personal email address | GRANTED |
| **Dkt. No. 111** | | | |
| Defendants' response to Plaintiffs' motion to shorten time, Dkt. No. 111-4 | Highlighted portions of paragraphs two and three | Contains confidential information about settlement details and intellectual property valuation. | GRANTED |
| **Dkt. No. 116** | | | |
| Opposition, Dkt. No. 116-4 | Entire Document | Contains sensitive, non-public, proprietary information relating to Theranos's insurance coverage, current financial position, and fundraising initiatives; Theranos's intellectual property and business strategy; identities of non-public Theranos investors; proposed and actual terms of Theranos's litigation settlements, disclosure of which will expose Theranos to substantial competitive harm. | DENIED. Defendants' request is not narrowly tailored and Defendants do not identify specific confidential information. *See* L.R. 79-5(d). |

| Document | Portion To Be Sealed | Proffered Reason For Sealing | Court's Order |
|---|---|---|---|
| Appendix A, Dkt. No. 116-5 | Entire Document | Contains sensitive, non-public, proprietary information relating to Theranos's insurance coverage, current financial position, and fundraising initiatives, disclosure of which will expose Theranos to substantial competitive harm.<br><br>Contains commercially sensitive, non-public information relating to the proposed and actual terms of Theranos's litigation settlements, disclosure of which would expose Theranos to substantial competitive harm. | GRANTED |
| White Declaration, Dkt. No. 116-6 | Entire Document | Contains sensitive, non-public, proprietary information relating to Theranos's insurance coverage, current financial position, and fundraising initiatives; Theranos's intellectual property and business strategy; identities of non-public Theranos investors; proposed and actual terms of Theranos's litigation settlements, disclosure of which will expose Theranos to substantial competitive harm. | DENIED. Defendants' request is not narrowly tailored and Defendants do not identify specific confidential information. *See* L.R. 79-5(d). |

United States District Court
Northern District of California

| Document | Portion To Be Sealed | Proffered Reason For Sealing | Court's Order |
|---|---|---|---|
| W. Ex. B, Dkt. No. 116-7 | Entire Document | Contains sensitive and proprietary business information regarding Theranos's intellectual property and business strategy, disclosure of which will expose Theranos to substantial competitive harm. | GRANTED |
| W. Ex. C, Dkt. No. 116-8 | Entire Document | Contains sensitive and proprietary business information regarding Theranos's intellectual property and business strategy, disclosure of which will expose Theranos to substantial competitive harm. | GRANTED |
| W. Ex. D, Dkt. No. 116-9 | Entire Document | Contains sensitive, non-public, proprietary information relating to Theranos's current financial position, disclosure of which will expose Theranos to substantial competitive harm. | GRANTED |
| W. Ex. E, Dkt. No. 116-10 | Entire Document | Contains sensitive, non-public, proprietary information relating to Theranos's current financial position, disclosure of which will expose Theranos to substantial competitive harm. | GRANTED |
| W. Ex. F, Dkt. No. 116-11 | Entire Document | Contains sensitive, non-public, proprietary information relating to Theranos's current financial position, disclosure of which will expose Theranos to substantial competitive harm. | GRANTED |

| Document | Portion To Be Sealed | Proffered Reason For Sealing | Court's Order |
|---|---|---|---|
| W. Ex. G, Dkt. No. 116-12 | Entire Document | Contains sensitive, non-public, proprietary information relating to Theranos's current financial position, disclosure of which will expose Theranos to substantial competitive harm. | GRANTED |
| W. Ex. H, Dkt. No. 116-13 | Entire Document | Contains sensitive, non-public, proprietary information relating to Theranos's current financial position, disclosure of which will expose Theranos to substantial competitive harm. | GRANTED |
| Perla Declaration, Dkt. No. 116-15 | ¶¶ 2-3 | Contains commercially sensitive, non-public information relating to the proposed and actual terms of Theranos's litigation settlements, disclosure of which would expose Theranos to substantial competitive harm. | GRANTED |
| P. Ex 1, Dkt. No. 116-17 | Page 1 | Contains commercially sensitive, non-public information relating to the proposed and actual terms of Theranos's litigation settlements, disclosure of which would expose Theranos to substantial competitive harm. | GRANTED |

| Document | Portion To Be Sealed | Proffered Reason For Sealing | Court's Order |
|---|---|---|---|
| P. Ex 10, Dkt. No. 116-18 | Entire Document | Contains information designated by Plaintiffs as "Confidential" under the Protective Order, and pursuant to the Protective Order and Civil L.R. 79-5(e), the designating parties must now demonstrate that the designated information is sealable or must withdraw the designation of confidentiality. | GRANTED |
| **Dkt. No. 120** | | | |
| Plaintiffs' reply brief, Dkt. No. 120-3 | Entire document | Contains confidential information regarding Theranos's investors and finances. | DENIED. Theranos did not make particularized showings of confidentiality in its declaration in support of keeping the document under seal. |
| Plaintiffs' opposition to Defendants' motion to limit the putative class, Dkt. No. 120-8. | Page 3:9<br><br>Page 2:7, 11:14-17, FN 44, 12:1-2 | Contains confidential information regarding Theranos's investors<br><br>Contains confidential information regarding Theranos's finances. | GRANTED |

Under Local Rule 79-5(f)(2)–(3), where the motion to seal is denied, the document sought to be sealed will not be considered by the Court unless the submitting party files an unredacted or properly redacted version within seven days, by August 11, 2017. This includes any document or part of a document that is currently filed under seal but was either denied or not enumerated in the table above.[2]

---

[2] For example, at Dkt. No. 109-10, Exhibit R to the Kathrein Decl. was denied sealing in the table, and Exhibits S and T are not in the table because Theranos did not include them in its declaration in support of sealing, Dkt. No. 114. Therefore, all need to be re-filed in fully unredacted form. Similarly, Dkt. No. 109-16 must be re-filed with only the redactions listed in the table. These are just examples.

However, the parties are granted leave to cure the following deficiencies by August 9, 2017:

- For Dkt. Nos. 101-36 and 101-37, Plaintiffs may file a declaration providing compelling reasons to keep their confidential information under seal.
- For Dkt. Nos. 116-4 and 116-6, Defendants may re-file their motion to seal, offering specific redactions within the documents instead of sealing the documents completely.
- For Dkt. No. 120-3, Theranos may file a supplemental declaration that specifies confidential information and offers redactions.

If the designating party fails to submit such a declaration or renewed motion, or fails to provide sufficiently compelling reasons to seal the specified information, then the submitting party must submit unredacted versions of those documents by August 11, 2017, in accordance with Local Rule 79-5(f).

**IT IS SO ORDERED.**

Dated:  August 4, 2017   _____
NATHANAEL M. COUSINS
United States Magistrate Judge