UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COLMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THERANOS, INC., et al.,<br><br>Defendants. | Case No. 16-cv-06822-NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>Re: ECF 177, 187, 195 |

Three sealing motions are pending, all relating to the briefing on Plaintiffs' motion for class certification. ECF 177, 187, 195. Applying the "compelling reasons" standard, the Court variously grants and denies the motions.

## I. Legal Standard

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.' " *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,'

1   such as the use of records to gratify private spite, promote public scandal, circulate libelous
2   statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435
3   U.S. at 598). "The mere fact that the production of records may lead to a litigant's
4   embarrassment, incrimination, or exposure to further litigation will not, without more,
5   compel the court to seal its records." *Id.* And similarly, "[a]n unsupported assertion of
6   unfair advantage to competitors without explaining how a competitor would use the
7   information to obtain an unfair advantage is insufficient." *Hodges v. Apple, Inc.*, No. 13–
8   cv–01128–WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) (internal quotation
9   marks and alterations omitted); *see also Open Text S.A. v. Box, Inc.*, No. 13–cv–04910–JD,
10  2014 WL 7368594, at *2 (N.D. Cal. Dec. 26, 2014).

11  Conversely, filings that are only tangentially related to the merits may be sealed
12  upon a lesser showing of "good cause." *Ctr. for Auto Safety*, 809 F.3d at 1097. The "good
13  cause" standard requires a "particularized showing" that "specific prejudice or harm will
14  result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors
15  Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad
16  allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not
17  suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation
18  omitted).

19  In addition, sealing motions filed in this district must be "narrowly tailored to seek
20  sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document
21  in whole or in part must file a declaration establishing that the identified material is
22  "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that
23  allows a party to designate certain documents as confidential is not sufficient to establish
24  that a document, or portions thereof, are sealable." *Id.*

25  Here, the three pending motions to seal relate to Plaintiffs' motion for class
26  certification. Courts in this district have not been consistent in which standard applies to
27  sealing motions related to class certification, and the Ninth Circuit has not specifically
28  ruled on this issue. *Compare Racies v. Quincy Bioscience, LLC*, No. 15-cv-00292-HSG,

2017 WL 6405612, at *2 (N.D. Cal. Dec. 15, 2017) (applying the "compelling reasons" standard) *with In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2013 WL 3014138, at *1 (N.D. Cal. June 17, 2013) (applying the "good cause" standard). Before 2016, courts in this district looked to whether a sealing motion's underlying motion was dispositive or non-dispositive to determine which standard to apply to the sealing motion. *See*, *e.g.*, *In re High-Tech Employee Antitrust Litig.*, No. 11-cv-02509-LHK, 2013 WL 163779, at *1 (N.D. Cal. Jan. 15, 2013) (citing *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litigation*, 686 F.3d 1115, 1119 (9th Cir. 2012)). Generally, courts treated motions for class certification as non-dispositive and therefore subject to the "good cause" standard, but still recognized that "there may be circumstances in which a motion for class certification is case dispositive," for example where the "denial of class status means that the stakes are too low for the named plaintiffs to continue the matter." *Id.* at *2 n.1 (internal quotation marks omitted); *see also Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-02549-NJV, 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) ("Unless the denial of a motion for class certification would constitute the death knell of a case, the vast majority of courts within this circuit treat motions for class certification as nondispositive motions to which the good cause sealing standard applies.").

However, in 2016, the Ninth Circuit clarified in *Center for Auto Safety* that determining the proper standard to apply in a sealing motion depends on the underlying motion's relation to the case's merits, sweeping aside the dispositive/non-dispositive binary that governed before. *See* 809 F.3d at 1101–02.

Applying *Center for Auto Safety*, the Court finds Plaintiffs' motion for class certification not only affects the scope of the case, but also relates directly to Plaintiffs' theory that Defendants committed fraud through large-scale public misrepresentations. *See generally* First Amend. Compl. (ECF 173). This makes the class certification motion more than tangentially related to the merits of the case. Thus, bearing in mind the "strong presumption in favor of access" to court records, *Kamakana*, 447 F.3d at 1178, the Court applies the "compelling reasons" standard to these motions to seal the briefing on

Plaintiffs' motion for class certification. *Accord Racies*, 2017 WL 6405612, at *2.

## II. Discussion

Before applying the compelling reasons standard to the motions at hand, the Court notes that public circumstances surrounding this case have changed since the Court's earlier orders on motions to seal. *See*, *e.g.*, ECF 127. Most notably, the Securities and Exchange Commission (SEC), a public federal agency, filed two civil lawsuits against the defendants in this case on March 14, 2018, alleging fraud claims similar to Plaintiffs'. *See Sec. and Exch. Comm'n v. Holmes*, Case No. 18-cv-01602-EJD (action against Elizabeth Holmes and Theranos, Inc.); *Sec. and Exch. Comm'n v. Balwani*, Case No. 18-cv-01603-BLF (action against Ramesh Balwani). Holmes and Theranos settled the case against them without admitting or denying wrongdoing, and Holmes agreed, among other consequences, to pay $500,000 in penalties to the SEC and be barred from serving as an officer or director of a public company for ten years. *See* ECF 9, 10 in Case No. 18-cv-01602. The case against Balwani is ongoing. The import of the SEC cases to this case is that a government agency tasked with protecting investors and maintaining fair securities markets has accused Defendants of large-scale fraud, reflecting a heightened public interest in the fraud allegations here.

The public's interest is also reflected in a letter the Court received this week from a journalist and documentary filmmaker seeking open access to court records. *See* ECF 212. A "strong presumption in favor of access" is the starting point for a sealing motion anyway, *Kamakana*, 447 F.3d at 1178–79 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)), and this letter makes clear the public's hankering to know the facts behind this case. The public's concern is particularly relevant at this stage of the case, where the gravamen of Plaintiffs' motion for class certification is that Defendants defrauded investors through a large-scale, public campaign of false representations.

The court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation

Case No. 16-cv-06822-NC  4

marks and brackets omitted). At this juncture, the parties' reasons to seal documents must be particularly compelling in order to overcome the intensified public interest in open access to court documents. And to re-emphasize, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (quoting *Nixon*, 435 U.S. at 598).

The Court addresses each of the three sealing motions below. The tables identify the documents the parties seek to maintain under seal, with the Court's ruling. For documents or redactions where the request is granted, it is because the party seeking sealing has presented a narrowly tailored request and established that compelling reasons outweigh the public's strong interest in access, such that the document, or portion of it, must remain under seal. Where denied, it is because the reasons presented for sealing, if any, are not sufficiently compelling to deny public access.

**A.   ECF 177**

Pursuant to the parties' stipulated protective order, Plaintiffs move to file under seal their motion for class certification, the supporting declaration of Reed Kathrein, and Exhibits A-Y and CC-RR to the Kathrein Declaration. ECF 177.  Though untimely under Civil Local Rule 79-5(e)(1) and this Court's order granting the parties' stipulation to extend time to respond, defendant Theranos, Inc. and non-parties Donald A. Lucas; Peer Ventures Group IV, LP & PVG Management III, LLC; OPA Holdings SPV, LP; and Black Diamond Ventures XII-B, LLC filed declarations in support of maintaining certain of these documents under seal. *See* ECF 180, 181, 183, 184, 185.

| Document | Portion To Be Sealed | Party Seeking Sealing | Proffered Reasons For Sealing | Court's Order |
|---|---|---|---|---|
| Motion for Class Certification, ECF 177-3 | Proposed redactions at ECF 211-1 | Theranos | Contains identities and identifying information of non-public Theranos investors; contains the name of one of | DENIED. |

Case No. 16-cv-06822-NC             5

| Document | Portion To Be Sealed | Party Seeking Sealing | Proffered Reasons For Sealing | Court's Order |
|---|---|---|---|---|
| | | | Theranos's partners; contains commercially sensitive, proprietary business information relating to Theranos's technology. | |
| | Pages 2:16–3:2 & n.6; 3:7–3:11 & n.9; 4:12–4:13 & nn.16, 17; 9 n.46. | Lucas | None | DENIED. Lucas provides no reason to seal these proposed redactions, seemingly relying on the mere fact that they cite to the exhibits Lucas seeks to seal. More is needed to deprive the public of access. |
| Kathrein Decl., ECF 177-4 | Proposed redactions at ECF 211-2 | Theranos | Contains identities and identifying information of non-public Theranos investors; contains the name of one of Theranos's partners. | DENIED. |
| Exhibit A to Kathrein Decl., ECF 177-5 | Proposed redactions at ECF 211-3 | Theranos | Contains identities and investment amounts of non-public Theranos investors. | DENIED. |
| Exhibit B to Kathrein Decl., ECF 177-5 | Proposed redactions at ECF 211-4 | Theranos | Contains contact information of a non-public Theranos investor. | GRANTED. |
| Exhibit C to Kathrein Decl., ECF 177-5 | Proposed redactions at ECF 211-5 | Theranos | Contains the names of Theranos's partners; Contains private contact information of Theranos employees. | GRANTED IN PART. The redactions consisting of personal contact information must remain under seal. The motion is DENIED as to the rest of the exhibit. |
| Exhibit D to Kathrein Decl., ECF 177-5 | Proposed redactions at ECF 211-6 | Theranos | Contains the names of Theranos's partners; contains commercially sensitive, proprietary business information regarding Theranos's negotiations with | GRANTED IN PART. The redactions consisting of personal contact information must remain under seal. The motion is DENIED as to the rest |

| Document | Portion To Be Sealed | Party Seeking Sealing | Proffered Reasons For Sealing | Court's Order |
|---|---|---|---|---|
| | | | partners; contains private contact information of Theranos's employees and/or partners. | of the exhibit. |
| Exhibit E to Kathrein Decl., ECF 177-5 | Proposed redactions at ECF 211-7 | Theranos | Contains the name of one of Theranos's partners; contains commercially sensitive, proprietary business information regarding Theranos's negotiations with partners; contains private contact information of Theranos's employees and/or investors. | GRANTED IN PART. Mr. Miquelon's personal email address must remain under seal. The motion is DENIED as to the rest of the exhibit. |
| Exhibit F to Kathrein Decl., ECF 177-5 | Proposed redactions at ECF 211-8 | Theranos | Contains the names of Theranos's partners; contains private contact information of Theranos's employees and/or consultants. | GRANTED IN PART. The redactions consisting of personal contact information must remain under seal. The motion is DENIED as to the rest of the exhibit. |
| Exhibit G to Kathrein Decl., ECF 177-5 | Proposed redactions at ECF 211-9 | Theranos | Contains private contact information of Theranos's employees and/or consultants. | GRANTED IN PART. The redactions consisting of personal contact information must remain under seal. The motion is DENIED as to the rest of the exhibit. |
| Exhibit H to Kathrein Decl., ECF 177-5 | Proposed redactions at ECF 211-10 | Theranos | Contains identity and identifying information of non-public Theranos investors; contains private contact information of Theranos's employees and/or investors | GRANTED IN PART. The redactions consisting of personal contact information must remain under seal. The motion is DENIED as to the rest of the exhibit. |

| Document | Portion To Be Sealed | Party Seeking Sealing | Proffered Reasons For Sealing | Court's Order |
|---|---|---|---|---|
| Exhibit I to Kathrein Decl., ECF 177-5 | Proposed redactions at ECF 211-11 | Theranos | Contains identity and identifying information of a non-public Theranos investor; contains private contact information of Theranos's employees and/or partners. | GRANTED IN PART. The redactions consisting of names and contact information of the individual employees must remain under seal. The motion is DENIED as to the rest of the exhibit. |
| Exhibit J to Kathrein Decl., ECF 177-5 | Proposed redactions at ECF 211-12 | Theranos | Contains identity and identifying information of a non-public Theranos investor; contains private contact information of Theranos's employees and/or investors. | GRANTED IN PART. The redactions consisting of personal contact information must remain under seal. The motion is DENIED as to the rest of the exhibit. |
| Exhibit M to Kathrein Decl., ECF 177-5 | Proposed redactions at ECF 211-13 | Theranos | Contains identity and identifying information of a non-public Theranos investor; contains private contact information of Theranos's employees and/or investors. | GRANTED. |
| Exhibit N to Kathrein Decl., ECF 177-5 | Proposed redactions at ECF 211-14 | Theranos | Contains commercially sensitive, proprietary business information relating to Theranos's technology; contains private contact information of Theranos's employees and/or consultants. | GRANTED IN PART. The redactions consisting of personal contact information must remain under seal. The motion is DENIED as to the rest of the exhibit. |
| Exhibit O to Kathrein Decl., ECF 177-5 | Proposed redactions at ECF 211-15 | Theranos | Contains private contact information of a Theranos employee. | GRANTED. |
| Exhibit P to Kathrein Decl., ECF 177-5 | Proposed redactions at ECF 211-16 | Theranos | Contains commercially sensitive, proprietary business information | GRANTED IN PART. The redactions consisting of personal contact information |

| Document | Portion To Be Sealed | Party Seeking Sealing | Proffered Reasons For Sealing | Court's Order |
|---|---|---|---|---|
| | | | regarding Theranos's strategy for FDA approval; contains commercially sensitive, proprietary business information and trade secrets regarding Theranos's technology, validation and use by third-parties; contains commercially sensitive, proprietary business information regarding Theranos's non-public negotiations with partners; contains the names of Theranos's partners and potential partners; contains commercially sensitive, proprietary business information regarding Theranos's finances and insurance coverage; contains private contact information of Theranos's employees | must remain under seal; the insurance policy numbers (but not insurance carrier names) on pages 81 and 82 of the PDF at ECF 2116-16 must remain under seal. The motion is DENIED as to the rest of the exhibit. |
| Exhibit Q to Kathrein Decl., ECF 177-5 | Proposed redactions at ECF 211-17 | Theranos | Contains identities of non-public Theranos investors; contains commercially sensitive, proprietary business information regarding Theranos's strategy for FDA approval; contains commercially sensitive, proprietary business information and trade secrets regarding Theranos's technology, validation and use by third- | GRANTED IN PART. The redactions consisting of personal contact information must remain under seal. The motion is DENIED as to the rest of the exhibit. |

| Document | Portion To Be Sealed | Party Seeking Sealing | Proffered Reasons For Sealing | Court's Order |
|---|---|---|---|---|
| | | | parties; contains private contact information of Theranos employees. | |
| Exhibit R to Kathrein Decl., ECF 177-5 | Proposed redactions at ECF 211-18 | Theranos | Contains commercially sensitive, proprietary business information and trade secrets regarding Theranos's technology, validation and use by third-parties; contains commercially sensitive, proprietary business information regarding Theranos's finances; contains commercially sensitive, proprietary business information regarding Theranos's strategy for FDA approval; contains private contact information of Theranos employees. | GRANTED IN PART. The redactions consisting of personal contact information must remain under seal. The motion is DENIED as to the rest of the exhibit. |
| Exhibit T to Kathrein Decl., ECF 177-5 | Proposed redactions at ECF 211-19 | Theranos | Contains identities and investment amounts of non-public Theranos investors; contains commercially sensitive, proprietary business information regarding Theranos's strategy for FDA approval. | DENIED. (However, the redactions articulated below in response to Lucas's sealing request must remain under seal.) |
| | Pages 11, 18-20, 26-45, 63-71, 101 | Lucas | Irrelevant; contains private medical information; competitive disadvantage | GRANTED IN PART. Lucas's family privacy provides compelling reasons to seal the narrowly tailored redactions at deposition pages 20:7–20:14, 32:13–32:15, 33:11–33:18, 45:22– |

| Document | Portion To Be Sealed | Party Seeking Sealing | Proffered Reasons For Sealing | Court's Order |
|---|---|---|---|---|
| | | | | 45:25. The motion is DENIED as to the rest of the exhibit. |
| Exhibit U to Kathrein Decl., ECF 177-5 | Proposed redactions at ECF 211-20 | Theranos | Contains identities and investment amounts of non-public Theranos investors; contains commercially sensitive, proprietary business information regarding Theranos's strategy for and decisions regarding whether to exercise its right of first refusal to buy back Theranos securities. | DENIED. |
| Exhibit X to Kathrein Decl., ECF 177-5 | Proposed redactions at ECF 211-21 | Theranos | Contains identities and investment amounts of non-public Theranos investors; contains commercially sensitive, proprietary business information regarding Theranos's strategy for and decisions regarding whether to exercise its right of first refusal to buy back Theranos securities. | GRANTED IN PART. The personal contact information on page 5 of the PDF document at ECF 211-21 must remain under seal. The motion is DENIED as to the rest of the exhibit. |
| Exhibit Y to Kathrein Decl., ECF 177-5 | Entire exhibit | Lucas | Contains non-public email addresses and phone numbers | GRANTED IN PART. The redactions consisting of personal contact information must remain under seal. The motion is DENIED as to the rest of the exhibit. |
| Exhibits CC and II to Kathrein Decl., ECF 177-7 | Entire exhibits | Peer Ventures | Competitive harm; disclosure of trade secrets; unnecessary complications in operations and fundraising | GRANTED. |

Case No. 16-cv-06822-NC          11


| Document | Portion To Be Sealed | Party Seeking Sealing | Proffered Reasons For Sealing | Court's Order |
|---|---|---|---|---|
| Exhibits DD and EE to Kathrein Decl., ECF 177-7 | Entire exhibit | Lucas | Competitive harm; sensitive financial information; disclosure of trade secrets | GRANTED. |
| Exhibits FF and KK to Kathrein Decl., ECF 177-7 | Entire exhibits | Black Diamond Ventures | Competitive harm; disclosure of trade secrets; invasion of investors' privacy rights | GRANTED. |
| Exhibit LL to Kathrein Decl., ECF 177-7 | Entire exhibit | Lucas | Competitive harm | GRANTED IN PART. There are compelling reasons to seal the narrowly tailored redactions proposed in ¶ 27 of the Heaps Decl. (ECF 184): Page 6, Provision 3.2; Page 76, Provision 5.1(b)(ii); Page 7-8, Provisions 4.1 and 4.2; Page 9, Provision 5.1; Page 11, Provisions 5.6 and 5.7; Page 78-79, Provision 6.1(b). The motion is DENIED as to the rest of the exhibit. |
| Exhibit MM to Kathrein Decl., ECF 177-7 | Article II, Article IV, Sections 7.1 and 7.6 of Article VI, Article IX (as redacted in ECF 180-1) | OPA Holdings | Competitive harm; disclosure of trade secrets | DENIED. While the request is narrowly tailored, it fails to satisfy even the "good cause" standard. The Munson Decl. (ECF 180) makes only broad allegations of generalized competitive harm, rather than articulating why specific harm will result. *See Hodges*, 2013 WL 6070408, at *2. |

| Document | Portion To Be Sealed | Party Seeking Sealing | Proffered Reasons For Sealing | Court's Order |
|---|---|---|---|---|
| Exhibit QQ to Kathrein Decl., ECF 177-7 | Proposed redactions at ECF 211-22 | Theranos | Contains identity and investment amount of non-public Theranos investor. | DENIED. |
| Exhibit RR to Kathrein Decl., ECF 177-7 | Proposed redactions at ECF 211-23 | Theranos | Contains identity and investment amount of non-public Theranos investor. | DENIED. |

### B.   ECF 187

Theranos moves to file under seal its opposition to Plaintiffs' class certification motion, the supporting declaration of Alexander White, the supporting declaration of Dr. Sanjay Unni, the supporting declaration of Timothy Perla, and exhibits to the Perla declaration. ECF 187. Though untimely under Civil Local Rule 79-5(e)(1), Plaintiffs, Lucas, Peer Ventures, and OPA Holdings filed declarations in support of maintaining certain of these documents under seal. *See* ECF 193, 194, 196, 197.

| Document | Portion To Be Sealed | Party Seeking Sealing | Proffered Reasons For Sealing | Court's Order |
|---|---|---|---|---|
| Opposition Brief (ECF 187-04) | Proposed redactions at ECF 211-24 | Theranos | Contains non-public information regarding the Company's strategy for exercising and decisions regarding whether to exercise its right of first refusal to buy back Theranos securities; contains information regarding non-public investor identities; contains non-public information regarding Theranos's capital structure. | DENIED. |
| | Page 9:11-12 | Lucas | States the terms of Mr. Lucas's personal financial investment in Theranos. | DENIED. |

Case No. 16-cv-06822-NC            13

| Document | Portion To Be Sealed | Party Seeking Sealing | Proffered Reasons For Sealing | Court's Order |
|---|---|---|---|---|
| | Page 21:18-24 | Peer Ventures | Includes the identities and provides contact information for Peer Ventures' limited partners, along with the amount of the limited partners' capital commitments | DENIED. |
| White Decl. (ECF 187-05) | Proposed redactions at ECF 211-25 | Theranos | Contains non-public information regarding the Company's strategy for exercising and decisions regarding whether to exercise its right of first refusal to buy back Theranos securities; contains information regarding non-public investor identities, their investment amounts, the number of shares they hold, and the date of their investment; contains non-public information regarding Theranos's technology and business strategy. | DENIED. |
| Unni Decl. (ECF 187-06) | Proposed redactions at ECF 211-26 | Theranos | Contains non-public information regarding the Company's strategy for exercising and decisions regarding whether to exercise its right of first refusal to buy back Theranos securities; contains non-public information regarding Theranos's share pricing and stock offering strategy; contains information regarding non-public | DENIED. |

| Document | Portion To Be Sealed | Party Seeking Sealing | Proffered Reasons For Sealing | Court's Order |
|---|---|---|---|---|
| | | | investor identities and the number of shares they hold. | |
| | Page 44 n.82; ¶ 83 n.62; ¶ 90 n.84. | Lucas | Discloses the identity of one of Lucas's investors; discloses proprietary internal LVG operating processes. | GRANTED IN PART. Footnotes 62 and 84 must remain under seal. The motion is DENIED as to the remainder of the document. |
| | ¶ 64 | Peer Ventures | Includes the identities and provides contact information for Peer Ventures' limited partners, along with the amount of the limited partners' capital commitments | DENIED. |
| Perla Decl. (ECF 187-07) | Proposed redactions at ECF 211-27 | Theranos | Contains information regarding non-public investor identities. | DENIED. |
| Perla Decl. Ex. 2 (ECF 187-19) | Proposed redactions at ECF 211-29 | Theranos | Contains private contact information. | GRANTED IN PART. The redactions consisting of personal email addresses must remain under seal. The motion is DENIED as to the rest of the exhibit. |
| | Pages 36:5; 36:10; 36:14; 120-122; 126-127; 188 | Plaintiffs | Contains private and highly sensitive personal contact information and personal financial information. | GRANTED IN PART. The redactions consisting of personal email addresses (appearing on pages 36 and 188) must remain under seal. The motion is DENIED as to the rest of the document. |
| Perla Decl. Ex. 4 (ECF 187-20) | Pages 13-15; 17:1; 30-32 | Plaintiffs | Contains private and highly sensitive personal contact information and personal financial information. | DENIED. |

Case No. 16-cv-06822-NC           15

| Document | Portion To Be Sealed | Party Seeking Sealing | Proffered Reasons For Sealing | Court's Order |
|---|---|---|---|---|
| Perla Decl. Ex. 5 (ECF 187-21) | Proposed redactions at ECF 197-1. | Plaintiffs | Contains private and highly sensitive personal contact information, personal financial information, the names and personal details of investors in Pogue Capital Fund LLC, and proprietary investment strategy and trade secret information of Pogue Capital Fund LLC. | DENIED. |
| | 124:22–125:3; 127:9-18 | OPA Holdings | References portions of OPA's Limited Partnership Agreement | DENIED. The Munson Declaration (ECF 196) gives only the vaguest explanation of possible harm. |
| Perla Decl. Ex. 7 (ECF 187-22) | Proposed redactions at ECF 211-32 | Theranos | Contains non-public information regarding Theranos's technology and business strategy. | DENIED. |
| Perla Decl. Ex. 8 (ECF 187-23) | Proposed redactions at ECF 211-33 | Theranos | Contains non-public information regarding Theranos's technology and business strategy | DENIED. |
| Perla Decl. Ex. 10 (ECF 187-24) | Proposed redactions at ECF 211-34 | Theranos | Contains non-public information regarding Theranos's technology, disclosure of which will expose Theranos to substantial competitive harm. | DENIED. |
| Perla Decl. Ex. 37 (ECF 187-32) | Proposed redactions at ECF 196-2 | OPA Holdings | Discloses individuals and entities with whom OPA enters into partnership sales agreements | GRANTED IN PART. The signature pages, which are pages 5–9 of the PDF document at ECF 187-32, must remain under seal. The motion is DENIED as to the rest of the document. |
| Perla Decl. Ex. 41 (ECF 187-33) | Entire document | Peer Ventures | Includes the identities and provides contact information for Peer | GRANTED IN PART. The redactions consisting of personal |

| Document | Portion To Be Sealed | Party Seeking Sealing | Proffered Reasons For Sealing | Court's Order |
|---|---|---|---|---|
| | | | Ventures' limited partners, along with the amount of the limited partners' capital commitments | contact information must remain under seal. The motion is DENIED as to the rest of the document. |
| Perla Decl. Ex. 42 (ECF 187-34) | Entire document | Lucas | Contains sensitive information regarding the identity of Lucas's investors and the terms of their investments; includes the private contact information of those investors. | GRANTED IN PART. The redactions consisting of personal contact information must remain under seal. The motion is DENIED as to the rest of the document. |

**C.   ECF 195**

Plaintiffs move to file under seal their reply brief, the supporting declaration of Constantine Economides, and exhibits to the Economides declaration. ECF 195. Though untimely under Civil Local Rule 79-5(e)(1), Theranos, Peer Ventures, and Lucas filed declarations in support of maintaining certain of these documents under seal.[1] *See* ECF 201, 202, 203.

| Document | Portion To Be Sealed | Party Seeking Sealing | Proffered Reasons For Sealing | Court's Order |
|---|---|---|---|---|
| Reply Brief (ECF 195) | Proposed redactions at ECF 211-45 | Theranos | Contains identity of non-public Theranos investors; contains confidential information relating to Theranos's litigation settlements. | GRANTED IN PART. The redactions on page 27 of the PDF document at ECF 211-45, relating to the Partner Fund settlement, must remain under seal. The motion is DENIED as |

---

[1] Non-party Black Diamond Ventures also filed a declaration re-urging the sealing of Exhibits FF and KK to the Kathrein declaration, ECF 177-7, stating that the latter exhibit was referenced in Plaintiffs' reply brief. *See* ECF 200. However, Black Diamond does not offer proposed redactions or identify which portions of Plaintiffs' reply brief it seeks to maintain under seal, *see id.*, so the request is DENIED.

Case No. 16-cv-06822-NC            17

| Document | Portion To Be Sealed | Party Seeking Sealing | Proffered Reasons For Sealing | Court's Order |
|---|---|---|---|---|
| | | | | to the rest of the document. |
| | Page 3:10-13; Appendix A page 5, ¶ 2 (sentence about Peer Ventures) | Peer Ventures | Reveals Peer Venture's internal structure; describes the complete economic relationship between Peer Ventures, PVG and the limited partners; reveals Peer Venture's investment strategy and how the parties manage risk through indemnification provisions; reveals the identity of the investment vehicles that Peer Ventures controls and the investors in each of those vehicles. | GRANTED. |
| Economides Decl. Ex. D (ECF 195-4) | Proposed redactions at ECF 211-46 | Theranos | Contains private contact information of Theranos's investors and other third-parties. | GRANTED. |
| | Entire document | Lucas | Contains customer financial information; contains private contact information; discloses the fees Mr. Lucas charges, how he operates his fund, and how his funds have performed over time. | GRANTED. The Heaps Declaration (ECF 202) establishes compelling reasons to keep Mr. Lucas's email correspondences sealed. |
| Economides Decl. Ex. J (ECF 195-4) | Proposed redactions at ECF 211-47 | Theranos | Contains identity of non-public Theranos investors; contains confidential information relating to Theranos's litigation settlements; contains confidential information relating to Theranos's financial position, disclosure of | GRANTED IN PART. The proposed redactions at pages 39:13-22 and 83:10-25 of the deposition transcript, relating to the Partner Fund settlement, must remain under seal. The motion is DENIED as to the rest of the |

United States District Court
Northern District of California

| Document | Portion To Be Sealed | Party Seeking Sealing | Proffered Reasons For Sealing | Court's Order |
|---|---|---|---|---|
| | | | which will expose Theranos to substantial competitive harm. | document. |

### III. Conclusion

Any document or portion of a document contemplated by these three sealing motions for which leave to file under seal is not specifically granted in the tables above must be filed publicly by May 3, 2018. *See* Civ. L.R. 79-5(f). This includes all documents or portions of documents for which sealing is denied in the tables above, and any document or portion of a document that does not appear in the tables above.

The parties are also warned that future sealing motions must strictly comply with Civil Local Rule 79-5. For instance, every declaration filed by a non-moving "Designating Party," as that term is used in Rule 79-5(e), in support of the instant motions was untimely. *See* ECF 180, 181, 183, 184, 185, 193, 194, 196, 197, 201, 202, 203. The cutoff is four days. *See* Civ. L.R. 79-5(e)(1). Where sealing is truly necessary, any party wishing to propose redactions—whether as a moving party or designating party—must present those redactions in the format specified in Rule 79-5(d)(1)(D).

**IT IS SO ORDERED.**

Dated:  April 26, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge