* *  * UNSEALED VERSION FILED PURSUANT TO COURT ORDER ECF NO. 213 DATED APR. 16, 2018 *  *  *

# EXHIBIT OO

| | |
|---|---|
| 1 | Reed R. Kathrein (139304) |
| | Peter E. Borkon (212596) |
| 2 | Danielle Smith (291237) |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 3 | 715 Hearst Avenue, Suite 202 |
| | Berkeley, CA 94710 |
| 4 | Telephone: (510) 725-3000 |
| | Facsimile:  (510) 725-3001 |
| 5 | reed@hbsslaw.com |
| | peterb@hbsslaw.com |
| 6 | danielles@hbsslaw.com |

7  Steve W. Berman (admitted *Pro Hac Vice*)
   HAGENS BERMAN SOBOL SHAPIRO LLP
8  1918 8th Avenue, Suite 3300
   Seattle, WA 98101
9  Telephone: (206) 623-7292
   Facsimile:  (206) 623-0594
10 steve@hbsslaw.com

11 *Counsel for Plaintiffs and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ROBERT COLMAN and HILARY TAUBMAN-DYE, Individually and on Behalf of All Others Similarly Situated, | No. 5:16-cv-06822-NC |
| | <u>CLASS ACTION</u> |
| Plaintiffs, | **DECLARATION OF ROBERT COLMAN IN SUPPORT OF CLASS CERTIFICATION** |
| vs. | |
| THERANOS, INC., et al., | |
| Defendants. | |

010650-11 1015855 V1

1    I, Robert Colman, provide this declaration in support of Plaintiff's Motion for Class
2    Certification ("Motion").  The following facts are true and correct to my knowledge, and if called
3    upon to testify, I could and would testify competently thereto.

4    1.   On or about September 25, 2013, I purchased a membership interest in Lucas
5    Venture Group XI LLC ("LVG XI") for the purpose of funding my share of LVG XI's
6    corresponding purchase of 471,334 shares of Theranos's Series C-1 Preferred Stock.  As I
7    understood it, the price of the membership interest was directly based on the price of Theranos's
8    Series C-1 Preferred Stock.  As such, the price of my membership interest was not negotiable.
9    In total, I spent $500,000.00 on the investment.

10   2.   Prior to making this investment, I was aware from publicly available information
11   that Theranos claimed to have developed a highly accurate and proprietary "fingerstick" blood test
12   technology that was highly accurate, that involved drawing only a few droplets of blood, and that
13   was being rolled out in a partnership with Walgreens.  I was also aware of Theranos's claims to
14   having a luminary board of directors that included former Secretary of State George Schultz and
15   others.

16   3.   These representations were material to my decision to invest in Theranos.  Had I
17   known that those representations were false, I would not have invested in Theranos.

18   4.   I was not informed nor aware of the following facts, as asserted in this action:
19      a.   Theranos's claimed "fingerstick" proprietary technology had not "reached a
20      point at which [it] could make actionable information accessible to physicians and
21      patients";
22      b.   Theranos would have to dilute "fingerstick" or "micro-samples" taken from
23      patients and run them on traditional lab machines of competitors in order to create the
24      illusion that Theranos's proprietary technology was working, or to run tests for Walgreens
25      customers;
26      c.   Even then, Theranos did not have necessary regulatory approval to use its
27      "tests using micro-samples" on its proprietary device – the nanotainer;
28

DECLARATION OF ROBERT COLMAN IN SUPPORT OF
CLASS CERTIFICATION - Case No. 5:16-cv-06822-NC
- 1 -

010650-11 1015855 V1

        d.        Even then, Theranos and its labs were not in compliance with CLIA standards;

        e.        Theranos was not capable of performing its agreement with Walgreens using its "fingerstick technology";

        f.        Theranos's Board was a "Board" in name only, had no control or decision-making authority over any aspect of the Company, was not involved in the Company's day-to-day operations, and existed solely to add notoriety and legitimacy to Theranos.

5.        Knowledge of the above-stated facts would have been material to my decision to invest in Theranos, in that I would not have made the investment if I had known this information.

6.        As a result of the fraud detailed and alleged in the Amended Class Action Complaint for Violations of California's Securities, Unfair Competition, and Common Laws ("Amended Complaint"), I suffered losses from my investment in Theranos stock.  To my knowledge, no one is willing to purchase my shares, and they are worthless.

7.        I have received and reviewed the Amended Complaint in this action.

8.        I understand the role and responsibilities of a Class Representative, and that I owe fiduciary duties to all members of the class to provide fair and adequate representation.

9.        I am also prepared to give a deposition on behalf of myself and other members of the Class, if so requested by defendants, and will attend trial in this action and testify if called. I also understand that I may need to assist in the preparation of discovery responses and may need to produce further documents and materials if my attorneys request it.

10.        I am committed to continuing to take an active role in and overseeing and monitoring this action and counsel for the best interests of the entire Class.  Moreover, I will vigorously pursue the claims against defendants to obtain the maximum possible recovery for the entire Class consistent with good faith and meritorious advocacy.

11.        I intend to continue to provide fair and adequate representation by, among other things, directing the efforts of Hagens Berman Sobol Shapiro LLP and Robbins Geller Rudman & Dowd LLP, along with the other Class Representatives.  I believe that both firms have substantial

1  Dowd LLP, along with the other Class Representatives.  I believe that both firms have substantial
2  experience and expertise in prosecuting securities and consumer class actions and possess the
3  necessary financial and human resources to prosecute the case effectively.

4      12.   I will not accept any payment for serving as Class Representative beyond my *pro*
5  *rata* share of any recovery, except for reimbursement of such reasonable costs and expenses
6  (including lost wages) directly relating to the representation of the class as ordered or approved by
7  the Court.

8      I declare under penalty of perjury under the laws of the United States of America that the
9  foregoing is true and correct.  Executed this 15th day of February 2018, at Ketchum, Idaho.

By _____
Robert Colman