COOLEY LLP
KATHLEEN H. GOODHART (165659)
(kgoodhart@cooley.com)
101 California Street
5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

COOLEY LLP
STEPHEN C. NEAL (170085) (nealsc@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Defendant
ELIZABETH HOLMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT COLMAN and HILARY TAUBMAN-DYE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THERANOS, INC., ELIZABETH HOLMES, and RAMESH BALWANI,<br><br>Defendant. | Case No. 5:16-cv-06822-NC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY CIVIL PROCEEDINGS**<br><br>DATE: **July 25, 2018**<br>TIME: **1:00 p.m.**<br>CTRM.: **7, 4TH FLOOR**<br><br>HONORABLE NATHANAEL M. COUSINS |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

178997588

DEFENDANT'S NOT. OF MTN. AND MTN TO STAY
CASE NO. 5:16-CV-06822-NC

**Table of Contents**

Page

I. INTRODUCTION ................................................................................................................ 2
II. BACKGROUND .................................................................................................................. 3
    A. Relevant Factual Background .................................................................................. 3
    B. Relevant Procedural History .................................................................................... 3
    C. The Criminal Proceedings ........................................................................................ 4
III. ARGUMENT ....................................................................................................................... 5
    A. Absent a Stay, Discovery in This Case Will Threaten Ms. Holmes's Fifth Amendment Rights. ................................................................................................. 6
    B. Plaintiffs' Interest in Proceeding to Trial before the Criminal Trial Are Minimal Compared to Protection of Ms. Holmes's Constitutional Rights. ................ 9
    C. Convenience and Judicial Efficiency Counsel in Favor of a Stay. ......................... 10
    D. The Interests of Non-Parties and the Public Favor Proceeding with the Criminal Trial First. ............................................................................................... 11
IV. CONCLUSION .................................................................................................................. 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Federal Ins. Co. v. Laney*,
  2013 WL 594267 (N.D. Cal. 2013) .................................................................................... 7, 9

*Gray v. Golden Gate Nat'l Recreation Area*,
  2011 WL 6934433 (N.D. Cal. 2011) ........................................................................................ 9

*Jones v. Conte*,
  2005 WL 1287017 (N.D. Cal. 2005) ............................................................................ 7, 10, 11

*Keating v. Office of Thrift Supervision*,
  45 F.3d 322 (9th Cir.1995) .................................................................................................... 5, 8

*L.C. v. Gilbert*,
  2010 WL 1641533 (W.D. Wash. 2010) .................................................................................. 11

*Securities and Exchange Commission v. Alexander*,
  2010 WL 5388000 (N.D. Cal. 2010) ............................................................................ 7, 9, 11

*Securities and Exchange Commission v. Colello*,
  139 F.3d 674 (9th Cir. 1998) ..................................................................................................... 6

*Securities and Exchange Commission v. Dresser Industries, Inc.*,
  628 F.2d 1368 (D.C. Cir. 1980) ...................................................................................... 2, 8, 9

*Square 1 Bank v. Lo*,
  2014 WL 7206874 (N.D. Cal. 2014) ...................................................................................... 11

*Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*,
  2009 WL 2136986 (E.D. Cal. 2009) ....................................................................................... 10

*Todd v. Tempur-Sealy Int'l, Inc*,
  2016 WL 6082413 (N.D. Cal. 2016) ......................................................................................... 9

*United States v. Solano-Godines*,
  120 F.3d 957 (9th Cir. 1997) ..................................................................................................... 6

*United States v. 4003-4005 5th Ave., Brooklyn, NY*,
  55 F.3d 78 (2d Cir. 1995) ......................................................................................................... 11

*Vassel v. Carson Helicopters, Inc.*,
  2014 WL 5473173 (E.D. Cal. 2014) ............................................................................ 7, 8, 10

*In re Zinnel*,
  2013 WL 2449546 (E.D. Cal. 2013) ................................................................................ *passim*

**Table of Authorities**
(continued)

**Page(s)**

**Other Authorities**

Fifth Amendment ................................................................................................................. *passim*

Sixth Amendment ......................................................................................................................... 11

Local Rules 7-1 and 7-2 ................................................................................................................ 1

**DEFENDANT'S NOT. OF MTN. AND MTN TO STAY**
**CASE NO. 5:16-CV-06822-NC**
-iii-
COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on July 25, 2018, at 1:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 7, located at San Jose Courthouse, 280 South First Street, San Jose, CA 95113, Defendant Elizabeth Holmes will move this Court to stay this case in its entirety—with the exception of the proceedings associated with the settlement conference ordered by the Court (ECF 272). Ms. Holmes is separately filing a motion for an order shortening time, so this Motion can be heard on an expedited schedule before depositions scheduled for the week of June 25, 2018.

Ms. Holmes asks the Court to stay this case immediately—in advance of the depositions scheduled for the week of June 25, 2018—pending resolution of the charges against her in *United States v. Holmes & Balwani*, N.D. Cal. No. 18-cr-00258 (LHK). Absent a stay, Ms. Holmes will be put in an untenable position: she would be required either (a) to testify substantively in this action, abandoning her Fifth Amendment rights to defend herself against these civil claims, thereby giving the Government discovery into her defenses, to which it has no right, or (b) to invoke her Fifth Amendment rights, protecting her position in the criminal case, but allowing Plaintiffs here to potentially benefit from an adverse inference and subjecting herself to one-sided discovery.

Ms. Holmes brings this Motion pursuant to Civil Local Rules 7-1 and 7-2. The Motion is based on this Notice, Memorandum of Points and Authorities, Ms. Holmes's Request for Judicial Notice, the Declaration of Kathleen Goodhart in support of Ms. Holmes's concurrently filed Motion to Shorten Time, the Motion to Shorten Time, the records in this case, oral argument as permitted by the Court, and any such other matters that the Court deems appropriate.

Dated: June 20, 2018

COOLEY LLP

By: _____
Kathleen H. Goodhart

Attorneys for Defendant,
ELIZABETH HOLMES

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

178997588

1.

DEFENDANT'S NOT. OF MTN. AND MTN TO STAY
CASE NO. 5:16-CV-06822-NC

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On June 14, 2018, the grand jury sitting in this district returned an indictment against defendants Elizabeth Holmes and Ramesh ("Sunny") Balwani. (*See* Request for Judicial Notice ("RJN") Ex. A.) The indictment charges Ms. Holmes and Mr. Balwani each with two counts of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and nine counts of wire fraud, in violation of 18 U.S.C. § 1343. (*Id.*)

The charges in the indictment substantially overlap with the allegations in this action. Plaintiffs claim that Ms. Holmes and Mr. Balwani misrepresented, among other things, the viability of Theranos Inc.'s ("Theranos" or the "Company") technology and its relationship with Walgreens leading Plaintiffs to invest in the Company. In the criminal case, the United States makes essentially the same allegations, alleging that Ms. Holmes and Mr. Balwani deceived investors by making false and misleading statements about, among other things, Theranos's technology and blood testing services, its financial condition and prospects, and its relationships with third parties (including Walgreens). (*Id.* at ¶ 12.A-12.I.) Ms. Holmes will vigorously defend herself against those charges, which are unfounded, just as she has been defending against the allegations here.

The circumstances of this case present the "strongest case" for granting a stay of a civil proceeding, *i.e.*, "where a party under indictment for a serious offense is required to defend a civil … action involving the same matter." *S.E.C. v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375–76 (D.C. Cir. 1980). Further, as courts have held in similar circumstances, the other considerations pertinent to a stay here also weigh in favor of the relief sought by Ms. Holmes. Plaintiffs' interest in proceeding with this litigation prior to the conclusion of the criminal case against Ms. Holmes pales in comparison to the burden on Ms. Holmes's constitutional rights should the Court decline to grant a stay. And a stay may be more efficient, saving judicial resources in the long-run, as the criminal case could narrow issues and streamline discovery in this case. If or when this case resumes after the criminal proceedings, it can then proceed unimpeded by concerns over assertion of the Fifth Amendment privilege. Finally, the United States', the public's and non-parties' interest in the criminal case take precedence over two individual civil litigants' interest in accelerating disposition

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

178997588

2.

DEFENDANT'S NOT. OF MTN. AND MTN TO STAY
CASE NO. 5:16-CV-06822-NC

of their claims seeking monetary damages.

Because Ms. Holmes's liberty is at stake in a criminal proceeding involving many of the same issues that are central to this case, the Court should stay this case in its entirety—with the exception of the proceedings associated with the settlement conference ordered by the Court (*see* ECF 272), since those proceedings do not implicate Ms. Holmes's Fifth Amendment rights—pending resolution of the criminal case.

## II.     BACKGROUND

### A.     Relevant Factual Background

Theranos is a private company founded in 2003, which is focused on developing innovative blood-testing services. White Decl. ¶ 2-3 (ECF 216-1). Defendant Elizabeth Holmes ("Holmes") is Theranos's founder, former Chief Executive Officer, and Chairperson of the Board. (ECF 1, at ¶ 14). Defendant Ramesh Balwani ("Balwani") is the former President and Chief Operating Officer, and former member of Theranos's Board. (ECF 1, at ¶ 15).

Throughout its existence, Theranos sold shares only to private investors, who generally conducted their own due diligence before investing. *See* White Decl. on Class Cert. ¶¶ 4-5 (ECF 216-1 & ECF 1, at ¶¶ 26, 41-42 & n. 74). Plaintiffs Robert Colman and Hillary Taubman-Dye do not allege that they ever purchased or owned Theranos shares. Amended Complaint (ECF 173) ¶¶ 12-13. Rather, they allege they invested in Theranos indirectly by purchasing interests in funds that owned or planned to purchase Theranos stock. *See id.*; *see also* Colman Decl. ¶ 1 (ECF 217-35) (Colman invested $500,000 to buy an interest in Lucas Venture Group XI, LLC), and Taubman-Dye Decl. ¶ 1 (ECF 217-36) (Taubman-Dye invested $100,000 to buy an interest in Celadon Technology Fund VII, LLC). Plaintiffs seek damages in an amount to be determined at trial, as well as pre-and-post judgment interest. Amended Complaint (ECF 173) at 54.

### B.     Relevant Procedural History

In November 2016, Plaintiffs filed this action, claiming statutory and common law fraud in connection with their purchase of interests in investment funds that in turn purchased securities issued by Theranos. *See generally* Complaint (ECF 1.) The Court granted Defendants' Motion to Dismiss in part, dismissing Plaintiffs' securities fraud claims under Corporations Code §§ 25401 and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

178997588

3.

DEFENDANT'S NOT. OF MTN. AND MTN TO STAY
CASE NO. 5:16-CV-06822-NC

25501, but denied the motion on the remaining claims. (ECF 63.) Plaintiffs filed an amended class action complaint on January 5, 2018, alleging Defendants (a) committed securities fraud under Corporations Code §§ 25400(d) and 25500; (b) violated California's Unfair Competition Law, Business and Professions Code § 17200; (c) committed fraud and deceit; (d) engaged in fraudulent concealment; (e) committed constructive fraud; and (f) made negligent misrepresentations. (ECF 173.)

In late 2017, Plaintiffs moved for class certification under Fed. R. Civ. P. 23(b)(3), seeking to certify a class of all persons or entities who "purchased or acquired securities of an entity for the express purpose of making corresponding purchases of Theranos securities" from July 29, 2013 through October 5, 2016. (ECF 240.) On May 31, 2018, this Court denied class certification, holding that "the totality of weaknesses in the proposed class makes individual actions superior, on balance to a class action." *Id.* On June 14, 2018, Plaintiffs filed a renewed motion for class certification, or in the alternative to amend or alter the order denying class certification, in which they seek certification of a class consisting of indirect investors in three funds that, in turn, invested in Theranos. (ECF 274.)

The Court has established a fact discovery cutoff of July 16, 2018. (ECF 248.) Plaintiffs have noticed Ms. Holmes's deposition for June 27, 2018, and have noticed Mr. Balwani's deposition for June 25, 2018. *See* Goodhart Declaration, Motion to Shorten Time ¶ 3. The last day to file dispositive motions is August 31, 2018, and the Court has set this case for a jury trial beginning December 10, 2018. (ECF 157, 221).

### C. The Criminal Proceedings

On June 14, 2018, the grand jury returned a sealed indictment against Ms. Holmes and Mr. Balwani charging each of them with multiple counts of conspiracy to commit wire fraud and wire fraud, and repeating allegations that have been made in this case. (*See* RJN Ex. A.) Specifically, the indictment alleges that Ms. Holmes and Mr. Balwani defrauded investors by allegedly making false and misleading statements regarding the capabilities of the Company's technology, its revenues and revenue forecasts, and the Company's relationship with Walgreens. (*Id.* at ¶¶ 11-13.)

The Indictment asserts, for example, that Ms. Holmes and Mr. Balwani suggested to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

178997588

4.

DEFENDANT'S NOT. OF MTN. AND MTN TO STAY
CASE NO. 5:16-CV-06822-NC

investors that "Theranos's proprietary analyzer . . . was presently capable of accomplishing certain tasks, such as performing the full range of clinical tests using small blood samples drawn from a finger stick and producing results that were more accurate and reliable than those yielded by conventional methods," but that in fact "Theranos's proprietary analyzer had accuracy and reliability problems, performed a limited number of tests, was slower than some competing devices, and could not compete with larger, conventional machines in high-throughput . . . applications." (*Id.* at ¶ 12.A.) The Indictment also alleges that "Theranos purchased and used for patient testing third party, commercially-available analyzers" for blood testing, rather than its own proprietary analyzer. (*Id.* ¶¶ 12.C, G.)

Plaintiffs make nearly identical allegations claiming that "Defendants knew that their 'revolutionary technology' never actually worked," (Motion for Class Certification (ECF 217) at 12), asserting that Theranos misleadingly claimed it had "developed proprietary technology that would allow commercial pharmacies to run a multitude of highly accurate blood tests from a few drops of a patient's blood." *Id.* at 17. Plaintiffs allege these statements were false and misleading because, among other things, Theranos was running its tests on "traditional lab machines of competitors in order to create the illusion that their proprietary technology was working," and "Theranos's process were not faster, cheaper, and more accurate than conventional methods." Amended Complaint (ECF 173) ¶ 26.

Because the indictment was returned only on June 14, 2018, the Court has not yet set a trial date or pretrial deadlines.

**III.   ARGUMENT**

When a party is subject to parallel civil and criminal proceedings, a court may decide in its discretion to stay the civil proceedings "when the interests of justice seem to require such action." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir.1995) (brackets and internal citation omitted). That decision should be made "in light of the particular circumstances and competing interests involved in the case"—with "significant" consideration given to "the extent to which the defendant's Fifth Amendment rights are implicated." *Id.* at 324, 326. In addition, the court should consider the following factors:

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

178997588

5.

DEFENDANT'S NOT. OF MTN. AND MTN TO STAY
CASE NO. 5:16-CV-06822-NC

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id*. at 324-25. All of these factors warrant a stay of this case pending resolution of the criminal case against Ms. Holmes and Mr. Balwani.

### A.  Absent a Stay, Discovery in This Case Will Threaten Ms. Holmes's Fifth Amendment Rights.

Ms. Holmes's constitutional right to avoid self-incrimination presents the paramount consideration on this Motion. Plaintiffs have noticed Ms. Holmes's deposition for June 27, 2018. Because the Government returned an indictment on June 14, if forced to appear for her deposition, Ms. Holmes will face an untenable choice: testify substantively in order to defend herself against the civil claims here and abandon her Fifth Amendment rights, thereby giving the Government discovery into her defenses to which it has no right, or invoke her Fifth Amendment rights, thereby allowing Plaintiffs here to potentially benefit from an adverse inference and subjecting herself to one-sided discovery.[1]

Courts consistently recognize the unfairness of this predicament in granting stays of civil proceedings. In *In re Zinnel*, 2013 WL 2449546 (E.D. Cal. 2013), for example, the court granted a stay after explaining the untenable choice confronting a criminal defendant in similar circumstances: "If the [civil case] proceeds, Zinnel will be forced to choose between preserving his privilege against self-incrimination, thereby subjecting himself to a one-sided discovery process and adverse inferences drawn from his invocation of the Fifth Amendment, and waiving the privilege in order to mount a vigorous defense in the civil case." *Id*. at *6; *id*. at *3 ("permitting simultaneous proceedings may seriously undermine the ability of a person presumed innocent to defend himself and may provide the prosecution with an undue advantage because it will have access to the

---

[1] *U.S. v. Solano-Godines*, 120 F.3d 957, 962 (9th Cir. 1997) ("In civil proceedings … the Fifth Amendment does not forbid fact finders from drawing adverse inferences against a party who refuses to testify."); *S.E.C. v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998) ("Parties are free to invoke the Fifth Amendment in civil cases, but the court is equally free to draw adverse inferences from their failure of proof.").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

178997588

6.

DEFENDANT'S NOT. OF MTN. AND MTN TO STAY
CASE NO. 5:16-CV-06822-NC

evidence tendered"); *see also Jones v. Conte,* 2005 WL 1287017, at *1 (N.D. Cal. 2005) ("if discovery moves forward, the defendant will be faced with the difficult choice between asserting his right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the civil case.").

Accordingly, courts routinely stay parallel civil cases in these circumstances, where the civil proceeding "might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." *Federal Ins. Co. v. Laney*, 2013 WL 594267, at *3 (N.D. Cal. 2013) (Alsup, J.) (listing cases where court found "the defendant's Fifth Amendment privilege will be implicated" where the "defendant in both criminal and civil proceedings is an individual who has been indicted and the issues in both proceedings are the same."). In *Laney*, the court granted defendants' motion for a stay of their civil case involving allegations of fraud after a criminal indictment was filed involving the same conduct as the civil suit. *Id.* The court was persuaded that the *Laney* defendants' Fifth Amendment rights were implicated, that some disclosures provided in the civil proceedings would be relevant to the criminal proceedings, and that the government would gain access to discovery it would not otherwise have, which "heavily weigh[ed] in favor of a stay." *Id.* Other cases reach the same conclusion. *See, e.g., Vassel v. Carson Helicopters, Inc.*, 2014 WL 5473173, at *2-3 (E.D. Cal. 2014) (finding that "Defendant's Fifth Amendment rights are implicated in this litigation because the claims in this litigation and defendant's pending criminal suit focus on the same issue: whether defendant engaged in fraud" and granting defendant's motion to stay civil action pending resolution of criminal suit involving fraud); *S.E.C. v. Alexander*, 2010 WL 5388000, at *3, *7-8 (N.D. Cal. 2010) (finding that defendant had significant Fifth Amendment concerns and granting stay of civil fraud proceedings brought by the SEC pending resolution of a parallel criminal case).

Here, as in *Laney*, the criminal accusations against Ms. Holmes involve the same issues as this civil proceeding. For example, the Plaintiffs claim that Defendants misrepresented that "Theranos . . . developed proprietary technology that would allow commercial pharmacies to run a multitude of highly accurate blood tests from a few drops of a patient's blood," because, in fact,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

178997588

7.

DEFENDANT'S NOT. OF MTN. AND MTN TO STAY
CASE NO. 5:16-CV-06822-NC

"Theranos used third-party equipment and at least [ ] 40% of [its tests] required venous draws," and "misled investors with news of the Walgreens partnership while simultaneously misleading Walgreens itself." Renewed Motion for Class Certification (ECF 274) at 6, 9, 16; *see also id.* at 18 (investors were misled about Theranos's "revolutionary technology" and "Walgreens partnership"). Plaintiffs allege that these statements "were the *sine qua non* of Theranos, and the reason for any investment in Theranos" but that "none were true." *Id.* at 16.

The June 14 indictment similarly alleges that Ms. Holmes and Mr. Balwani misrepresented the capabilities of Theranos technology and its relationship with Walgreens to investors. (*See* RJN Ex. A at ¶ 12A.-12.I.)  The Government asserts, for example, that Ms. Holmes and Mr. Balwani concealed from investors that "Theranos's proprietary analyzer had accuracy and reliability problems, performed a limited number of tests, was slower than some competing devices, and could not compete with larger, conventional machines in high-throughput . . . applications," (*id.* at ¶ 12.A), and that "Theranos purchased and used for patient testing third party, commercially available analyzers" (*id.* at ¶ 12.G). The Government also asserts that Ms. Holmes and Mr. Balwani concealed from investors that "by late 2014 . . . Theranos's retail Walgreens rollout had stalled" because "Walgreen's executives had concerns with Theranos's performance." (*Id.* at ¶ 12.D.) Thus, and as was the case in *Vassel*, "the claims in this litigation and defendant's pending criminal suit focus on the same issue[s]." *Vassel*, 2014 WL 5473173, at *2-3 (granting stay of civil proceedings).

Because the indictment against Ms. Holmes involves closely related issues to this civil proceeding, this case presents "the strongest case for deferring civil proceedings until after completion of criminal proceedings." *Dresser*, 628 F.2d at 1375-76; *In re Zinnel*, 2013 WL 2449546, at *6.[2] Additionally, even if Ms. Holmes elects to invoke her Fifth Amendment privilege, by using discovery from other witnesses to mount her defense of this civil case, she may still be forced to expose the basis of her defense in the criminal case, subjecting her to additional prejudice. *See id.* at *5; *Alexander*, 2010 WL 5388000, at *5.

---

[2] *Compare Keating*, 45 F.3d at 325 (affirming an administrative law judge's ruling denying stay of a civil proceeding in part because there was a lack of overlap between the issues of the civil and criminal proceedings, and the defendant had not needed to invoke the Fifth Amendment).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

178997588

8.

DEFENDANT'S NOT. OF MTN. AND MTN TO STAY
CASE NO. 5:16-CV-06822-NC

Therefore, implication on Ms. Holmes' Fifth Amendment rights weigh strongly in favor of staying this civil case pending the resolution of the related criminal case.

### B. Plaintiffs' Interest in Proceeding to Trial before the Criminal Trial Are Minimal Compared to Protection of Ms. Holmes's Constitutional Rights.

Plaintiffs' interest in proceeding with this litigation in advance of the criminal case is minimal compared to the severe burden Ms. Holmes would face absent a stay. *See Laney*, 2013 WL 594267, at *3 (granting complete stay despite plaintiffs' interest in "timely" pursuing relief). Because this Court denied Plaintiffs' motion for class certification, this case now involves two indirect investors in Theranos seeking a total of $600,000 in monetary relief. These investors have filed a renewed motion for class certification and, in the alternative, have asked the Court to reconsider certain aspects of its class certification decision. (ECF 274.)  After the Court decides the renewed motion—possibly months from now, given the time necessary for the parties to brief and argue the motion and for the Court to decide it—either party will have the right to seek interlocutory review of the class certification decision under Fed. R. Civ. P. 23(f).   And district courts commonly stay proceedings pending the Ninth Circuit's disposition of the request for interlocutory review. *See, e.g., Todd v. Tempur-Sealy Int'l, Inc*, 2016 WL 6082413 (N.D. Cal. 2016) (staying all proceeding pending appeal of order denying plaintiff's motion for class certification); *Gray v. Golden Gate Nat'l Recreation Area*, 2011 WL 6934433 (N.D. Cal. 2011) (granting defendants' motion to stay all proceedings pending interlocutory appeal of court's class certification ruling).

Plaintiffs' renewed motion, and the proceedings likely to follow from it, will almost certainly delay this case.[3]  Plaintiffs cannot credibly argue that a stay to protect Ms. Holmes's constitutional rights will have a more significant impact than the delay associated with their renewed class certification motion and any efforts that may follow related to an interlocutory appeal.  Indeed, Plaintiffs may benefit from allowing the criminal case to go first:  the Government will do much of the same work taking its case to trial that Plaintiffs would have to do here, allowing Plaintiffs to piggy-back on the Government's efforts.  And to the extent the criminal case resolves issues in

---

[3] On June 19, 2018, the Court issued an order requesting additional briefing from Plaintiffs regarding the timeliness of the renewed motion given "the deadline to file a motion for class certification in this case was February 16, 2018." (ECF 282.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

178997588

9.

DEFENDANT'S NOT. OF MTN. AND MTN TO STAY
CASE NO. 5:16-CV-06822-NC

dispute here, the Court would be able to conserve its judicial resources.

In any event, even if a stay of these proceedings delays Plaintiffs' ability to conclude this litigation, Plaintiffs' monetary interests are slight compared to the paramount liberty interests at stake for Ms. Holmes in the criminal case. Indeed, it is hard to fathom a more disparate set of interests than presented here. And, if this Court grants a stay, Plaintiffs will be free to proceed with this case at the conclusion of the criminal trial, which will occur expeditiously given Ms. Holmes's and Mr. Balwani's Sixth Amendment rights.[4]

Other courts have routinely recognized that a criminal defendant's Fifth Amendment rights outweigh whatever interests a civil litigant may have in recovering monetary damages. *See Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*, 2009 WL 2136986, at *2-4 (E.D. Cal. 2009) (granting stay of civil proceedings involving allegations of fraud where criminal proceedings relating to the same course of conduct were pending, despite plaintiff's argument that it would be "more difficult to recover losses if the case is stayed" because "money damages [ ] can be recouped through various means if [plaintiff] obtains a judgement in its favor after the stay is lifted."); *Jones*, 2005 WL 1287017, at *2 (granting stay where the "harms may be remedied by monetary damages" and plaintiff could be compensated after the stay was lifted).

### C. Convenience and Judicial Efficiency Counsel in Favor of a Stay.

A stay of these proceedings pending the conclusion of the criminal case may save judicial resources and "prove more efficient in the long-run." *In re Zinnel*, 2013 WL 2449546 at *5. As mentioned previously, staying a parallel civil proceeding pending the resolution of criminal proceedings can "narrow the issues and streamline discovery," allowing later civil discovery to "proceed unobstructed by concerns regarding self-incrimination." *Id.* (internal citations omitted). Further, "collateral estoppel based on findings in the criminal case may expedite resolution of the civil case." *Id.*; *Vassel*, 2014 WL 5473173, at *2 (finding that "[t]he criminal action . . . will likely resolve the issue, subject to a higher standard, that is the crux of plaintiff's action here: whether defendant engaged in fraud.").

---

[4] Again, Ms. Holmes does not seek a stay of the proceedings associated with the settlement conference ordered by the Court (ECF 272).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

178997588

10.

DEFENDANT'S NOT. OF MTN. AND MTN TO STAY
CASE NO. 5:16-CV-06822-NC

Here, the criminal actions pending against Ms. Holmes and Mr. Balwani could resolve central issues in this case. And resuming these proceedings after the criminal case will allow Ms. Holmes to testify fully without implicating her Fifth Amendment rights, providing Plaintiffs with discovery they would not otherwise have access to if this case proceeds in parallel with the criminal case. This furthers the judicial goal of deciding cases based on testimony rather than potential adverse inferences. Indeed, courts have recognized the wisdom of "seek[ing] out ways that further the goal of permitting as much testimony as possible to be presented in the civil litigation." *United States v. 4003-4005 5th Ave., Brooklyn, NY*, 55 F.3d 78, 83-84 (2d Cir. 1995). And the requested stay need not put settlement discussions on hold, including proceedings before Magistrate Judge Laporte, opening the possibility that this case may be resolved without the need for further proceedings.

### D. The Interests of Non-Parties and the Public Favor Proceeding with the Criminal Trial First.

This case involves the interests of only two indirect investors with a total alleged loss of $600,000; its public significance is therefore minimal in comparison to Ms. Holmes's liberty interests at stake in the criminal case. "[W]here there are parallel criminal and civil proceedings, the *criminal* case is of primary importance to the public, whereas the civil case, which will result only in monetary damages, is not of an equally pressing nature." *Square 1 Bank v. Lo*, 2014 WL 7206874, at *5 (N.D. Cal. 2014) (emphasis in original). "The public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." *L.C. v. Gilbert*, 2010 WL 1641533, at *3 (W.D. Wash. 2010); *Jones*, 2005 WL 1287017, at *2 (same); *see also Alexander*, 2010 WL 5388000, at *6 (noting that the public interest is stronger "where the Plaintiff [in a civil case] is a federal agency entrusted with protecting investors, than in a case between private parties.").

The United States and other non-parties to this litigation, including actual investors in Theranos, also have an interest in an "unimpeded" criminal trial. *In re Zinnel*, 2013 WL 2449546, at *6 (noting the United States' interest in an unimpeded criminal investigation). The Court can best serve the interests of the United States, non-parties, and the public by staying this case.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

178997588

11.

DEFENDANT'S NOT. OF MTN. AND MTN TO STAY
CASE NO. 5:16-CV-06822-NC

## IV. CONCLUSION

All of the factors—including, most importantly, the implications on Ms. Holmes's Fifth Amendment rights—weigh in favor of a complete stay of these civil proceedings pending the conclusion of the criminal cases against Ms. Holmes and Mr. Balwani. Therefore, the Court should grant this motion.

Dated: June 20, 2018

COOLEY LLP

By: *s/Kathleen H. Goodhart*
Kathleen H. Goodhart

Attorneys for Defendant,
ELIZABETH HOLMES

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

178997588

12.

DEFENDANT'S NOT. OF MTN. AND MTN TO STAY
CASE NO. 5:16-CV-06822-NC