Reed R. Kathrein (139304)
Peter E. Borkon (212596)
Danielle Smith (291237)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman (admitted *Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for Plaintiffs and Proposed Lead Counsel for the Class*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ROBERT COLMAN and HILARY TAUBMAN-DYE, Individually and on Behalf of All Others Similarly Situated,, <br><br> Plaintiffs, <br><br> v. <br><br> THERANOS, INC., et al., <br><br> Defendants. | No. 5:16-cv-06822-NC <br><br> CLASS ACTION <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT ELIZABETH HOLMES'S MOTION TO STAY CIVIL PROCEEDINGS** <br><br> Date:  June 26, 2018 <br> Time:  11:00 AM <br> Courtroom: 5, 4th Floor <br> Judge: Hon. Nathanael Cousins <br><br> DATE ACTION FILED: Nov. 28, 2016 |

010650-11 1042791 V1

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................1

II. STATEMENT OF FACTS..............................................................................................1

    A. Holmes's High-Profile History..........................................................................1

    B. Case History .......................................................................................................2

III. THE LEGAL STANDARD ............................................................................................5

IV. ARGUMENT ..................................................................................................................5

    A. Defendants' Fifth Amendment Rights................................................................5

    B. The Remaining Five *Keating/Molinaro* Factors All Weigh Against a Stay ................8

        1. Interest of Plaintiffs in Proceeding Expeditiously............................................8

        2. Burden on Defendants ..................................................................................10

        3. Convenience of the Court.............................................................................10

        4. Interests of Third Parties ..............................................................................12

        5. Interest of the Public.....................................................................................12

V. CONCLUSION .............................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Baxter v. Palmigiano*
  425 U.S. 308, 318 (1976) .................................................................................................. 6

*Cal. Pub. Emps. Ret. Sys. v. ANZ Secs., Inc.*,
  137 S. Ct. 2042 (2017) ..................................................................................................... 10

*China Agritech, Inc. v. Resh*,
  2018 WL 2767565 (U.S. June 11, 2018) .................................................................... 10, 12

*Clinton v. Jones*,
  520 U.S. 681 (1997) ........................................................................................................... 5

*ESG Capital Partners LP v. Stratos*,
  22 F.Supp.3d 1042 (E.D. Cal. 2014) ............................................................... 7, 9, 10, 13

*Fed. Ins. Co. v. Laney*,
  2013 WL 594267 (N.D. Cal. Feb. 14, 2013) ........................................................... 7, 8, 11

*Federal Sav. & Loan Ins. Corp. v. Molinaro*,
  889 F.2d 899 (9th Cir. 1989) .......................................................................... 5, 8, 10, 13

*Gen. Elec. Co. v. Liang*,
  2014 WL 1089264 (C.D. Cal. Mar. 19, 2014) ................................................................. 10

*Gray v. Golden Gate Nat. Recreational Area*,
  2011 WL 6934433 (N.D. Cal. Dec. 29, 2011) ................................................................... 9

*Jones v. Conte*,
  2005 WL 1287017 (N.D. Cal. Apr. 19, 2005) .................................................................. 7

*Keating v. Office of Thrift Supervision*,
  45 F.3d 322 (9th Cir. 1995) ............................................................................. 5, 6, 8, 10

*Leiva-Perez v. Holder*,
  640 F.3d 962 (9th Cir. 2011) ............................................................................................ 9

*Petrov v. Alameda Cty.*,
  2016 WL 6563355 (N.D. Cal. Nov. 4, 2016) .................................................................. 10

*Sec. & Exch. Comm'n v. Alexander*,
  2010 WL 5388000 (N.D. Cal. Dec. 22, 2010) ................................................................. 13

*Square 1 Bank v. Lo*,
  2014 WL 7206874 (N.D. Cal. 2014) ............................................................................... 12

*Todd v. Tempur-Sealy Int'l, Inc*,
    2016 WL 6082413 (N.D. Cal. Oct. 18, 2016) .................................................................. 9

*United States v. Roberts*,
    503 F.2d 598 (9th Cir. 1974) ........................................................................................ 11

*Vassel v. Carson Helicopters, Inc.*
    2014 WL 5473173, at *2 (E.D. Cal. Oct. 28, 2014) ...................................................... 11

*In re Zinnel*,
    2013 WL 2449546 (E.D. Cal. June 5, 2013) ............................................................ 7, 11

**STATUTES**

CAL. BUS. & PROF. CODE § 17208 .............................................................................................. 12

CAL. CIV. CODE §§ 1709 & 1710 ................................................................................................ 12

CAL. CIV. PROC. CODE § 338(d) .................................................................................................. 12

CAL. CORP. CODE § 25400(D) ..................................................................................................... 12

CAL. CORP. CODE § 25500 ........................................................................................................... 12

CAL. CORP CODE § 25506 ............................................................................................................ 12

**OTHER AUTHORITIES**

Fifth Amendment ................................................................................................................ *passim*

Fed. R. of Crim. P. 16(b) ................................................................................................................ 7

Fed. R. Civ. P. 23(c)(1)(C) ............................................................................................................. 4

Fed. R. Civ. P. 26(c) ....................................................................................................................... 1

U.S. Const. Amend. V .................................................................................................................... 7

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION**

## I.  INTRODUCTION

Defendant Elizabeth Holmes ("Holmes") seeks a stay of these proceedings under circumstances that would reverse precedent and establish a new standard of automatic stays of civil litigation whenever any defendant is later criminally indicted for the same conduct alleged in the pre-existing civil case. This is so because other than the Fifth Amendment implications that automatically arise under these circumstances, every other factor that the Ninth Circuit has prescribed for the Court's consideration weighs against a stay here. So the choice here is simple: either the Court considers all six applicable factors, which overwhelmingly favors denying a stay, or it considers only the first of these factors, which always favors a stay. Because the Ninth Circuit has expressly rejected this latter choice, Plaintiffs respectfully request that the Court deny Holmes's motion to stay these proceedings.

## II.  STATEMENT OF FACTS

**A.  Holmes's High-Profile History**

Holmes has been one the country's most outspoken CEOs since 2013. For years, she gave dozens of interviews and made dozens of public appearances and presentations, and she continued to do so in response to the same allegations set forth in the complaint here, which the *Wall Street Journal* first raised in October 2015.[1] These responses and public denials continued even to the most recent 60 minutes program with a strong public denial.[2]

---

[1] *See e.g.*, Decl. of Reed R. Kathrein in Supp. of Pls.' Opp. to Def. Holmes's Mot. to Stay Civil Proceedings ("Kathrein Decl.") Ex. A (Marcus Wohlsen, *Theranos CEO Calls WSJ A Tabloid At WSJ's Own Conference,* Wired (Oct. 21, 2015), https://www.wired.com/2015/10/theranos-ceo-calls-wsj-a-tabloid-at-wsjs-own-conference/); Kathrein Decl. Ex. B (Roger Parloff, *Are the Wall Street Journal's allegations about Theranos true?,* Fortune (Oct. 15, 2015), http://fortune.com/2015/10/15/theranos-elizabeth-holmes-wsj/); Kathrein Decl. Ex. C (*Statement from Theranos*, Theranos Press Release (Oct. 15, 2015), https://news.theranos.com/2015/10/15/statement-from-theranos/).

[2] *See* Mot. to Intervene of Nonparty Jigsaw Prod., ECF No. 242 at 2-5; *see also* Pls.' Sur-Reply to Defs.' Mot. for Rule 26(c) Protective Order, ECF No. 263.

1   Holmes has known she was under criminal investigation for years.[3]  Yet, less than a year ago,
2   she committed to be deposed in this case *without asserting her Fifth Amendment privilege.*[4]
3   Even after she publicly agreed to not deny the sweeping fraud allegations in an SEC complaint,
4   Holmes committed to be deposed in this case on June 27, 2018 – all while knowing she was still
5   under criminal investigation.  Holmes committed to be deposed on June 27, 2018 after the parties
6   had submitted a joint discovery letter to this Court concerning the timing of her deposition.[5]  At no
7   point in her portion of the letter did Holmes raise any Fifth Amendment concerns – even though she
8   knew she was under an active criminal investigation.[6]  And the only reason the Court had to be
9   bothered with the dispute over the timing of Holmes's deposition is because she and co-defendant
10  Ramesh Balwani had, for weeks, refused to provide Plaintiffs with reasonable deposition dates.[7]

**B.   Case History**

"[I]n the summer of July 2013 Theranos began issuing public statements regarding Theranos."  Answer to First Am. Compl. ¶2, ECF No. 175.  On October 15, 2015, the WSJ and other media outlets began to publish disturbing allegations about the nature of Theranos's technology and operations, and that questions arose about the veracity of Defendants' statements. *Id.* ¶51.  Plaintiffs filed this suit on November 28, 2016. ECF No. 1.  At the time, based on public information, Plaintiffs pled, "Theranos is under investigation by the United States Department of Justice (U.S.

---

[3] Kathrein Decl. Ex. D (Reed Abelson and Andrew Pollack, *Theranos Under Federal Criminal Investigation, Adding to Its Woes*, New York Times (Apr. 18, 2016), https://www.nytimes.com/2016/04/19/business/theranos-sec-justice-department-investigation.html ("In a note to outside partners, the company said that the Justice Department had requested documents and that the investigation was active.  The note also said that the Securities and Exchange Commission was investigating the company.")).

[4] Kathrein Decl. Ex. E (email chain between counsel for Plaintiffs, Elizabeth Holmes, and Ramesh Balwani ending June 30, 2017, and the email attachment noticing Defendants Holmes's and Balwani's depositions); Kathrein Decl. Ex. F (emails between counsel for Plaintiffs, Elizabeth Holmes, and Ramesh Balwani ending July 19, 2017) (confirming "neither defendant intends to invoke the 5th in the depositions.").

[5] *See* Joint Status Report filed June 8, 2018, ECF No. 260 ("After great difficulty working with everyone's schedules, the parties have agreed the Defendant Holmes deposition will take place on June 27, 2018, and Defendant Balwani on June 25, 2018.").

[6] *See* Joint Disc. Letter Brief Relating to Defs' Deps., ECF No. 224, filed May 18, 2018.

[7] *Id.*

1  DOJ) and the Securities and Exchange Commission (SEC)." *Id*. Compl. ¶5, 65.  Theranos admitted
2  in its May 2, 2017 answer to the complaint that it received subpoenas from the United States
3  Department of Justice ("DOJ") and the United States Securities and Exchange Commission ("SEC").
4  Answer to Compl. ¶¶5, 65, ECF No. 67.
5    On May 31, 2017, the Court allowed Plaintiffs to proceed with discovery and permitted
6  Defendants to file an early motion to strike the class allegations.  ECF No. 82.  Defendants never
7  moved to strike the class allegations but instead moved to limit the class to indirect investors, a
8  request to which Plaintiffs agreed and the Court so ordered.  ECF No. 143.  The parties then noticed
9  the depositions of Defendants Elizabeth Holmes and Balwani.[8]  At Plaintiffs' request, both
10 Defendants confirmed they would not assert the Fifth Amendment rights at their depositions.[9]
11 However, the parties moved into settlement discussions and their depositions were postponed.  On
12 December 6, 2017, the Court entered a Case Management Order [ECF No.157] with the following
13 dates:

- January 5, 2018:  Last day to amend pleadings and add parties.
- February 9, 2018:  Complete discovery related to motion for class certification.
- February 16, 2018:  Motion for class certification due.
- March 9, 2018:  Opposition to motion for class certification due.
- March 16, 2018:  Reply to motion for class certification due.
- March 28, 2018, 1:00 p.m.:  Hearing on motion for class certification and case management conference.
- March 31, 2018:  Last day to designate experts.
- June 1, 2018:  Complete fact discovery.
- June 30, 2018:  Last day to serve opening expert reports.
- August 15, 2018:  Complete expert discovery.
- August 31, 2018:  Last day to file dispositive motions.

---

[8] See *supra*, n. 4; Kathrein Decl. Ex. E.
[9] See *supra*, n. 4; Kathrein Decl. Ex. F.

1
- November 21, 2018: Pretrial statement due.

2
- December 5, 2018, 2:00 p.m.: Pretrial conference.

3
- December 10, 2018, 9:00 a.m.: Jury trial.

4

5 On May 14, 2018, the Court extended the fact discovery deadline to June 29, 2018 and the
6 deadline to serve opening expert reports was extended to July 16. ECF No. 221. The Court
7 extended these deadlines in response to the parties' joint request for lengthier extensions, which they
8 had sought so Plaintiffs could depose Balwani and Holmes *after* the Court's ruling on Plaintiffs'
9 motion for class certification. ECF No. 221. On May 31, 2018, the Court entered an order denying
10 Plaintiffs' motion for class certification. ECF No. 240. On June 2, 2018, the Court entered an order
11 further extending fact discovery deadline to July 16, 2018, and expert report deadline to July 30,
12 2018 "in consideration of competing proposals for the date of Balwani and Holmes depositions, and
13 the proposed (and opposed) protective order" and ordered the two depositions to be taken by June
14 29, 2018. ECF No. 248. The parties then agreed that Plaintiffs would depose Balwani and Holmes
15 on June 25th and 27th, respectively, ***with no hint of any Fifth Amendment assertions by either of***
16 ***them***.

17 On June 11, 2018, the Court referred the parties to a settlement conference before a
18 Magistrate Judge. ECF No. 261. On June 14, 2018, Plaintiffs filed a renewed motion for class
19 certification, or in the alternative to alter or amend the order denying class certification under Fed. R.
20 Civ. P. 23(c)(1)(C). ECF 274. A settlement conference is scheduled with Magistrate Judge
21 Elizabeth D. LaPorte for July 2, 2018, with a pre-settlement tele-conference on June 26, 2018.

22 After the hearing on June 26, 2018, only two depositions will remain on schedule: that of
23 Defendant Holmes on June 27, 2018, and that of Walgreen Co. ("Walgreens") in early July.
24 In addition, there remain document disputes with Defendants over prior document requests that may
25 need to be resolved.

26

27

28

### III. THE LEGAL STANDARD

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings."[10] "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence."[11] "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action."[12] Moreover, the Court "has broad discretion to stay proceedings as an incident to its power to control its own docket."[13]

"The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case,'" including "'the extent to which the defendant's fifth amendment rights are implicated.'"[14] "***In addition***, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation."[15]

### IV. ARGUMENT

#### A. Defendants' Fifth Amendment Rights

"A [litigant] has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse

---

[10] *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citations omitted).

[11] *Id.* (citation, internal quotation marks, and brackets omitted).

[12] *Id.* (citations and internal quotation marks omitted) (first omission in original).

[13] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[14] *Keating*, 45 F.3d at 324 (quoting *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)).

[15] *Id.* at 324-25 (citing *Molinaro*, 889 F.2d at 903).

inferences from the invocation of the Fifth Amendment in a civil proceeding."[16]  Accordingly, the parallel conduction of civil and criminal proceedings is objectionable only when it would result in "substantial prejudice to the rights of the parties."[17]

To begin with, only Defendant Elizabeth Holmes has asserted that her Fifth Amendment rights are implicated in this action.  Theranos has no Fifth Amendment rights, and Plaintiffs have asked Balwani's counsel several times whether he would assert the privilege, and his counsel has not said anything to alter the position from last summer that Balwani will not assert the privilege.  Moreover, after he was indicted, Balwani's criminal defense lawyer (from the same firm as his civil attorneys) issued (presumably with Balwani's consent) a lengthy statement proclaiming Balwani's innocence and eagerness to "clear[] his name at trial."[18]  It is hard to imagine that Balwani and his defense team would be so hypocritical as to hide behind the Fifth Amendment after making such a bold statement.  Neither Theranos nor Ramesh Balwani has moved to stay.

Even Holmes has not articulated how the continuation of this case would result in substantial prejudice to her Fifth Amendment rights.  Of course, Holmes would be forced to choose between invoking her Fifth Amendment privilege against self-incrimination in this action, thereby diminishing her ability to present evidence in her favor (if there is any), or waiving her privileges in pursuit of civil relief but to the potential detriment of her criminal defense.  This is precisely the sort of dilemma ***Keating*** deemed "permissible."[19]  Holmes must articulate something more than the existence of this fundamental dilemma in order to show substantial prejudice entitling her to a stay.

Moreover, if Holmes and Balwani are truly innocent, explaining their innocence could hardly be prejudicial, let alone detrimental to their rights under the Fifth Amendment, which only protects

---

[16] *Id.* at 326 (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)).

[17] *Id.* at 324 (emphasis added).

[18] Kathrein Decl. Ex. G (*From Davis Wright Tremaine: Attorney for Ramesh "Sunny" Balwani Issues Statement Regarding Department of Justice Charges*, Business Wire (June 15, 2018), https://www.businesswire.com/news/home/20180615005842/en/Davis-Wright-Tremaine-Attorney-Ramesh-%E2%80%9CSunny%E2%80%9D-Balwani).

[19] *Id.* at 326.

PLTFS' OPP. TO DEF. HOLMES'S
MOT.TO STAY CIV. PROCEEDINGS            - 6 -
No. 16-cv-06822
010650-11 1042791 V1

against being "*compelled* in any *criminal* case to be a witness *against himself* . . . ."[20]  Balwani and Holmes are not being compelled to testify here.  This is not a criminal case.  And if they are innocent, they would not be testifying "against" themselves, but rather *for* themselves.  After all, Holmes and Balwani have shown their eagerness to publicly debate the allegations against them.  While this may not be a waiver, she should not be allowed to have it both ways.[21]

Holmes almost complete reliance on *Zinnel*[22] – the stay of an appeal of a bankruptcy decision – is a mystery.  The facts are near indecipherable and the reasoning appears to be little more than quotes untethered to facts, as opposed to speculation.  At best, the civil and criminal cases appeared to be hopelessly intertwined as bankruptcy fraud and the bankruptcy appeal made the appeal dependent on the fraud.

In *Jones v. Conte*[23] the court related a civil suit filed *after indictment*, not nearly two years *before* indictment and one month before the close of fact discovery, as is the case here.

The indictment in *Laney*[24] was filed only three months after the civil suit.  Moreover, when the criminal suit precedes or is filed soon after the civil suit, the criminal defendant usually raises the issue that "parallel proceeding 'might . . . expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial . . . ."[25]

Holmes cannot legitimately raise this concern here, as her defenses have been well-vetted by the lawsuits by PFM and Walgreens, the pending consumer case, and her continued public denials

---

[20] U.S. Const. amend. V.

[21] *Compare ESG Capital Partners LP v. Stratos,* 22 F.Supp.3d 1042, 1046 (E.D. Cal. 2014) ("Stratos was eager to testify at the detention hearing concerning the facts surrounding the ESG scheme.  The Court expresses no view on whether Stratos waived his Fifth Amendment privilege with respect to his testimony.  But he can't have it both ways, using the Fifth Amendment only when it is convenient for him and his interests.").

[22] *In re Zinnel*, No. 2:12-cv-01541-TLN, 2013 WL 2449546 (E.D. Cal. June 5, 2013).

[23] *Jones v. Conte,* No. C 045312S1, 2005 WL 1287017, at *1 (N.D. Cal. Apr. 19, 2005).

[24] *Fed. Ins. Co. v. Laney*, No. C 12-04708 WHA, 2013 WL 594267, at *3 (N.D. Cal. Feb. 14, 2013).

[25] *Id.*

and statements.  Holmes remains the Chairman of Theranos even today.[26]  Further, unlike in *Laney,* discovery is almost complete with only the depositions of Holmes and Walgreens left on the schedule.  Thus there is little likelihood that "[a]llowing the civil proceedings to continue will permit the government to gain access to discovery that it would otherwise not have under the federal rules of criminal procedure, such as documents derived from initial disclosures, defendants' responses to interrogatories, pleadings and admissions at any depositions."[27]

**B.    The Remaining Five *Keating/Molinaro* Factors All Weigh Against a Stay**

As set forth above, even if Holmes could show substantial prejudice, the Court needs to weigh that prejudice with the five other *Keating/Molinaro* factors.  In *Keating*, the Ninth Circuit affirmed a lower court's denial of a stay based on a multi-factor test adopted by the Ninth Circuit in *Molinaro*, 889 F.2d at 903.  In *Molinaro,* the Ninth Circuit affirmed the denial of a stay of parallel civil proceedings finding that the plaintiffs "would be prejudiced by delay since Molinaro continued to attempt to dispose of his assets; the action had been pending for a year, and the court had an interest in clearing its docket; and the interests of nonparties, *i.e.,* Ramona's depositors, and the public would be frustrated by further delay."  Moreover, the court found the burden minimal on Molinaro, as much discovery had already occurred and nothing prevented Molinaro from responding to discovery by supplying information that did not incriminate him.  "Under these circumstances, any burden on Molinaro's fifth amendment privilege was negligible."[28]  Application of the *Keating/Molinaro* factors point to a similar denial of the stay request here.

**1.    Interest of Plaintiffs in Proceeding Expeditiously**

Holmes has no interest in proceeding expeditiously; it is delay she seeks.  Her interest is in not being forced defend civil claims, ever.  She has benefited by the treasure chest of hundreds of

---

[26] Kathrein Decl. Ex. H, June 15, 2018 Press Release, Theranos Announces Management Transition, available at https://news.theranos.com/2018/06/15/theranos-announces-management-transition/ ("Ms. Holmes remains with the Company as Founder and Chair of the Board.").

[27] *Compare Laney*, 2013 WL 594267 at *3.

[28] *Molinaro*, 889 F.2d at 903.

PLTFS' OPP. TO DEF. HOLMES'S
MOT.TO STAY CIV. PROCEEDINGS                - 8 -
No. 16-CV-06822
010650-11 1042791 V1

1  millions of illegally obtained investor money since this case began and literally using investors'

2  money to perpetuate her fraud and to avoid accountability.

3  Plaintiffs, on the other hand, have a strong interest in proceeding expeditiously and face

4  actual prejudice by delay. First, discovery is near end and a stay would kill all momentum towards a

5  trial date that was set last December, and no date has been set for the criminal case.[29]

6  Second, since last year, Defendants have claimed that their financial position has

7  deteriorated, and the press has reported on Theranos's seemingly desperate attempts to raise new

8  investment funds. So Plaintiffs need to try to secure a judgment against Defendants as quickly as

9  possible so as to secure their standing among Defendants' creditors.

10  Third, Defendants argue that Plaintiffs' Renewed Motion for Class Certification will delay

11  the case perhaps by months. That is not true. The motion does not contemplate new claims or

12  discovery, seeks to certify a subset of the original class, and it does not seek to add class

13  representatives beyond those proffered previously, each of whom has already been deposed. Rather,

14  it directly addresses issues, concerns and questions raised by the Court in its order denying class

15  certification. Accordingly, there is no reason discovery and the schedule originally set by this Court

16  cannot remain, or be adjusted slightly.[30]

17  Fourth, neither Theranos nor Defendant Balwani have sought or joined in on a request for a

18  stay. Thus, it is likely that they too would prefer expeditious resolution of this action. Again,

19  Balwani has publicly expressed his eagerness to clear his name at trial. This case presents the

20  quickest opportunity to do so.

---

[29] *Compare ESG*, 22 F. Supp. 3d at 1046 ("Given Stratos's close involvement with Soumaya Securities and the Facebook deal, he may have information about additional culpable parties relevant to this action. And because the court hearing Stratos's criminal case has not yet set a date on the ESG-related claims, there is a real possibility that a stay of the civil case would result in ESG learning about additional defendants after the running of a pertinent statute of limitations. Further, it would be highly prejudicial to ESG to force it to wait until the unknown culmination of a criminal case when it has already waited nearly two years.").

[30] Unlike *Todd v. Tempur-Sealy Int'l, Inc*, No. 13-cv-04984-JST, 2016 WL 6082413 (N.D. Cal. Oct. 18, 2016) and *Gray v. Golden Gate Nat. Recreational Area*, No. C 08-00722 EDL, 2011 WL 6934433, at *1 (N.D. Cal. Dec. 29, 2011) no party had appealed this court's order denying class certification. Moreover, the grounds for such a stay, set forth in *Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011) are inapplicable here.

Finally, while Plaintiffs continue to pursue this case as a class action, there is no guarantee that this Court will certify a class pursuant to the renewed motion. That leaves over 200 investors in a catch-22 position of whether or not to file an action, join in an action, or wait to see if the class is certified. If stayed, the statutes of limitations may run on the investors and preclude any further attempt by purported class members to pursue a renewed class action or individual action.[31] A stay of this action could also precipitate the filling of unnecessary actions to preserve claims by potentially disenfranchised investors.

### 2. Burden on Defendants

Courts have found that even when a defendant's Fifth Amendment rights are implicated, this factor does not support granting a stay unless the defendant can show other 'compelling factors as described in Keating.'[32] "The Ninth Circuit has found that where a defendant has had adequate time to prepare for a related civil trial, the burden on the defendant is substantially diminished."[33] Here, Holmes does not, and cannot credibly, claim that she has not had adequate to prepare for this civil trial. In fact, she has effectively had twice the adequate time to prepare because she went through nearly the full discovery period in the *Partners* litigation, and is only a month away from completing discovery here. Accordingly, this factor weighs against a stay here.

### 3. Convenience of the Court

"Courts have acknowledged that this *Keating* factor normally does not favor granting a stay, because the court has an interest in clearing its docket."[34] Defendant Holmes provides no reason why this general premise does not apply now.

---

[31] *See China Agritech, Inc. v. Resh,* No. 17-432, 2018 WL 2767565, at *1 (U.S. June 11, 2018) ("a putative class member may not, in lieu of promptly joining an existing suit or promptly filing an individual action, commence a class action anew beyond the time allowed by the applicable statute of limitations."); *Cal. Pub. Emps. Ret. Sys. v. ANZ Secs., Inc.*, 137 S. Ct. 2042 (2017) (3-year statute of repose is not stayed by class action).

[32] *See Gen. Elec. Co. v. Liang*, No. CV 13-08670 DDP (VBKx), 2014 WL 1089264, at *5 (C.D. Cal. Mar. 19, 2014).

[33] *ESG*, 22 F. Supp. 3d at 1046 (*see Keating,* 45 F.3d at 35).

[34] *Petrov v. Alameda Cty.,* No. 16-cv-04323-YGR, 2016 WL 6563355, at *6 (N.D. Cal. Nov. 4, 2016) (citing *Molinaro*, 889 F.2d at 930).

Defendant Holmes argues, "[a] stay of these proceedings pending the conclusion of the criminal case may save judicial resources and 'prove more efficient in the long-run.'"[35] However, by Monday, discovery is nearly complete except for the noticed depositions of Defendant Holmes and possibly Walgreens. The fact discovery cut-off is less than a month away, and what remains are disputes over some document requests and experts discovery. A stay simply will not narrow discovery at this point.

Defendants also argue that "collateral estoppel based on findings in the criminal case may expedite resolution of the civil case . . . ."[36] This court in *Laney* rejected this argument, and it fails for at least three reasons. First, the higher standard of proof required in the criminal case – beyond a reasonable doubt vs. preponderance of the evidence – means a judgement in favor of defendant in the criminal case will have no impact on the civil case. Second, the indictment against Holmes is only partially over defrauding investors. Indictment at ¶¶ 11-13. It equally alleges a separate scheme to defraud doctors and patients. Indictment at ¶¶14-18. The government could always choose to drop the investor claim in favor of pursuing the more sympathetic claim concerning the doctors and patients. Third, Defendant Holmes may plead to avoid harsher punishment, leaving the criminal proceeding with no impact on narrowing the issues, nor any sliver of *res judicata* efficiencies,[37] and she would *still* have her rights under the Fifth Amendment as to any other potential charges.[38]

Accordingly, this factor weighs firmly against a stay.

---

[35] Citing *In re Zinnel*, 2013 WL 2449546 at *5 (claiming that, if stayed, the criminal proceedings could "narrow the issues and streamline discovery.").

[36] Citing *Vassel v. Carson Helicopters, Inc.*, No. 2:13-CV-02520-KJM-CMK, 2014 WL 5473173, at *2 (E.D. Cal. Oct. 28, 2014) (finding that "[t]he criminal action . . . will likely resolve the issue, subject to a higher standard, that is the crux of plaintiff's action here: whether defendant engaged in fraud.").

[37] *See, e.g., Laney*, 2013 WL 594267 at *4 ("Defendants argue that plaintiff will benefit from the stay because through the criminal proceedings, the government will conduct much of the necessary litigation that will resolve the allegations at issue in the civil proceedings, at no cost to the plaintiff . . . . This is incorrect unless the criminal prosecution goes to trial. If there are guilty pleas instead, the underlying discovery will not ordinarily be turned over to plaintiff by the government. The guilty pleas themselves may wind up being the lesser included offenses that do not read on plaintiff's claims herein.").

[38] *See, e.g., United States v. Roberts*, 503 F.2d 598, 600 (9th Cir. 1974).

**4.     Interests of Third Parties**

Holmes asserts that no third parties' interests would be implicated by the imposition of stay, but this is plainly untrue. Third-parties – namely potentially disenfranchised investors in the newly proposed class – have significant interest in this case going forward against each defendant. Since we are now nearly 5 years from the beginning of the class period set forth in the First Amended Complaint, any newly filed claims by individual investors – either asserting their own individual claims or a new class action – face credible statute of limitations arguments.[39] Moreover, while the losses of many of these investors are too small to justify a soup-to-nuts individual action, a judgment obtained here could enable them to streamline their case to the point where an individual action could be a possibility. But the clock is ticking on such claims, and as noted above, if this action is stayed, both *CalPERS* and *China Agritech* could wipe out the investor claims. Therefore, this factor weighs against a stay.

**5.     Interest of the Public**

The interest of the public also weighs against a stay in this case. Holmes conclusively argues, "the United States and other non-parties to this litigation, including actual investors in Theranos, also have an interest in an 'unimpeded' criminal trial." Def. Br. at 11. However, the United States is not making this motion, no investors have joined in this motion, and Holmes has not shown how denying a stay would impede the criminal trial, here, if scheduled. Therefore, Holmes' citation to *Square 1 Bank v. Lo*, No. 12-cv-05595-JSC, 2014 WL 7206874, at *5 (N.D. Cal. 2014) ("The public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant.") is inapposite. In *Square*, the court granted only a partial stay to answering discovery where the criminal sentencing

---

[39] The statute of limitations for CAL. CORP. CODE §§ 25400(D) & 25500 is five years from the act or transaction and two years after discovery. *See* CAL. CORP CODE § 25506. The statute of limitations for the UCL claim is four years after the cause of action accrued." CAL. BUS. & PROF. CODE § 17208. The statute of limitations for fraud, deceit or negligent misrepresentation. CAL. CIV. CODE §§ 1709 & 1710. And Common Law is three years, but "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." CAL. CIV. PROC. CODE § 338(d). Thus, arguably these statutes begin to toll in July (the beginning of the class period) or October (three years from the Wall Street Journal revelations).

would only delay the case two months, and where the related civil case was in the early stages. Neither of these factors apply here.

Courts have recognized that there is a valid public interest in civil litigation where the action 'promotes public confidence in the securities market.'[40]  That is exactly what [Plaintiffs here are] attempting to do.[41]  Accordingly, this factor weighs heavily against a stay.

### V.     CONCLUSION

Applying the *Keating/Molinaro* factors, it cannot be said that "the particular circumstances and competing interests involved in the case," support the issuance of a stay.[42]  It is apparent that five of the six relevant factors weigh against staying this litigation.  Even the one factor that supports a stay only does so weakly because Holmes has not articulated *substantial* prejudice to her Fifth Amendment rights under the circumstances here.  For the foregoing reasons, Plaintiffs respectfully request that the Court deny Holmes's motion to stay this litigation.

DATED: June 22, 2018                        HAGENS BERMAN SOBOL SHAPIRO LLP

By       */s/ Reed R. Kathrein*
Reed R. Kathrein (139304)
Peter E. Borkon (212596)
Danielle Smith (291237)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman (admitted *Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101

---

[40] *See Sec. & Exch. Comm'n v. Alexander*, No. 10-CV-04535-LHK, 2010 WL 5388000, at *6 (N.D. Cal. Dec. 22, 2010).

[41] *ESG*, 22 F. Supp. 3d at 1047.

[42] *Molinaro*, 889 F.2d at 902.

Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
*Counsel for Plaintiffs and Proposed Lead Counsel for the Class*

Paul J. Geller (admitted *Pro Hac Vice*)
Constantine Economides (admitted *Pro Hac Vice*)
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile:  (561) 750-3364
pgeller@rgrdlaw.com
ceconomides@rgrdlaw.com

Dennis J. Herman
ROBBINS GELLER RUDMAN & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 228-4545
Facsimile:  (415) 288-4534
dennish@rgrdlaw.com

Jason A. Forge
Kevin Sciarani
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile:  (619) 231-7423
jforge@rgrdlaw.com
ksciarani@rgrdlaw.com

*Additional Counsel for Plaintiffs*