Reed R. Kathrein (139304)
Peter E. Borkon (212596)
Danielle Smith (291237)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman (admitted *Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for Plaintiffs and Proposed Lead Counsel for the Class*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ROBERT COLMAN and HILARY TAUBMAN-DYE, Individually and on Behalf of All Others Similarly Situated,, <br><br> Plaintiffs, <br><br> v. <br><br> THERANOS, INC., et al., <br><br> Defendants. | No. 5:16-cv-06822-NC <br><br> CLASS ACTION <br><br> **[PROPOSED] PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS BRIEF ON TIMELINESS OF RENEWED MOTION FOR CLASS CERTIFICATION (ECF NO 274)** <br><br> Date: TBD <br> Time: TBD <br> Courtroom: 7, 4th Floor <br> Judge: Honorable Nathanael Cousins <br><br> DATE ACTION FILED: Nov. 28, 2016 |

010650-11 1044320 V1

1    Plaintiffs file this Reply to correct unsupported factual claims asserted in Defendants'
2    response briefing on the timeliness of Plaintiff's Renewed Motion For Class Certification ("Renewed
3    Motion").  ECF No. 298.
4    To support an alleged claim of prejudice Defendants assert facts that are flatly contradicted
5    by the record.  First, Defendants complain that they have no deposition testimony or documents from
6    proposed class representative BF Last Investments LLC ("BF Last Investments").  ECF No. 298 at 5.
7    Second, Defendants claim they have "have no information concerning investors in BF Last
8    Investments, and therefore have sought no discovery from them." *Id.*  Finally, Defendants assert they
9    have not had the opportunity to obtain discovery from "Lucas, Celadon and Black Diamond"[1]
10   regarding the "size of the investments in the funds, the existence or applicability of releases, and
11   whether the fund structures differ in ways that matter." *Id.*  All these assertions are demonstrably
12   false.

### A. Defendants Sought and Received Sufficient Discovery from BF Last Investments LLC

Thomas Brodie made clear that he is BF Last Investments LLC's Managing Member.[2] He made the decision to invest in Black Diamond because he understood that it "was a single-purpose vehicle to raise money to invest in Theranos." *See id.* at 21:4-13. He answered dozens of questions about that investment decision during his deposition.[3] Likewise, he answered multiple questions

---

[1] Referring to Lucas Ventures Group XI, LLC ("Lucas Ventures"), Celadon Technology Fund VII, LLC ("Celadon"), and Black Diamond Ventures XII-B, LLC ("Black Diamond").

[2] *See* ECF No. 216-6, Perla Decl. Ex. 4 (Brodie Depo. Transcript). During his deposition by counsel for Defendants, Brodie answered the question about the management of BF Last Investments as follows:
"**Q.   Are you the managing director of BF Last Investments, LLC?**
 **A.   Yes.**" at 28:14-16 (emphasis added).

[3] *See e.g., id.* at 8:19-25 – 9:1-4 (describing background information about his understanding of Black Diamond's role in venture fundraising); 21:18-23 (describing his understanding that Chris Lucas "had a family member in the Silicon Valley area who was a venture capitalist who raised money and via this individual, same last name, Black Diamond was asked to get involved and raise money"); 46:7-13 (descring how he was informed of the opportunity to invest in Theranos); 62:14-24 (describing how he saw articles in the "Wall Street Journal," "Forbes" magazine, Dr. Eric Topol's interview and commentary from Medscape, and articles about nano technology making "reference to Ms. Holmes and Theranos.")

[PROPOSED] PLS.' REPLY TO DEFS.' RESP. TO
PLS.' BRIEF ON TIMELINESS OF
RENEWED MOT. FOR CLASS CERTIFICATION          - 1 -
CASE NO. 16-CV-06822
010650-11 1044320 V1

about BF Last Investments.[4] There was not a single question about the Theranos investment decision or BF Last Investments that Brodie refused to answer. Defendants propounded specific interrogatories and requests for production about BF Last Investments.[5] Brodie, BF Last Investments' Managing Member, answered all interrogatories and produced all responsive documents pursuant to those requests. Defendants' opposition does not identify any relevant information about BF Last Investments that they need, so it is apparent there is none, and if there is any, it was too insignificant to identify so it could be provided without altering the case schedule.

The discovery Thomas Brodie provided to Defendants is identical to what Defendants would have received if they propounded discovery to BF Last Investments because Brodie and BF Last Investments, for purposes of the Theranos investment, are functionally equivalent.[6] Accordingly, the responsive documents and testimony Defendants claim they need from BF Last Investments are already in their possession.[7]

**B. Defendants Were Aware of Who Comprised BF Last Investments's Members**

---

[4] *See e.g., id.* at 83:24-25 – 84:5-11. ("By [counsel for Defendant Theranos Inc.]: Did you understand that BF Last Investments, LLC, was appointing someone from BDV to be its true and lawful representative and attorney-in-fact?

[Brodie]: I don't know what attorney-in-fact means, but I can tell you I was assuming … that yes, BF Last Investments, me as the manager, was appointing Black Diamond to represent this investment vehicle."); *see also id.* at 40:25-41:2; 48:6-49:15; 50:7-11; 56:16-19; 62:5-66:15; 114:12-116:16.

[5] See e.g., Ex. 4a (Defendants' RFPs to Brodie) (requesting "All documents concerning your membership interest in [Black Diamond]" at Request 7; "All documents concerning any transaction in securities issued by Theranos" at Request 12; "All documents concerning the formation of **BF Last Investments, LLC**, including documents relating to its purpose, foundation date, state of formation, and principle place of business" at Request 17; "All documents concerning the ownership interests in **BF Last Investments, LLC** during the class period including documents relating to capital contributions, membership lists, and units rights and distribution agreements" at Request 18; and "All documents and communications concerning the relationship between **BF Last Investments, LLC and BDV**" at Request 19.") (emphasis added). *See also* Ex. 1 (counsel for Defendants requesting expedited discovery, which Plaintiffs provided the following week).

All exhibits ("Ex. __") refer to the Declaration of Reed R. Kathrein In Support Of Plaintiffs' Reply To Defendants' Response To Plaintiffs Brief On Timeliness Of Renewed Motion For Class Certification (ECF No. 274), filed concurrently herewith.

[6] *See* Ex. 4a (Defs' RFP to Brodie); ECF No. 217-37 (Ex. QQ, Brodie Decl.).

[7] *See* ECF No. 216-6, Perla Decl. Ex. 4 (Brodie Depo. Transcript).

[PROPOSED] PLS.' REPLY TO DEFS.' RESP. TO
PLS.' BRIEF ON TIMELINESS OF
RENEWED MOT. FOR CLASS CERTIFICATION  - 2 -
CASE NO. 16-CV-06822
010650-11 1044320 V1

As the managing director who directed the Theranos investment through Black Diamond, Brodie is the only relevant deponent at BF Last Investments. *See id.* at 27:15-28:20, 28:25, 29:1-2, 80:8-81:7. Although he also described the other members of BF Last Investments, those members did not direct the relevant investments. *Id.* at 27:15-29:2 (Brodie identifies his wife, himself, and two family trusts as members of BF Last Investments, LLC) [8]. Thus Brodie's testimony is entirely coextensive to the information Defendants purportedly need.

### C. Defendants Have Already Had Ample Opportunity To Request Discovery From Lucas, Celadon And Black Diamond.

Defendants have already had ample opportunity to request discovery from Lucas, Celadon and Black Diamond, as those funds and legal theories were at issue at the beginning of class certification discovery. *See* ECF No. 143, App. A. But they did not. They were aware as early as November 2016 that the named Plaintiffs had invested in Lucas Ventures and Celadon. ECF No. 1 ¶¶11-12. They were aware as early as July 2017 that there were over 40 potential class members in Celadon alone. ECF No. 109-7 ("Exhibt G": Declaration of Matthew Larrabee). They were aware of Plaintiffs' ongoing third-party discovery efforts with Lucas Ventures and Black Diamond and received all documents produced by those parties.[9]

Thus, Defendants either have already obtained this "missing" information or failed to adequately follow up or join in *Plaintiffs'* discovery requests of these entities.[10] Through Plaintiffs' discovery of the third party entities, Defendants have received of all the funds' operating and

---

[8] During his deposition by counsel for Defendants, Brodie answered the question about the membership of BF Last Investments as follows:

"**Q. What is BF Last Investments, LLC?**

**A. BF Last Investments, LLC, is a family investment vehicle for my family**." at 28:11-13 (emphasis added).

[9] See ECF Nos. 162, 165, and 167 (filings related to Lucas Motion to Quash subpoena); Ex. 4d (Plaintiffs' Notice Of Subpoena For Production Of Documents To Third Parties, including subpoena to produce documents issued by Plaintiffs to Black Diamond).

[10] *See e.g.*, Defs.' Opp. to Class Cert. at 21, ECF No. 216 (citing investors' investment sizes in Peer Ventures Group IV, LP); Exs. 2a-2c and 3a-3b (Defendants' RFP requests to Plaintiffs and the operating and subscription agreements for Lucas, Celadon, and Black Diamond, produced by Plaintiffs).

subscription agreements to assess differences amongst the funds and the applicability of the releases amongst the proposed class. *See id.* Having failed to propound any discovery on these funds, other than piggybacking on Plaintiffs' Donald Lucas discovery, Defendants' claim that they would have affirmatively sought additional discovery from the direct investors is far from credible.

Moreover, Black Diamond is substantively analogous to Lucas Ventures, yet Defendants propounded no discovery to Lucas Ventures, and did not ask any questions of Mr. Lucas at his deposition.[11] The notion that there was some significant amount of discovery that Defendants needed for investors in Black Diamond (i.e., BF Last Investments) is beyond spurious, given that they have failed to do so for the two funds they have known were relevant from the start of this action: Lucas Ventures and Celadon. So, again, any relevant information Defendants need (but have failed to identify) could be provided without disturbing the existing schedule.

DATED: June 27, 2018

HAGENS BERMAN SOBOL SHAPIRO LLP

By      */s/ Reed R. Kathrein*
Reed R. Kathrein (139304)
Peter E. Borkon (212596)
Danielle Smith (291237)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman (admitted *Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

---

[11] See ECF No. 217-21 (Donald A. Lucas deposition transcript) at 96:25 (counsel for Theranos, Inc. declining to ask any questions); at 97:10-12 (counsel for Holmes, at the end of the deposition, asking only about a "work product protection notation").

*Counsel for Plaintiffs and Proposed Lead Counsel for the Class*

Paul J. Geller (admitted *Pro Hac Vice*)
Constantine Economides (admitted *Pro Hac Vice*)
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile:  (561) 750-3364
pgeller@rgrdlaw.com
ceconomides@rgrdlaw.com

Dennis J. Herman
ROBBINS GELLER RUDMAN & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 228-4545
Facsimile:  (415) 288-4534
dennish@rgrdlaw.com

Jason A. Forge
Kevin Sciarani
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile:  (619) 231-7423
jforge@rgrdlaw.com
ksciarani@rgrdlaw.com

*Additional Counsel for Plaintiffs*

[PROPOSED] PLS.' REPLY TO DEFS.' RESP. TO PLS.' BRIEF ON TIMELINESS OF RENEWED MOT. FOR CLASS CERTIFICATION
CASE NO. 16-CV-06822
010650-11 1044320 V1

- 5 -